**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** § | CASE NO. 26-32580 |
| § | |
| **MCITBE, LLC,** § | (Main case pending in the United States |
| § | Bankruptcy Court for the Northern |
| Debtor. § | District of Texas, Dallas Division) |
| § | |
| § | CHAPTER 11 |

| | |
|---|---|
| **OSAMA ABDULLATIF and** § | ADVERSARY PROCEEDING |
| **ABDULLATIF & COMPANY, LLC,** § | |
| Plaintiffs, § | NO. _____ |
| § | |
| v. § | (Removed from Cause No. 2013-41273 |
| § | in the 55th Judicial District Court |
| **ALI CHOUDHRI and HOUSTON** § | of Harris County, Texas) |
| **REAL ESTATE PROPERTIES, LLC,** § | |
| Defendants. § | |

## NOTICE OF REMOVAL

Defendants Ali Choudhri and Houston Real Estate Properties, LLC (together, the **"Removing Defendants"**), pursuant to 28 U.S.C. §§ 1334 and 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure, and in accordance with Bankruptcy Local Rules 9027-1, 9027-2, and 9027-3 of the United States Bankruptcy Court for the Southern District of Texas, hereby remove the above-captioned state court action, *Osama Abdullatif, et al. v. Ali Choudhri and Houston Real Estate Properties, LLC*, Cause No. 2013-41273, currently pending in the 55th Judicial District Court of Harris County, Texas (the "State Court Action"), to the United States Bankruptcy Court for the Southern District of Texas, Houston Division, as an adversary proceeding related to *In re MCITBE, LLC*, Case No. 26-32580, pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Bankruptcy Case"). In support, the Removing Defendants respectfully state:

## I. THE STATE COURT ACTION AND THE PARTIES

1. On July 15, 2013, Plaintiffs Osama Abdullatif and Abdullatif & Company, LLC (collectively, "Plaintiffs") commenced the State Court Action by filing their Plaintiffs' Original Petition in the 270th Judicial District Court of Harris County, Texas, Cause No. 2013-41273, the Honorable Dedra Davis then presiding. The State Court Action has been pending since 2013. The case was subsequently transferred to the 55th Judicial District Court of Harris County, Texas, and is pending before the Honorable Latosha L. Payne.

2. In the State Court Action, Plaintiffs allege that Defendant Ali Choudhri recorded an Affidavit as to Lien on Properties Pursuant to Promissory Note (the "Lien Affidavit") asserting a lien against certain real properties, which Plaintiffs contend is fraudulent. Plaintiffs assert claims for a fraudulent lien or claim against real property under Chapter 12 of the Texas Civil Practice and Remedies Code and Chapter 51 of the Texas Government Code, slander of title and to quiet title, and fraud in a real estate transaction, and seek actual, statutory, and exemplary damages, attorneys' fees, and costs.

3. Defendants Ali Choudhri and Houston Real Estate Properties, LLC appeared in the State Court Action and filed their answer on September 16, 2013.

4. Plaintiff Osama Abdullatif is an individual residing in Harris County, Texas, and Plaintiff Abdullatif & Company, LLC is a Texas limited liability company. Plaintiffs appear in the State Court Action through McCathern Houston.

5. Defendant Ali Choudhri is an individual residing in Harris County, Texas. Defendant Houston Real Estate Properties, LLC is a Texas limited liability company.

6. Travis Vargo, in his capacity as a state-court-appointed receiver over the assets of Ali Choudhri (the "Receiver"), has appeared in the State Court Action. The Receiver contends

that MCITBE, LLC, the Debtor in the Bankruptcy Case, is the de facto property of Ali Choudhri.

## II.  THE BANKRUPTCY CASE

7. On June 10, 2026, MCITBE, LLC (the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, commencing Case No. 26-32580, now pending before the Honorable Michelle V. Larson. Under 11 U.S.C. § 301(b), the commencement of the voluntary case constituted an order for relief.

8. Shahnaz Choudhri is the sole member of record of the Debtor. The Receiver contends, and Plaintiff Osama Abdullatif has asserted in other litigation in the state and federal courts of Texas, that the Debtor is the alter ego and de facto property of Ali Choudhri and a vehicle through which he conducts his affairs.

## III.  GROUNDS FOR REMOVAL — "RELATED TO" JURISDICTION

9. Removal is proper under 28 U.S.C. § 1452(a), which permits a party to remove any claim or cause of action in a civil action to the district court for the district where the civil action is pending if that court has jurisdiction under 28 U.S.C. § 1334. The State Court Action is pending in Harris County, Texas, which lies within the Houston Division of the Southern District of Texas.

10. Under 28 U.S.C. § 1334(b), the district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. By 28 U.S.C. § 157(a) and this District's General Order of Reference, all such proceedings are referred to the bankruptcy judges of this District.

11.     A civil proceeding is "related to" a bankruptcy case if its outcome could conceivably have any effect on the estate being administered. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987).

12.     The State Court Action is "related to" the Bankruptcy Case. Both the Receiver and Plaintiff Osama Abdullatif contend that the Debtor is the alter ego and de facto property of Defendant Ali Choudhri. On that contention, the assets and liabilities attributed to Ali Choudhri—including the lien and the underlying obligation asserted in the Lien Affidavit, and any actual, statutory, and exemplary damages, attorneys' fees, and other liabilities adjudicated against Ali Choudhri in the State Court Action—bear directly upon the property, claims, and administration of the Debtor's estate. The outcome of the State Court Action could therefore conceivably affect the assets available to, the claims against, and the distribution to creditors of, the Debtor's estate.

13.     To the extent the Debtor is the alter ego or de facto property of Ali Choudhri, the lien asserted in the Lien Affidavit, and the real property affected by it, constitute property of the Debtor and property of the estate, over which this Court has exclusive jurisdiction under 28 U.S.C. § 1334(e)(1). The determination of the validity, extent, and priority of that lien, and the quieting of title to such property, are matters affecting the estate. Venue of the removed proceeding is proper in this District under 28 U.S.C. § 1452(a) because the State Court Action is pending in this District.

## IV.  CORE / NON-CORE STATEMENT AND CONSENT

14.     As required by Fed. R. Bankr. P. 9027(a)(1), the Removing Defendants state that, upon removal, the claims and causes of action in the State Court Action are non-core proceedings within the meaning of 28 U.S.C. § 157, because the basis for jurisdiction asserted herein is

"related to" jurisdiction under 28 U.S.C. § 1334(b). To the extent the claims involve the determination of the validity, extent, or priority of a lien on, or the quieting of title to, property of the estate, the proceeding may constitute a core proceeding under 28 U.S.C. § 157(b)(2)(A), (K), and (O).

15.     To the extent the Court determines that any claim or cause of action is a core proceeding, and to the extent any claim or cause of action is non-core, the Removing Defendants consent to the entry of final orders and judgment by the bankruptcy court pursuant to 28 U.S.C. § 157(c)(2).

## V.  TIMELINESS

16.     The State Court Action was pending when the Bankruptcy Case was commenced. This Notice of Removal is therefore timely under Fed. R. Bankr. P. 9027(a)(2)(A), as it is filed within ninety (90) days after the order for relief in the Bankruptcy Case, which was entered on June 10, 2026.

## VI.  PROCEDURAL COMPLIANCE

17.     Filing with the bankruptcy clerk. In accordance with Bankruptcy Local Rule 9027-1, this Notice of Removal is filed directly with the Clerk of the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

18.     The state court record; voluminous record and supplementation. The State Court Action has been pending since 2013, and the state court record is voluminous. In accordance with Fed. R. Bankr. P. 9027(a)(1) and Bankruptcy Local Rule 9027-2, and given the volume of the record, the Removing Defendants file herewith as Exhibit A the state court docket sheet in Cause No. 2013-41273, together with copies of the principal pleadings identified in the accompanying index, including the Plaintiffs' Original Petition and its exhibits, the

Defendants' Original Answer, and the Receiver's appearance. Because contemporaneously reproducing the entire multi-year record would be unduly burdensome, the Removing Defendants will promptly supplement the record by filing copies of all remaining process, pleadings, and orders as directed by the Court or as arranged with the Clerk, and request leave to supplement to the extent required. A list of all counsel of record, including addresses, telephone numbers, and the parties represented, is filed herewith as Exhibit B. A copy of the docket and voluntary petition reflecting the pending Bankruptcy Case is filed herewith as Exhibit C.

19.     Notice to the state court and all parties. Promptly after filing this Notice of Removal, and in accordance with Fed. R. Bankr. P. 9027(b) and (c) and Bankruptcy Local Rule 9027-3, the Removing Defendants will (i) file a copy of this Notice of Removal with the Clerk of the 55th Judicial District Court of Harris County, Texas, and (ii) serve a copy of this Notice of Removal upon all parties to the State Court Action, including Plaintiffs and the Receiver. Pursuant to Fed. R. Bankr. P. 9027(c), removal is effected upon the filing of a copy of this Notice with the clerk of the state court, and the parties shall proceed no further in that court unless and until the claim or cause of action is remanded.

20.     Transfer to the home court. The Removing Defendants will promptly move, pursuant to 28 U.S.C. § 1412 and Fed. R. Bankr. P. 7087, to transfer this removed adversary proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, where the Bankruptcy Case is pending, so that it may be heard and administered in connection with the Bankruptcy Case.

## VII.  RESERVATION OF RIGHTS

21.     By removing the State Court Action, the Removing Defendants do not waive, and expressly preserve, all rights, claims, objections, and defenses, including without limitation any defense under Fed. R. Civ. P. 12 (made applicable by Fed. R. Bankr. P. 7012) and any objection to service or to personal jurisdiction. The Removing Defendants do not concede the validity of Plaintiffs' claims, and do not concede that the Debtor is the alter ego or de facto property of Ali Choudhri or that any property of Ali Choudhri is property of the Debtor or its estate; the contentions of Plaintiffs and the Receiver to that effect are recited solely to establish that the outcome of the State Court Action could conceivably affect the estate.

## PRAYER

WHEREFORE, the Removing Defendants give notice that the State Court Action is removed to this Court, and respectfully request that this Court accept removal, proceed with the matter as an adversary proceeding related to the Bankruptcy Case, and grant such other and further relief to which the Removing Defendants may be entitled.

Respectfully submitted,

By:  /s/ Justin Rayome
JUSTIN RAYOME
State Bar No. 24130709
5882 Sugar Hill Dr.
Houston, Texas 77057
Tel: 214.934.9345
justin.rayome.law@gmail.com

**ATTORNEY FOR DEFENDANTS ALI CHOUDHRI AND HOUSTON REAL ESTATE PROPERTIES, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the <u>21st</u> day of <u>June</u>, 2026, a true and correct copy of the foregoing Notice of Removal was served upon the following via the Court's CM/ECF system and/or by electronic mail and certified mail, return receipt requested:

Rodney L. Drinnon (SBN 24047841)
David L. Clark (SBN 24036367)
McCathern Houston
2000 West Loop S., Suite 1850
Houston, Texas 77027
rdrinnon@mccathernlaw.com
dclark@mccathernlaw.com
Counsel for Plaintiffs

Travis B. Vargo (SBN 24047027)
Michael Poynter (SBN 24092991)
Vargo Law Firm
12012 Wickchester, Suite 670
Houston, Texas 77079
tvargo@vargolawfirm.com
mpoynter@vargolawfirm.com
eservice@vargolawfirm.com
Receiver / Counsel for the Receiver

*/s/ Justin Rayome*
Justin Rayome

## INDEX OF DOCUMENTS BEING FILED

The following documents are filed in connection with this Notice of Removal:

**Exhibit A** — The State Court Record, comprising: (1) the state court docket sheet in Cause No. 2013-41273; and (2) copies of the principal pleadings on file, including (a) Plaintiffs' Original Petition and its exhibits, (b) the Defendants' Original Answer, and (c) the Receiver's appearance. Given the volume of the record in this matter, which has been pending since 2013, the Removing Defendants will supplement Exhibit A with copies of all remaining process, pleadings, and orders as directed by the Court or as arranged with the Clerk.

**Exhibit B** — List of All Counsel of Record (names, addresses, telephone numbers, and parties represented).

**Exhibit C** — Docket and voluntary petition in *In re MCITBE, LLC*, Case No. 26-32580 (Bankr. N.D. Tex.).

**Exhibit D** — Adversary Proceeding Cover Sheet (Official Form 1040).

## EXHIBIT B
## LIST OF COUNSEL OF RECORD

Counsel for Plaintiffs Osama Abdullatif and Abdullatif & Company, LLC:

Rodney L. Drinnon (SBN 24047841)
David L. Clark (SBN 24036367)
McCathern Houston
2000 West Loop S., Suite 1850
Houston, Texas 77027
Telephone: (832) 533-8689
Facsimile: (832) 213-4842
Email: rdrinnon@mccathernlaw.com; dclark@mccathernlaw.com

Travis Vargo, Receiver (appearing in the State Court Action):

Travis B. Vargo (SBN 24047027)
Michael Poynter (SBN 24092991)
Vargo Law Firm
12012 Wickchester, Suite 670
Houston, Texas 77079
Telephone: (713) 524-2441
Email: tvargo@vargolawfirm.com; mpoynter@vargolawfirm.com;
eservice@vargolawfirm.com

Counsel for Defendants Ali Choudhri and Houston Real Estate Properties, LLC (Removing Defendants):

Justin Rayome (SBN 24130709)
Attorney at Law
5882 Sugar Hill Dr.
Houston, Texas 77057
Telephone: 214.934.9345
Email: justin.rayome.law@gmail.com