**Exhibit A**



| Quick Search ▾ | Calendar | Atty | Court | Case | Crim Def | Juv Def |
|---|---|---|---|---|---|---|
| Civ / Fam Party | Filings | | | | | |

Tech Help 💻 (../../Common/CustomerService/TechHelp.aspx)

Home (../../Common/Default.aspx)

**User Guide** (../../InstructionalDocs/HCDCWebSite_New%20Features_AttorneyKiosk_Criminal.pdf)

Log Out

**Hello, Rayome, Justin P (justin.rayome.law@gmail.com)**

**Z1A**

**Cause**

201341273

**Region**

Civil/Family ⌄

Search    reset

# Click on a case file for details.

**201341273 - 7 (Case On Appeal - Civil) Court: 055**
**Plaintiff:** ABDULLATIF, OSAMA
**Defendant:** CHOUDHRI, ALI
**Atty:** NA
**Next Set Date:** 7/20/2026 11:00 AM   **Filed:** 7/15/2013
**Docket Type:** Law Day Docket   **TOA:** REAL ESTATE
**Set Reason:** SET BOND (MOTION TO)
**Client(s):**

Summary Info ⌄

Images ⌃

ALL   My Filings   eSubpoena   Vips   eNotices   eIssuance

HearingDocs

| Image# | Filed | HCDCImage | Pages | eHearing | Type |
|---|---|---|---|---|---|
| 127262038 | 06/17/2026 | Second Amended Notice of Oral Hearing 06.22.26 | 3 | | |
| 127109018 | 06/08/2026 | Amended Notice of Oral Hearing | 3 | | |
| 126917542 | 05/28/2026 | Notice of Oral Hearing 06/29/2026 | 3 | | |
| 126880293 | 05/27/2026 | Receiver's Sur-Reply to Response to Emergency Motion for Oral Hearing and Reply to Response to Agreed Motion to Reduce Bond and Release Funds | 5 | | |
| 126880294 | 05/27/2026 | Sub Doc: Exhibit 1 | 13 | | |
| 126896406 | 05/27/2026 | Defendant's Motion to Strike Unauthorized Sur-Reply | 6 | | |
| 126896407 | 05/27/2026 | Sub Doc: Proposed Order Granting Defendant's Motion to Strike Unauthorized Sur-Reply | 2 | | |
| 126765190 | 05/19/2026 | Defendant Ali Choudhri's Reply in Support of Emergency Motion for Oral Hearing and Reply in Support of Opposition to "Agreed" Motion to Reduce Superseadeas Bond and Disburse Registry Funds | 15 | | |
| 126736710 | 05/18/2026 | Response to Emergency Motion for Oral Hearing and Reply to Response to Agreed Motion to Reduce Bond and Release Funds | 8 | | |
| 126736711 | 05/18/2026 | Sub Doc: Exhibit 1 | 20 | | |
| 126736712 | 05/18/2026 | Sub Doc: Exhibit 2 | 10 | | |
| 126720313 | 05/15/2026 | Notice of Appearance of Counsel | 4 | | |
| 126721480 | 05/15/2026 | Defendant Ali Chourdhri's Emergency Motion to Remove Disbursement Motion from Submission and Request for Oral Hearing | 11 | | |
| 126721530 | 05/15/2026 | Proposed Order Granting Defendant's Emergency Motion to Remove From Submission and request for oral hearing | 1 | | |

| | | | |
|---|---|---|---|
| 126722351 | 05/15/2026 | Defendant Ali Choudhri's Verified Opposition to "Agreed" Motion to Reduce Supersedes Bond and Disburse Registry Funds | 140 |
| 126596835 | 05/08/2026 | Notice of Submission 5.18.2026 | 2 |
| 126556550 | 05/07/2026 | Partial release of judgment | 7 |
| 126564586 | 05/07/2026 | Agreed Motion to Reduce Supersedeas Bond and Disburse Registry Funds | 6 |
| *126564588* | *05/07/2026* | *Sub Doc: Exhibit A* | *16* |
| *126564587* | *05/07/2026* | *Sub Doc: Exhibit B* | *16* |
| *126564589* | *05/07/2026* | *Sub Doc: Proposed Agreed Order Reducing Supersedeas Bond and Disbursing Money in the Registry* | *2* |
| 126207926 | 04/17/2026 | Notice of Appearance | 4 |
| *126207927* | *04/17/2026* | *Sub Doc: Exhibit A* | *16* |
| *126207928* | *04/17/2026* | *Sub Doc: Exhibit B* | *16* |
| 116809517 | 10/02/2024 | ORDER SETTING HEARING DENIED | 1 |
| 63601874 | 12/22/2014 | Defendants Trial Exhibit List | 4 |
| 63601872 | 12/22/2014 | Defendants' Pre-Trial Fillings | 4 |
| 63601873 | 12/22/2014 | Defendants' Witness List | 2 |
| 58645337 | 12/09/2013 | FREEfax Cover Sheet | 1 |
| 58659772 | 12/09/2013 | Notice of Hearing | 2 |
| 58659771 | 12/09/2013 | proposed Order | 2 |
| 113616063 | 04/01/2024 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 1 |
| 113462606 | 03/22/2024 | Motion to Withdraw As Attorney For Osama Abdullatif & Company, LLC | 4 |
| *113462607* | *03/22/2024* | *Sub Doc: Proposed Order Granting Motion to Withdraw as Attorneys for Osama Abullatif and Company, LLC* | *1* |
| 113462608 | 03/22/2024 | Notice of Submission | 4 |
| 111795156 | 12/08/2023 | Notice From First Court of Appeals | 2 |
| 111468992 | 11/21/2023 | Supplemental Designation of Material for Inclusion in the Record on Appeal | 7 |

| 109952118 | 08/18/2023 | Deputy reporter statement | 1 |
|---|---|---|---|
| 109675884 | 08/10/2023 | Defendant Ali Choudhri's Reply Brief in Support of his Plea to the Jurisdiction | 7 |
| 109627935 | 08/08/2023 | Judgment Creditors Brief in Opposition to Judgment Debtors Plea to the Jurisdiction | 15 |
| 109529368 | 08/02/2023 | Defendant Ali Choudhris Supplemental Brief to his Plea to the Jurisdiction | 9 |
| 109259015 | 07/19/2023 | Judgment Creditor's Second Amended Notice of Hearing | 4 |
| 109183328 | 07/14/2023 | Defendant Ali Choudhris Plea to the Jurisdiction and Objection to Plaintiffs Motion for Defendant to Show Cause and Motion for Injunctive Relief | 5 |
| *109183329* | *07/14/2023* | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Plea To The Jurisdiction And Objection To Plaintiffs' Motion For Defendant To Show Cause And Motion For Injunctive Relief* | *1* |
| 109183392 | 07/14/2023 | Defendant Ali Choudhris Motion to Quash and for Protective Order | 6 |
| *109183394* | *07/14/2023* | *Sub Doc: Exhibit A* | *4* |
| *109183398* | *07/14/2023* | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion To Quash And For Protective Order* | *1* |
| 109137498 | 07/12/2023 | Return of Service | 9 |
| 109062656 | 07/07/2023 | DEFENDANT ALI CHOUDHRI'S AMENDED NOTICE OF ORAL HEARING | 4 |
| 108888851 | 06/27/2023 | Amended Notice of Hearing | 4 |
| 108713802 | 06/15/2023 | Notice of Hearing | 4 |
| 108372186 | 05/26/2023 | Amended Notice Of Hearing | 4 |
| 108367276 | 05/23/2023 | Return Mail Undeliverable | 2 |
| 108318118 | 05/18/2023 | Return Mail Undeliverable | 2 |
| 108111518 | 05/11/2023 | Notice of Hearing | 4 |
| 108111519 | 05/11/2023 | Notice of Hearing | 4 |

| | | | |
|---|---|---|---|
| 108052584 | 05/09/2023 05/03/2023 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED ORDER SIGNED RECUSING JUDGE | 1 |
| 108036034 | 05/08/2023 | Proposed Order on Recusal | 4 |
| 107951337 | 05/02/2023 | Proposed Order on Show Cause Motions | 8 |
| 107951633 | 05/02/2023 | Defendant Ali Choudhri's Response to Plaintiff's Motion for Defendant To Show Cause and Entry of An Order Enjoining Defendant From Using, Transferring, Conveying or Dissapting Assets to Avoid Satisfaction of the Judgment | 22 |
| 107951635 | 05/02/2023 | Sub Doc: Exhibit 01 | 5 |
| 107951636 | 05/02/2023 | Sub Doc: Exhibit 02 | 15 |
| 107951637 | 05/02/2023 | Sub Doc: Exhibit 03 | 13 |
| 107951638 | 05/02/2023 | Sub Doc: Exhibit 04 | 37 |
| 107951639 | 05/02/2023 | Sub Doc: Exhibit 05 | 10 |
| 107951640 | 05/02/2023 | Sub Doc: Exhibit 06 | 10 |
| 107951641 | 05/02/2023 | Sub Doc: Exhibit 07 | 2 |
| 107951642 | 05/02/2023 | Sub Doc: Exhibit 08 | 2 |
| 107951643 | 05/02/2023 | Sub Doc: Exhibit 09 | 8 |
| 107951644 | 05/02/2023 | Sub Doc: Exhibit 10 | 6 |
| 107951645 | 05/02/2023 | Sub Doc: Exhibit 11 | 3 |
| 107951646 | 05/02/2023 | Sub Doc: Exhibit 12 | 3 |
| 107951647 | 05/02/2023 | Sub Doc: Exhibit 13 | 2 |
| 107951648 | 05/02/2023 | Sub Doc: Exhibit 14 | 8 |
| 107951649 | 05/02/2023 | Sub Doc: Exhibit 15 | 2 |
| 107951634 | 05/02/2023 | Sub Doc: Exhibit A | 11 |
| 107951650 | 05/02/2023 | Sub Doc: Proposed Order Denying Plaintiffs Motion For Defendant To Show Cause And Entry Of An Order Enjoining Defendant From Using, Transferring, Conveying Or Dissipating Assets To Avoid Satisfaction Of The Judgment | 1 |

| | | | |
|---|---|---|---|
| 107952101 | 05/02/2023 | Defendant Ali Choudhri's Response to Plaintiffs' Motion for Defendant to Chow Cause for Failing to Answer Discovery Pursuant to the Court's February 27, 2023 Order | 6 |
| 107952102 | 05/02/2023 | Sub Doc: Proposed Order Denying Plaintiffs' Motion for Defendant to Show Cause for Failing to Answer Discovery Pursuant to the Court's February 27, 2023 Order | 1 |
| 107929971 | 05/01/2023 05/01/2023 | ORD SGN GRNTNG PROTECTION FROM DISCOVERY REQUEST ORDER SIGNED QUASHING SUBPOENA | 1 |
| 107905546 | 04/28/2023 | Defendant Ali Choudhri's Motion for Protective Order | 6 |
| 107905547 | 04/28/2023 | Sub Doc: Exhibit 01 | 15 |
| 107905548 | 04/28/2023 | Sub Doc: Exhibit 02 | 11 |
| 107905549 | 04/28/2023 | Sub Doc: Exhibit 03 | 9 |
| 107905550 | 04/28/2023 | Sub Doc: Exhibit 04 | 3 |
| 107905551 | 04/28/2023 | Sub Doc: Exhibit 05 | 6 |
| 107905552 | 04/28/2023 | Sub Doc: Exhibit 06 | 3 |
| 107905553 | 04/28/2023 | Sub Doc: Exhibit 07 | 2 |
| 107905554 | 04/28/2023 | Sub Doc: Exhibit 08 | 41 |
| 107905556 | 04/28/2023 | Sub Doc: Exhibit 09 | 12 |
| 107905557 | 04/28/2023 | Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion For Protective Order | 1 |
| 107886189 | 04/27/2023 | Defendant's Motion To Compel And Response To Judith Snively's And Michelle Gaines' Objections To Subpoena, Motion To Quash Subpoena And Motion For Protective Order | 7 |
| 107886190 | 04/27/2023 | Sub Doc: Exhibit A | 40 |
| 107886191 | 04/27/2023 | Sub Doc: Exhibit B | 9 |
| 107886192 | 04/27/2023 | Sub Doc: Exhibit C | 9 |
| 107886193 | 04/27/2023 | Sub Doc: Exhibit D | 2 |
| 107886194 | 04/27/2023 | Sub Doc: Exhibit E | 7 |

| | | | |
|---|---|---|---|
| *107886195* | *04/27/2023* | *Sub Doc: Proposed Order Denying Judith Snively's And Michelle Gaines' Objections To Subpoena, Motion To Quash Subpoena And Motion For Protective Order* | *1* |
| 107846547 | 04/26/2023 | Defendant Ali Choudhris Amended Notice of Oral Hearing | 4 |
| 107755098 | 04/21/2023 | Non-Parties Judith Snively and Michelle Gaines' Objections to Subpoena, Motion to Quash Subpoena, and Motion for Protection | 7 |
| *107755097* | *04/21/2023* | *Sub Doc: Notice of Submission* | *4* |
| *107755099* | *04/21/2023* | *Sub Doc: Proposed Order* | *1* |
| 107677535 | 04/18/2023 | The State of Texas Subpoena(Jim Wetwiska) | 3 |
| 107627579 | 04/14/2023 | Amended Notice of Hearing - 05.03.2023 | 4 |
| 107619203 | 04/13/2023 | Amended Notice of Hearing(05.03.23) | 4 |
| 107578075 | 04/12/2023 | Return of Service (Executed) | 4 |
| 107520566 | 04/10/2023 | Judgment Creditors' Supplemental Response In Opposition To Judgment Debtor's Motion For Order To Show Cause | 9 |
| *107520567* | *04/10/2023* | *Sub Doc: Exhibit B* | *12* |
| *107520568* | *04/10/2023* | *Sub Doc: Exhibit C* | *2* |
| 107857577 | 04/10/2023 | Return Mail Undeliverable | 2 |
| 107575840 | 04/06/2023 | Notice From First Court Of Appeals | 2 |
| 107433739 | 04/04/2023 | Return of Service (Executed) | 9 |
| 107453743 | 04/04/2023 | Non-Parties Judith Snively and Michelle Gaines' Objections to Subpoena, Motion to Quash Subpoena, and Motion for Protection | 7 |
| *107453744* | *04/04/2023* | *Sub Doc: Proposed Order* | *1* |
| 107430959 | 04/03/2023 | Hall's Motion to Quash Subpoena | 4 |
| *107430961* | *04/03/2023* | *Sub Doc: Exhibit 1* | *9* |

| | | | |
|---|---|---|---|
| *107430962* | *04/03/2023* | *Sub Doc: Notice for Immediate Consideration on Hall's Motion to Quash Subpoena* | *2* |
| *107430960* | *04/03/2023* | *Sub Doc: Proposed Order Granting Hall's Motion to Quash Subpoena* | *1* |
| 107339318 | 03/29/2023 | Judgment Creditors' Certificate of Written Discovery | 4 |
| 107319799 | 03/28/2023 | Judgment Creditors' Supplement to Motion for Judgment Debtor Ali Choudhri to Show Cause for Failing to Answer Discovery Pursuant to The Court's February 27, 2023 Order | 6 |
| 107312731 | 03/27/2023 03/27/2023 | ORDER SIGNED GRANTING REHEARING ORDER SIGNED SETTING ASIDE ORDER | 1 |
| 107245741 | 03/23/2023 | Judgment Creditors' Response in Opposition to Judgment Debtor Ali Choudhri's Motion to Reconsider and Set Aside the Court's February 27, 2023 Order Compelling Discovery | 11 |
| *107245743* | *03/23/2023* | *Sub Doc: Exhibiit A* | *12* |
| *107245744* | *03/23/2023* | *Sub Doc: Exhibit B* | *11* |
| *107245745* | *03/23/2023* | *Sub Doc: Exhibit C* | *12* |
| *107245746* | *03/23/2023* | *Sub Doc: Exhibit D* | *3* |
| *107245747* | *03/23/2023* | *Sub Doc: Exhibit E* | *18* |
| *107245742* | *03/23/2023* | *Sub Doc: Proposed Order on Judgment Debtor Ali Choudhri's Motion to Reconsider and Set Aside the Court's \*\*\** | *2* |
| 107254650 | 03/22/2023 | Notice from First Court of Appeals | 2 |
| 107116472 | 03/16/2023 | Judgment Creditors' Motion For Judgment Debtor Ali Choudhri To Show Cause For Failing To Answer Discovery Pursuant To The Court's February 27, 2023 Order | 17 |
| *107116474* | *03/16/2023* | *Sub Doc: Exhibit A* | *11* |
| *107116475* | *03/16/2023* | *Sub Doc: Exhibit B* | *12* |
| *107116476* | *03/16/2023* | *Sub Doc: Exhibit C* | *8* |
| *107116477* | *03/16/2023* | *Sub Doc: Exhibit D* | *3* |

| | | | |
|---|---|---|---|
| *107116478* | *03/16/2023* | *Sub Doc: Exhibit E* | *2* |
| *107116479* | *03/16/2023* | *Sub Doc: Exhibit F* | *6* |
| *107116480* | *03/16/2023* | *Sub Doc: Exhibit G* | *5* |
| *107116481* | *03/16/2023* | *Sub Doc: Exhibit H* | *11* |
| *107116482* | *03/16/2023* | *Sub Doc: Exhibit I* | *12* |
| *107116483* | *03/16/2023* | *Sub Doc: Exhibit J* | *8* |
| *107116484* | *03/16/2023* | *Sub Doc: Exhibit K* | *3* |
| *107116485* | *03/16/2023* | *Sub Doc: Exhibit L* | *2* |
| *107116486* | *03/16/2023* | *Sub Doc: Exhibit M* | *11* |
| *107116487* | *03/16/2023* | *Sub Doc: Exhibit N* | *1* |
| *107116488* | *03/16/2023* | *Sub Doc: Exhibit O* | *15* |
| *107116489* | *03/16/2023* | *Sub Doc: Exhibit P* | *1* |
| *107116490* | *03/16/2023* | *Sub Doc: Exhibit Q* | *16* |
| *107116491* | *03/16/2023* | *Sub Doc: Exhibit R* | *1* |
| *107116473* | *03/16/2023* | *Sub Doc: Proposed Order For Ali Choudhri To Show Cause* | *6* |
| 107117365 | 03/16/2023 | Notice of Hearing (04.12.2023) | 4 |
| 107352498 | 03/15/2023 | Return Mail Undeliverable | 2 |
| 107064522 | 03/13/2023 | Defendant Ali Choudhri's Motion To Reconsider And Set Aside The Court's February 27, 2023 Order On Judgment Creditors' Second Emergency Motion To Compel Discovery | 6 |
| *107064526* | *03/13/2023* | *Sub Doc: Defendant Ali Choudhri's Submission Notice* | *2* |
| *107064523* | *03/13/2023* | *Sub Doc: Exhibit 01* | *3* |
| *107064524* | *03/13/2023* | *Sub Doc: Exhibit 02* | *13* |
| *107064525* | *03/13/2023* | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion To Reconsider And Set Aside The Court's February 27, 2023 Order On Judgment Creditors' Second Emergency Motion To Compel Discovery* | *1* |
| 107032056 | 03/10/2023 | Judgment Creditors' Reply In Support Of Their Motion For Injunctive Relief And To Conduct Discovery | 13 |

| | | | |
|---|---|---|---|
| 106997746 | 03/09/2023 | Defendant Ali Choudhri's Objections And Response To Plaintiffs' Motion For Injunctive Relief And To Conduct Discovery | 21 |
| 106997747 | 03/09/2023 | *Sub Doc: Exhibit 01* | 4 |
| 106997749 | 03/09/2023 | *Sub Doc: Exhibit 02* | 8 |
| 106997750 | 03/09/2023 | *Sub Doc: Exhibit 03* | 8 |
| 106997751 | 03/09/2023 | *Sub Doc: Exhibit 04* | 6 |
| 106997752 | 03/09/2023 | *Sub Doc: Exhibit 05* | 3 |
| 106997754 | 03/09/2023 | *Sub Doc: Exhibit 06* | 4 |
| 106997756 | 03/09/2023 | *Sub Doc: Exhibit 07* | 2 |
| 106997757 | 03/09/2023 | *Sub Doc: Exhibit A* | 12 |
| 106997758 | 03/09/2023 | *Sub Doc: Proposed Order Denying Plaintiffs' Motion for Injunctive Relief and to Conduct Discovery* | 1 |
| 106937349 | 03/07/2023 | Proposed Order On Judgment Creditors' Emergency Motion To Dissolve Temporary Restraining Order Pursuant To Tex. R. Civ. P. 680 | 2 |
| 106937350 | 03/07/2023 | *Sub Doc: Exhibit A* | 3 |
| 106937351 | 03/07/2023 | *Sub Doc: Exhibit B* | 3 |
| 106937352 | 03/07/2023 | *Sub Doc: Exhibit C* | 6 |
| 106937353 | 03/07/2023 | *Sub Doc: Exhibit D* | 11 |
| 106937354 | 03/07/2023 | *Sub Doc: Exhibit E* | 12 |
| 106937355 | 03/07/2023 | *Sub Doc: Exhibit F* | 16 |
| 106937348 | 03/07/2023 | Judgment Creditors' Emergency Motion To Dissolve Temporary Restraining Order Pursuant To Tex. R. Civ. P. 680 | 11 |
| 106952600 | 03/07/2023 | Filing letter | 3 |
| 106954885 | 03/07/2023 | Notice of Hearing (Ancillary Judge) | 4 |
| 106955757 | 03/07/2023 | Letter | 4 |
| 107128656 | 03/07/2023 | Amended Notice of Appeal (First Court of Appeals) | 4 |
| 107128657 | 03/07/2023 | *Sub Doc: Exhibit A* | 3 |
| 107128658 | 03/07/2023 | *Sub Doc: Exhibit B* | 8 |
| 107128659 | 03/07/2023 | *Sub Doc: Exhibit C* | 3 |

| | | | |
|---|---|---|---|
| 106942717 | 03/06/2023 | Defendant Ali Choudhris Notice of Oral Hearing | 4 |
| 106946513 | 03/06/2023 | Defendant Ali Choudhris Notice of Oral Hearing | 4 |
| 106918539 | 03/03/2023 | Judgment Creditors Motion for Injunctive Relief Pursuant to Tex. R. App. P. 24.2(d) and to Conduct Discovery Pursuant to Tex. R. Civ. P. 621a and Tex. R. App. P. 24.1(e) | 18 |
| *106918540* | *03/03/2023* | *Sub Doc: Exhibit A* | *3* |
| *106918541* | *03/03/2023* | *Sub Doc: Exhibit B* | *38* |
| *106918542* | *03/03/2023* | *Sub Doc: Exhibit C* | *11* |
| *106918543* | *03/03/2023* | *Sub Doc: Exhibit D* | *11* |
| *106918544* | *03/03/2023* | *Sub Doc: Exhibit E* | *20* |
| *106918545* | *03/03/2023* | *Sub Doc: Exhibit F* | *12* |
| *106918546* | *03/03/2023* | *Sub Doc: Exhibit G* | *8* |
| *106918547* | *03/03/2023* | *Sub Doc: Exhibit H* | *1* |
| *106918548* | *03/03/2023* | *Sub Doc: Exhibit I* | *2* |
| *106918549* | *03/03/2023* | *Sub Doc: Exhibit J* | *32* |
| *106918550* | *03/03/2023* | *Sub Doc: Exhibit K* | *31* |
| *106918551* | *03/03/2023* | *Sub Doc: Exhibit L* | *8* |
| *106918552* | *03/03/2023* | *Sub Doc: Exhibit M* | *1* |
| *106918553* | *03/03/2023* | *Sub Doc: Exhibit N* | *3* |
| *106918554* | *03/03/2023* | *Sub Doc: Exhibit O* | *21* |
| 106918555 | 03/03/2023 | Proposed Order on Judgment Creditors' Motion for Injunctive Relief Pursuant to Tex. R. App. P.24.2(d) and to Conduct Discovery Pursuant to Tex. R. Civ. P.621a and Tex. R. App. P.24.1(e) | 4 |
| 106927891 | 03/03/2023 | Notice of Submission | 4 |
| 106841408 | 03/01/2023 | ORDER GRANTING ENTRY OF NUNC PRO TUNC SIGNED | 7 |
| 106808072 | 02/28/2023 | ORDER SIGNED SETTING ASIDE ORDER | 2 |

| | | | |
|---|---|---|---|
| 106812847 | 02/28/2023 02/28/2023 02/28/2023 | ORDER SIGNED SETTING HEARING ORDER SETTING BOND SIGNED ORDER SIGNED GRANTING TEMPORARY RESTRAINING ORDER | 3 |
| 106830206 | 02/28/2023 | Notice of Hearing | 5 |
| 106876740 | 02/28/2023 | Defendant's Emergency Motion for Temporary Restraining Order and Injunction | 13 |
| 106876742 | 02/28/2023 | Sub Doc: Exhibit 01 | 5 |
| 106876749 | 02/28/2023 | Sub Doc: Exhibit 02 | 11 |
| 106876743 | 02/28/2023 | Sub Doc: Exhibit 03 | 14 |
| 106876744 | 02/28/2023 | Sub Doc: Exhibit 04 | 3 |
| 106876745 | 02/28/2023 | Sub Doc: Exhibit 05 | 6 |
| 106876746 | 02/28/2023 | Sub Doc: Exhibit 06 | 4 |
| 106876747 | 02/28/2023 | Sub Doc: Exhibit 07 | 2 |
| 106876748 | 02/28/2023 | Sub Doc: Exhibit 08 | 2 |
| 106876741 | 02/28/2023 | Sub Doc: Proposed Temporary Restraining Order Against Osama Abdullatif And Abdullatif & Company, LLC | 3 |
| 106914235 | 02/28/2023 | Clerks Certificate Of Cash Deposit In Lieu Of Injunction Bond Per Order Of The Court | 1 |
| 106768187 | 02/27/2023 | Defendant Ali Choudhri's Reply In Support Of The Motion To Quash And For Protective Order In Response To Cypress Bridgeco, Llc Subpoena | 6 |
| 106768189 | 02/27/2023 | Sub Doc: Exhibit A | 5 |
| 106768190 | 02/27/2023 | Sub Doc: Exhibit B | 14 |
| 106768191 | 02/27/2023 | Sub Doc: Exhibit C | 3 |
| 106768192 | 02/27/2023 | Sub Doc: Exhibit D | 6 |
| 106768193 | 02/27/2023 | Sub Doc: Exhibit E | 4 |
| 106768314 | 02/27/2023 | Defendant Ali Choudhri's Reply In Support Of The Motion To Quash And For Protective Order In Response To George M. Lee Subpoena | 6 |
| 106768315 | 02/27/2023 | Sub Doc: Exhibit A | 5 |
| 106768316 | 02/27/2023 | Sub Doc: Exhibit B | 14 |

| | | | |
|---|---|---|---|
| *106768317* | *02/27/2023* | *Sub Doc: Exhibit C* | *3* |
| *106768318* | *02/27/2023* | *Sub Doc: Exhibit D* | *6* |
| *106768319* | *02/27/2023* | *Sub Doc: Exhibit E* | *4* |
| 106768360 | 02/27/2023 | Defendant Ali Choudhri's Reply In Support Of The Motion To Quash And For Protective Order In Response To Anosh Ahmed, M.D. Subpoena | 6 |
| *106768364* | *02/27/2023* | *Sub Doc: Exhibit A* | *5* |
| *106768365* | *02/27/2023* | *Sub Doc: Exhibit B* | *14* |
| *106768367* | *02/27/2023* | *Sub Doc: Exhibit C* | *3* |
| *106768368* | *02/27/2023* | *Sub Doc: Exhibit D* | *6* |
| *106768369* | *02/27/2023* | *Sub Doc: Exhibit E* | *4* |
| 106783335 | 02/27/2023 | Letter Requesting the Court to Enter Proposed Order | 4 |
| *106805898* | *02/27/2023* | *Sub Doc: Exhibit 01 Cover Sheet* | *1* |
| *106783337* | *02/27/2023* | *Sub Doc: Exhibit 02* | *3* |
| *106783338* | *02/27/2023* | *Sub Doc: Exhibit 03* | *6* |
| *106805900* | *02/27/2023* | *Sub Doc: Proposed Order on Superseded Judgment* | *2* |
| 106807922 | 02/27/2023 02/27/2023 | ORDER DEPOSITING FUNDS INTO REGISTRY SIGNED ORDER SIGNED STAYING PROCEEDINGS | 3 |
| 106769670 | 02/24/2023 | Affidavit of Service | 3 |
| 106722491 | 02/23/2023 | Letter in Regards to Proposed Order Memorializing Court's Ruling | 3 |
| 106722492 | 02/23/2023 | Proposed Order Requiring Additional Cash Deposit in Lieu of Bond to Supersede the Court's Final Judgment | 2 |
| 106723819 | 02/23/2023 | ORDER SETTING BOND SIGNED | 2 |
| 106724533 | 02/23/2023 | SUPERSEDEAS BOND FILED | 3 |
| 106774550 | 02/23/2023 | Letter in Regards to Withdrawal | 3 |
| 106775286 | 02/23/2023 | Notice of Additional Deposit in Lieu of Supersedeas Bond and Suspension of Final Judgment Pending Appeal | 5 |
| *106775287* | *02/23/2023* | *Sub Doc: Exhibit A* | *2* |

| | | | |
|---|---|---|---|
| 106976737 | 02/23/2023 | Notice of Hearing | 4 |
| 106698764 | 02/22/2023 | Defendant Ali Choudhri's Reply In Support Of Motion For Protective Order And Defendant's Notice Of Discovery Stay | 10 |
| 106698768 | 02/22/2023 | Sub Doc: Exhibit 01 | 11 |
| 106698769 | 02/22/2023 | Sub Doc: Exhibit 02 | 7 |
| 106698770 | 02/22/2023 | Sub Doc: Exhibit 03 - Redacted | 15 |
| 106698771 | 02/22/2023 | Sub Doc: Exhibit 04 | 13 |
| 106698772 | 02/22/2023 | Sub Doc: Exhibit 05 - Redacted | 37 |
| 106698773 | 02/22/2023 | Sub Doc: Exhibit 06 | 10 |
| 106698774 | 02/22/2023 | Sub Doc: Exhibit 07 | 188 |
| 106698775 | 02/22/2023 | Sub Doc: Exhibit 08 | 2 |
| 106698776 | 02/22/2023 | Sub Doc: Exhibit 09 | 14 |
| 106698777 | 02/22/2023 | Sub Doc: Exhibit 10 | 5 |
| 106698778 | 02/22/2023 | Sub Doc: Exhibit 11 | 54 |
| 106698779 | 02/22/2023 | Sub Doc: Exhibit 12 | 3 |
| 106691017 | 02/21/2023 | Judgment Creditors' Initial Response In Opposition To Ali Choudhri's Emergency Motion For Order To Show Cause | 13 |
| 106691018 | 02/21/2023 | Sub Doc: Exhibit A | 2 |
| 106650334 | 02/20/2023 | Defendant Ali Choudhri's Emergency Motion For Order To Show Cause | 14 |
| 106650335 | 02/20/2023 | Sub Doc: Exhibit A | 11 |
| 106650336 | 02/20/2023 | Sub Doc: Exhibit B | 2 |
| 106650337 | 02/20/2023 | Sub Doc: Exhibit C | 2 |
| 106650338 | 02/20/2023 | Sub Doc: Exhibit D | 4 |
| 106650340 | 02/20/2023 | Sub Doc: Exhibit E | 5 |
| 106650341 | 02/20/2023 | Sub Doc: Exhibit F | 14 |
| 106650342 | 02/20/2023 | Sub Doc: Proposed Order Granting Defendant's Emergency Motion For Order To Show Cause | 1 |
| 106650426 | 02/20/2023 | Defendant Ali Choudhri's Motion To Strike Plaintiffs' Response To The Motion To Quash And For Protective Order Against Femrite Group Subpoena | 6 |

| | | | |
|---|---|---|---|
| *106650428* | *02/20/2023* | *Sub Doc: Exhibit A* | *14* |
| *106650429* | *02/20/2023* | *Sub Doc: Exhibit B* | *3* |
| 106665775 | 02/20/2023 | Judgment Creditors' Response In Opposition To Ali Choudhri's Motion For Protective Order | 6 |
| 106665781 | 02/20/2023 | Defendant Ali Choudhris Initial Response To Plaintiffs Second Emergency Motion To Compel | 6 |
| *106665783* | *02/20/2023* | *Sub Doc: Exhibit A* | *5* |
| *106665784* | *02/20/2023* | *Sub Doc: Exhibit B* | *5* |
| *106665785* | *02/20/2023* | *Sub Doc: Exhibit C* | *5* |
| *106665786* | *02/20/2023* | *Sub Doc: Exhibit D* | *5* |
| *106665787* | *02/20/2023* | *Sub Doc: Exhibit E* | *14* |
| *106665788* | *02/20/2023* | *Sub Doc: Proposed Order Denying Plaintiffs' Second Emergency Motion To Compel* | *1* |
| 106667819 | 02/20/2023 | Judgment Creditors' Motion For Ali Choudhri To Show Cause For Filing A Fraudulent Affidavit Pursuant To Tex. R. App. P. 24.2(C)(1) And Entry Of An Order Pursuant To Tex. R. App. P. 24.2(D)(1) Enjoining Choudhri From Using, Transferring, Conveying Or Dissi | 16 |
| *106667820* | *02/20/2023* | *Sub Doc: Exhibit A* | *3* |
| *106667821* | *02/20/2023* | *Sub Doc: Exhibit B* | *38* |
| *106667823* | *02/20/2023* | *Sub Doc: Exhibit C* | *11* |
| *106667824* | *02/20/2023* | *Sub Doc: Exhibit D* | *11* |
| *106667825* | *02/20/2023* | *Sub Doc: Exhibit E* | *20* |
| *106667826* | *02/20/2023* | *Sub Doc: Exhibit F* | *12* |
| *106667827* | *02/20/2023* | *Sub Doc: Exhibit G* | *8* |
| *106667829* | *02/20/2023* | *Sub Doc: Exhibit H* | *1* |
| *106667831* | *02/20/2023* | *Sub Doc: Exhibit I* | *1* |
| *106667832* | *02/20/2023* | *Sub Doc: Exhibit J* | *32* |
| *106667833* | *02/20/2023* | *Sub Doc: Exhibit K* | *31* |
| *106667834* | *02/20/2023* | *Sub Doc: Exhibit L* | *1* |
| *106667836* | *02/20/2023* | *Sub Doc: Exhibit M* | *1* |
| *106667837* | *02/20/2023* | *Sub Doc: Exhibit N* | *5* |
| *106667838* | *02/20/2023* | *Sub Doc: Exhibit O* | *1* |

| | | | |
|---|---|---|---|
| *106667839* | *02/20/2023* | *Sub Doc: Exhibit O* | *3* |
| 106689039 | 02/20/2023 | Letter Dated February 20, 2023 Requesting a Hearing | 4 |
| 106689416 | 02/20/2023 | Letter to Judge Rogers Requesting an Oral Hearing | 3 |
| 106613575 | 02/17/2023 | Affidavit | 1 |
| 106625404 | 02/17/2023 | SUPERSEDEAS BOND FILED | 8 |
| 106658049 | 02/17/2023 | Notice Of Deposit In Lieu Of Supersedeas Bond And Suspension Of Final Judgment Pending Appeal | 5 |
| *106658050* | *02/17/2023* | *Sub Doc: Exhibit A* | *2* |
| 106665630 | 02/17/2023 | Judgment Creditors' Response In Opposition To Ali Choudhri's Motion To Quash Femrite Group Subpoena | 10 |
| *106665631* | *02/17/2023* | *Sub Doc: Proposed Order Denying Ali Choudhri's Motion To Quash Femrite Group Subpoena* | *1* |
| 106665716 | 02/17/2023 | Judgment Creditors' Response To Ali Choudhri's Motion To Set Aside Court's February 13, 2023 Order | 19 |
| *106665719* | *02/17/2023* | *Sub Doc: Exhibit 1-A* | *3* |
| *106665717* | *02/17/2023* | *Sub Doc: Exhibit A* | *1* |
| *106665720* | *02/17/2023* | *Sub Doc: Exhibit B* | *6* |
| *106665721* | *02/17/2023* | *Sub Doc: Exhibit C* | *3* |
| *106665722* | *02/17/2023* | *Sub Doc: Exhibit D* | *1* |
| *106665723* | *02/17/2023* | *Sub Doc: Exhibit E* | *2* |
| *106665724* | *02/17/2023* | *Sub Doc: Exhibit F* | *14* |
| *106665725* | *02/17/2023* | *Sub Doc: Exhibit G* | *38* |
| 106593068 | 02/16/2023 | Affidavit | 1 |
| 106576091 | 02/15/2023 | Defendant Ali Choudhris Submission Notice | 4 |
| 106578697 | 02/15/2023 | Letter | 4 |
| 106578716 | 02/15/2023 | Defendant Ali Choudhri's Motion To Set Aside Court's February 13, 2023 Order | 11 |
| *106578717* | *02/15/2023* | *Sub Doc: Exhibit A* | *15* |
| *106578718* | *02/15/2023* | *Sub Doc: Exhibit B* | *13* |
| *106578719* | *02/15/2023* | *Sub Doc: Exhibit C* | *37* |

| 106578720 | 02/15/2023 | *Sub Doc: Exhibit D* | 10 |
|---|---|---|---|
| 106578721 | 02/15/2023 | *Sub Doc: Exhibit E* | 69 |
| 106578722 | 02/15/2023 | *Sub Doc: Exhibit F* | 3 |
| 106578723 | 02/15/2023 | *Sub Doc: Exhibit G* | 5 |
| 106578724 | 02/15/2023 | *Sub Doc: Exhibit H* | 3 |
| 106578725 | 02/15/2023 | *Sub Doc: Exhibit I* | 5 |
| 106578726 | 02/15/2023 | *Sub Doc: Exhibit J* | 5 |
| 106578727 | 02/15/2023 | *Sub Doc: Exhibit K* | 9 |
| 106578728 | 02/15/2023 | *Sub Doc: Proposed Order Granting Defendant Ali Choudhris Motion To Set Aside Courts February 13, 2023* | 2 |
| 106578797 | 02/15/2023 | Defendant Ali Choudhri's Motion To Quash And For Protective Order In Response To Plaintiffs' Notice Of Intent To Subpoena George M. Lee To Produce Documents | 13 |
| 106578798 | 02/15/2023 | *Sub Doc: Exhibit 01* | 15 |
| 106578799 | 02/15/2023 | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion To Quash And For Protective Order In Response To Plaintiffs' Notice Of Intent To Subpoena George M. Lee To Produce Documents* | 1 |
| 106578871 | 02/15/2023 | Defendant Ali Choudhri's Motion To Quash And For Protective Order In Response To Plaintiffs' Notice Of Intent To Subpoena Cypress Bridgeco, Llc To Produce Documents | 14 |
| 106578872 | 02/15/2023 | *Sub Doc: Exhibit 01* | 16 |
| 106578873 | 02/15/2023 | *Sub Doc: Proposed Order Granting Ali Choudhris Motion to Quash and For Protective Order in Response to Plaintiffs Notice of Intent to Subpoena Cypress Bridgeco, LLC To Produce Documents* | 1 |
| 106588008 | 02/15/2023 | Defendant Ali Choudhri's Motion To Quash And For Protective Order In Response To Plaintiffs' Notice Of Intent To Subpoena Anosh Ahmed, M.D. To Produce Documents | 14 |
| 106588009 | 02/15/2023 | *Sub Doc: Exhibit 01* | 17 |

| | | | |
|---|---|---|---|
| *106588010* | *02/15/2023* | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion To Quash And For Protective Order In Response To Plaintiffs' Notice Of Intent To Subpoena Anosh Ahmed, M.D. To Produce Documents* | *1* |
| 106590526 | 02/15/2023 | Letter | 4 |
| 106590527 | 02/15/2023 | Notice of Submission | 4 |
| 106590528 | 02/15/2023 | Notice of Submission(02.20.23)not properly noticed | 4 |
| 106612786 | 02/15/2023 | General Information (First Court of Appeals) | 5 |
| 106561843 | 02/14/2023 | Defendants Ali Choudris and Houston Real Estate Properties, LLCs Notice of Appeal | 5 |
| *106561844* | *02/14/2023* | *Sub Doc: Exhibit A* | *2* |
| 106535031 | 02/13/2023 02/13/2023 | ORDER SIGNED COMPELLING DISCOVERY ORDER SIGNED GRANTING COMPLIANCE | 8 |
| 106512919 | 02/10/2023 | Defendant Ali Choudhris Submission Notice | 4 |
| 106497482 | 02/09/2023 | Defendant Ali Choudhri's Motion To Quash And For Protective Order | 12 |
| *106497483* | *02/09/2023* | *Sub Doc: Exhibit 01* | *17* |
| *106497484* | *02/09/2023* | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion To Quash And For Protective Order* | *1* |
| 106459983 | 02/08/2023 | Notice of Intent to Subpoena Anosh Ahmed, M.D. to Produce Documents | 5 |
| *106459984* | *02/08/2023* | *Sub Doc: Exhibit A* | *11* |
| *106459985* | *02/08/2023* | *Sub Doc: Exhibit B* | *1* |
| *106459986* | *02/08/2023* | *Sub Doc: Exhibit C* | *3* |
| 106460112 | 02/08/2023 | Defendant Ali Choudhris Notice of Oral Hearing | 4 |
| 106461182 | 02/08/2023 | Notice of Hearing(02.22.23) not set with court | 4 |

| 106462513 | 02/08/2023 | Notice of Intent to Subpoena Cypress Bridgeco, LLC to Produce Documents | 5 |
|---|---|---|---|
| *106462514* | *02/08/2023* | *Sub Doc: Exhibit A* | *10* |
| *106462515* | *02/08/2023* | *Sub Doc: Exhibit B* | *1* |
| *106462516* | *02/08/2023* | *Sub Doc: Exhibit C* | *3* |
| 106441607 | 02/07/2023 | Amended Notice of Submission | 4 |
| 106404588 | 02/06/2023 | Judgment Creditors' Second Emergency Motion To Compel Discovery | 12 |
| *106404591* | *02/06/2023* | *Sub Doc: Exhibit A* | *14* |
| *106404592* | *02/06/2023* | *Sub Doc: Exhibit B* | *12* |
| *106404594* | *02/06/2023* | *Sub Doc: Exhibit C* | *11* |
| *106404595* | *02/06/2023* | *Sub Doc: Exhibit D* | *18* |
| *106404599* | *02/06/2023* | *Sub Doc: Exhibit E* | *5* |
| *106404596* | *02/06/2023* | *Sub Doc: Exhibit F* | *15* |
| *106404597* | *02/06/2023* | *Sub Doc: Exhibit G* | *5* |
| *106404598* | *02/06/2023* | *Sub Doc: Exhibit H* | *8* |
| *106404590* | *02/06/2023* | *Sub Doc: Proposed Order On Judgment Creditors' Second Emergency Motion To Compel Discovery* | *8* |
| 106418052 | 02/06/2023 | Notice of Submission(02.13.23) not properly notice | 4 |
| 106441445 | 02/06/2023 | Notice Of Intent To Subpoena George M. Lee To Produce Documents | 5 |
| *106441446* | *02/06/2023* | *Sub Doc: Exhibit A* | *9* |
| *106441447* | *02/06/2023* | *Sub Doc: Exhibit B* | *1* |
| *106441448* | *02/06/2023* | *Sub Doc: Exhibit C* | *3* |
| 106373991 | 02/03/2023 | Notice of Submission | 4 |
| 106310176 | 01/31/2023 | Notice of Hearing | 4 |
| 106290196 | 01/30/2023 | Notice of Intent to Subpoena Femrite Group, Inc. to Produce Documents | 5 |
| *106290197* | *01/30/2023* | *Sub Doc: Exhibit A* | *9* |
| *106290198* | *01/30/2023* | *Sub Doc: Exhibit B* | *1* |
| *106290199* | *01/30/2023* | *Sub Doc: Exhibit C* | *3* |

| | | | |
|---|---|---|---|
| 106236084 | 01/26/2023 | Judgment Creditors' Emergency Motion to Compel Discovery | 11 |
| *106236085* | *01/26/2023* | *Sub Doc: EXHIBIT A* | *14* |
| *106236086* | *01/26/2023* | *Sub Doc: EXHIBIT B* | *12* |
| *106236087* | *01/26/2023* | *Sub Doc: EXHIBIT C* | *38* |
| *106236088* | *01/26/2023* | *Sub Doc: EXHIBIT D* | *77* |
| *106236089* | *01/26/2023* | *Sub Doc: EXHIBIT E* | *1* |
| *106236090* | *01/26/2023* | *Sub Doc: EXHIBIT F* | *5* |
| *106236091* | *01/26/2023* | *Sub Doc: EXHIBIT G* | *15* |
| *106236092* | *01/26/2023* | *Sub Doc: EXHIBIT H* | *5* |
| *106236093* | *01/26/2023* | *Sub Doc: EXHIBIT I* | *8* |
| *106236094* | *01/26/2023* | *Sub Doc: Proposed Order On Judgment Creditors' Emergency Motion To Compel Net Worth Discovery* | *8* |
| 106171456 | 01/23/2023 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 1 |
| 106037030 | 01/17/2023 | Letter to Judge | 5 |
| *106037031* | *01/17/2023* | *Sub Doc: Exhibit A* | *7* |
| 106052121 | 01/17/2023 | Defendant Ali Choudhri's Motion For Protective Order | 9 |
| *106052130* | *01/17/2023* | *Sub Doc: Defendant Ali Choudhri's Notice Of Oral Hearing* | *2* |
| *106052124* | *01/17/2023* | *Sub Doc: Exhibit A* | *6* |
| *106052126* | *01/17/2023* | *Sub Doc: Exhibit B* | *15* |
| *106052127* | *01/17/2023* | *Sub Doc: Exhibit C* | *37* |
| *106052128* | *01/17/2023* | *Sub Doc: Proposed Order Granting Defendant Ali Choudhri's Motion For Protective Order* | *1* |
| 105989934 | 01/13/2023 | Letter | 4 |
| *105989937* | *01/13/2023* | *Sub Doc: Exhibit A* | *8* |
| 106029856 | 01/13/2023 | Letter to Judge Rogers | 6 |
| 105969718 | 01/12/2023 | Notice of Hearing | 4 |
| 105973040 | 01/12/2023 | Motion to Withdraw as Counsel for Defendants | 4 |

| 105973041 | 01/12/2023 | *Sub Doc: Proposed Order on Motion to Withdraw as Counsel for Defendants* | *1* |
|---|---|---|---|
| 105976316 | 01/12/2023 | Notice of Submission of Motion to Withdraw as Counsel for Defendants | 4 |
| 105984279 | 01/12/2023 | Filing Letter | 3 |
| 105984280 | 01/12/2023 | Proposed Final Judgment Modified Nunc Pro Tunc | 9 |
| 105935421 | 12/30/2022 | MODIFICATION OF FINAL JUDGMENT/ORDER GRANTED | 6 |
| 105678997 | 12/21/2022 | Notice Of Appearance | 4 |
| 105629441 | 12/19/2022 | Defendant Ali Choudhri's Sur-Reply in Further Response to Plaintiffs' Motion for Expedited Discovery | 5 |
| 105643309 | 12/19/2022 | Plaintiffs' Response in Opposition to Defendants' Motion for New Trial | 18 |
| 105643310 | 12/19/2022 | *Sub Doc: Proposed Order Denying Motion for New Trial* | *1* |
| 105604912 | 12/16/2022 | Judgment Creditors' Reply in Support of Motion for Expedited Discovery | 8 |
| 105604913 | 12/16/2022 | *Sub Doc: Exhibit A* | *5* |
| 105609712 | 12/16/2022 | Judgment Creditors' Certificate of Written Discovery | 4 |
| 105613738 | 12/16/2022 | Letter requesting hearing | 3 |
| 105613894 | 12/16/2022 | Notice of Hearing | 4 |
| 105601827 | 12/15/2022 | Defendant Ali Choudhris Response And Objections To Plaintiffs Motion For Expedited Discovery | 6 |
| 105601828 | 12/15/2022 | *Sub Doc: Exhibit A* | *145* |
| 105601829 | 12/15/2022 | *Sub Doc: Proposed Order Denying Judgment Creditors' Motion For Expedited Discovery* | *1* |
| 105610038 | 12/15/2022 | Defendants' Amended Motion For New Trial Due To Charge Error And Insufficient Evidence | 12 |
| 105610043 | 12/15/2022 | *Sub Doc: Exhibit A* | *26* |
| 105610039 | 12/15/2022 | *Sub Doc: Exhibit B* | *2* |

| | | | |
|---|---|---|---|
| *105610042* | *12/15/2022* | *Sub Doc: Exhibit C* | *133* |
| *105610040* | *12/15/2022* | *Sub Doc: Exhibit F* | *154* |
| *105610044* | *12/15/2022* | *Sub Doc: Exhibit H* | *301* |
| *105610041* | *12/15/2022* | *Sub Doc: Exhibit J* | *116* |
| *105610045* | *12/15/2022* | *Sub Doc: Exhibit K* | *25* |
| 105511124 | 12/09/2022 | Notice of Submission | 4 |
| 105515503 | 12/09/2022 | Judgment Creditors' Motion for Expedited Discovery | 7 |
| *105515506* | *12/09/2022* | *Sub Doc: Exhibit A* | *15* |
| *105515507* | *12/09/2022* | *Sub Doc: Exhibit B* | *5* |
| *105515508* | *12/09/2022* | *Sub Doc: Exhibit C* | *5* |
| *105515509* | *12/09/2022* | *Sub Doc: Exhibit D* | *8* |
| *105515504* | *12/09/2022* | *Sub Doc: Proposed Order Granting Expedited Discovery* | *2* |
| 105455087 | 12/07/2022 | Affidavit of Ali Choudhri | 5 |
| 105459830 | 12/07/2022 | Proposed Judgment Creditors' Contest of Ali Choudhri's Net Worth Affidavit | 6 |
| 105493022 | 12/07/2022 | SUPERSEDEAS BOND FILED | 10 |
| 105313555 | 11/21/2022 | ORDER SIGNED DENYING ENTRY OF TEMPORARY ORDERS | 1 |
| 105417340 | 11/21/2022 | ORDER SIGNED DENYING ENTRY OF TEMPORARY ORDERS | 1 |
| 105417553 | 11/21/2022 11/21/2022 | JUDGMENT SIGNED FOR PLAINTIFF ON JURY VERDICT ORDER DISBURSING REGISTRY FUNDS SIGNED | 9 |
| 105184121 | 11/17/2022 | Response | 7 |
| *105184122* | *11/17/2022* | *Sub Doc: Exhibit A* | *15* |
| *105184123* | *11/17/2022* | *Sub Doc: Exhibit B* | *17* |
| *105184124* | *11/17/2022* | *Sub Doc: Exhibit C* | *2* |
| 105134239 | 11/16/2022 | Letter | 4 |
| 105161256 | 11/16/2022 | Notice of Hearing | 4 |
| 105140788 | 11/15/2022 | Correspondence | 4 |
| *105140790* | *11/15/2022* | *Sub Doc: Exhibit A* | *3* |

| | | | |
|---|---|---|---|
| 105123180 | 11/14/2022 | SIGNED ORDER DENYING MOTION TO DETERMINE APPLICABILITY OF THE AUTOMATIC STAY | 2 |
| 105123179 | 11/14/2022 | Sub Doc: Letter | 3 |
| 105058839 | 11/10/2022 | Defendants' Supplemental Brief In Support Of Objections To Plaintiffs' Motion For Entry Of Judgment Related To Quiet Title | 8 |
| 105058840 | 11/10/2022 | Sub Doc: Exhibit A | 8 |
| 105058842 | 11/10/2022 | Sub Doc: Exhibit B | 19 |
| 105058843 | 11/10/2022 | Sub Doc: Exhibit C | 4 |
| 105058851 | 11/10/2022 | Defendants' Supplemental Brief In Support Of Motion For Judgment Notwithstanding The Verdict On The Issue Of The December 2010 Transfer Of Title | 13 |
| 105058865 | 11/10/2022 | Proposed Final Judgment | 9 |
| 105058903 | 11/10/2022 | Plaintiffs Post-Hearing Brief In Support Of Entry Of Final Judgment | 12 |
| 105058919 | 11/10/2022 | Defendants' (1) Notice Of Hrep's Motion For Expedited Hearing On Debtor's Motion And (2) Request For Postponement Of Entry Of Final Judgment | 5 |
| 105058920 | 11/10/2022 | Sub Doc: Ex. A | 5 |
| 105059000 | 11/10/2022 | Defendants' Supplemental Brief On The Exclusive Jurisdiction Of The Bankruptcy Court Over Registry Proceeds And Hrep Properties | 8 |
| 105059001 | 11/10/2022 | Sub Doc: Exhibit A | 8 |
| 105059002 | 11/10/2022 | Sub Doc: Exhibit B | 14 |
| 105059003 | 11/10/2022 | Sub Doc: Exhibit C | 5 |
| 105059036 | 11/10/2022 | Defendants' Supplemental Brief In Support Of Motion For Judgment Notwithstanding The Verdict On The Issue Of One Injury And Election Of Remedies | 8 |
| 105059037 | 11/10/2022 | Sub Doc: Exhibit A | 16 |
| 105059038 | 11/10/2022 | Sub Doc: Exhibit B | 27 |

| | | | |
|---|---|---|---|
| *105059039* | *11/10/2022* | *Sub Doc: Exhibit C* | *19* |
| *105059040* | *11/10/2022* | *Sub Doc: Exhibit D* | *145* |
| *105059041* | *11/10/2022* | *Sub Doc: Exhibit E* | *6* |
| 105030320 | 11/09/2022 | Defendants' Notice Of Automatic Bankruptcy Stay | 10 |
| *105030322* | *11/09/2022* | *Sub Doc: Exhibit 01* | *16* |
| *105030323* | *11/09/2022* | *Sub Doc: Exhibit 02* | *8* |
| *105030324* | *11/09/2022* | *Sub Doc: Exhibit 03* | *5* |
| *105030325* | *11/09/2022* | *Sub Doc: Exhibit 04* | *302* |
| *105030326* | *11/09/2022* | *Sub Doc: Exhibit 05* | *19* |
| *105030327* | *11/09/2022* | *Sub Doc: Exhibit 06* | *81* |
| *105030328* | *11/09/2022* | *Sub Doc: Exhibit 07* | *10* |
| *105030329* | *11/09/2022* | *Sub Doc: Exhibit 08* | *6* |
| *105030330* | *11/09/2022* | *Sub Doc: Exhibit 09* | *14* |
| 105038233 | 11/09/2022 | Plaintiffs' First Amended Original Petition | 10 |
| *105038234* | *11/09/2022* | *Sub Doc: Exhibit A* | *3* |
| *105038235* | *11/09/2022* | *Sub Doc: Exhibit B* | *9* |
| 105008757 | 11/08/2022 | Plaintiffs' Response In Opposition To Defendants' Third Amended Motion For Judgment Nothwithstanding The Verdict And Reply In Support Of Entry Of Final Judgment | 18 |
| *105008758* | *11/08/2022* | *Sub Doc: Exhibit 01* | *294* |
| 104970323 | 11/07/2022 | Defendants' Third Amended Motion For Judgment Notwithstanding The Verdict And Response To Plaintiffs' Motion For Judgment | 22 |
| *104970324* | *11/07/2022* | *Sub Doc: Exhibit A* | *43* |
| *104970325* | *11/07/2022* | *Sub Doc: Exhibit B* | *30* |
| *104970326* | *11/07/2022* | *Sub Doc: Exhibit C* | *133* |
| *104970327* | *11/07/2022* | *Sub Doc: Exhibit D* | *159* |
| *104970328* | *11/07/2022* | *Sub Doc: Exhibit E* | *195* |
| *104970329* | *11/07/2022* | *Sub Doc: Exhibit F* | *154* |
| *104970330* | *11/07/2022* | *Sub Doc: Exhibit G* | *111* |
| *104970332* | *11/07/2022* | *Sub Doc: Exhibit H* | *301* |
| *104970333* | *11/07/2022* | *Sub Doc: Exhibit I* | *97* |

| | | | |
|---|---|---|---|
| *104970334* | *11/07/2022* | *Sub Doc: Exhibit J* | *116* |
| *104970335* | *11/07/2022* | *Sub Doc: Exhibit K* | *25* |
| *104970336* | *11/07/2022* | *Sub Doc: Exhibit L* | *79* |
| *104970338* | *11/07/2022* | *Sub Doc: Exhibit M* | *26* |
| *104970339* | *11/07/2022* | *Sub Doc: Exhibit N* | *18* |
| *104970341* | *11/07/2022* | *Sub Doc: Exhibit O* | *9* |
| *104970342* | *11/07/2022* | *Sub Doc: Exhibit P* | *14* |
| *104970343* | *11/07/2022* | *Sub Doc: Exhibit Q* | *2* |
| *104970344* | *11/07/2022* | *Sub Doc: Exhibit R* | *2* |
| 104977197 | 11/07/2022 | Verified Motion To Continue Entry of Judgment Hearing | 10 |
| *104977198* | *11/07/2022* | *Sub Doc: Declaration of Jim Wetwiska* | *1* |
| *104977199* | *11/07/2022* | *Sub Doc: Proposed Order on Defendants Verified Motion to Continue Entry of Judgment Hearing* | *1* |
| 104984697 | 11/07/2022 | Plaintiffs' Response In Opposition To Defendants' Verified Motion To Continue Entry Of Judgment Hearing | 9 |
| 104985503 | 11/07/2022 | Emergency Motion For Hearing On Defendants' Verified Motion To Continue Hearing On Plaintiffs Osama Abdullatif And Abdullatif & Company Llc's Motion For Entry Of Judgment | 5 |
| 104956827 | 11/04/2022 | Letter to Judge Dawn Rogers | 3 |
| 104933397 | 11/03/2022 | Letter to Judge Rogers | 4 |
| *104944242* | *11/03/2022* | Correspondence | 5 |
| *104944243* | *11/03/2022* | *Sub Doc: Exhibit 01* | *6* |
| 104811609 | 10/27/2022 | Notice of Appearance | 4 |
| 104757915 | 10/25/2022 | Defendant's Second Amended Motion for Judgment Notwithstanding the Verdict and Response to Plaintiff's Motion for Judgment | 15 |
| *104757916* | *10/25/2022* | *Sub Doc: Exhibit A* | *79* |
| *104757917* | *10/25/2022* | *Sub Doc: Exhibit B* | *2* |
| 104757918 | 10/25/2022 | Defendants' Motion for New Trial Due to Charge Error and Insufficient Evidence | 9 |

| 104779596 | 10/25/2022 | Notice of Oral Hearing (11.9.22) | 4 |
|---|---|---|---|
| 104783781 | 10/25/2022 | Proposed Order Granting Motion to Remand | 4 |
| *104783780* | *10/25/2022* | *Sub Doc: Letter Judge Rogers* | *4* |
| 104463024 | 10/07/2022 | Suggestion of Bankruptcy | 2 |
| *104463025* | *10/07/2022* | *Sub Doc: Exhibit A* | *5* |
| 104463152 | 10/07/2022 | Notice Of Filing Of Notice Of Removal Of Proceeding To The United States Bankruptcy Court For The Southern District Of Texas, Houston Division | 3 |
| *104463154* | *10/07/2022* | *Sub Doc: Exhibit A* | *4* |
| 104464058 | 10/07/2022 | Plaintiffs' Motion To Strike The Affidavits To Defendants' Motion For New Trial Due To Jury Misconduct | 13 |
| *104464059* | *10/07/2022* | *Sub Doc: Exhibit A* | *2* |
| 104446317 | 10/06/2022 | Plaintiffs' Response In Opposition To Defendants' Response To Plaintiffs' Motion For Judgment And Amended Motion For Judgment Nothwithstanding The Verdict | 12 |
| 104456274 | 10/06/2022 | Motion for New Trial Due to Jury Misconduct | 7 |
| *104456275* | *10/06/2022* | *Sub Doc: A - Affidavit of Gene McCubbin* | *2* |
| *104456277* | *10/06/2022* | *Sub Doc: Exhibit B* | *2* |
| 104456274 | 10/06/2022 | Motion for New Trial Due to Jury Misconduct | 7 |
| *104456275* | *10/06/2022* | *Sub Doc: A - Affidavit of Gene McCubbin* | *2* |
| *104456277* | *10/06/2022* | *Sub Doc: Exhibit B* | *2* |
| 104391660 | 10/04/2022 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 1 |
| 104392240 | 10/04/2022 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 1 |
| 104409920 | 10/04/2022 | Notice re Hearing 10.7.22 | 2 |
| 104417572 | 10/04/2022 | Defendants' Response To Plaintiffs' Motion For Judgment And Amended Motion For Judgment Notwithstanding The Verdict | 12 |

| | | | |
|---|---|---|---|
| *104417573* | *10/04/2022* | *Sub Doc: Exhibit A* | *79* |
| *104417574* | *10/04/2022* | *Sub Doc: Exhibit B* | *2* |
| 104201152 | 09/23/2022 | Notice of Appearance | 3 |
| 104204927 | 09/23/2022 | Defendants' Motion To Disregard Specific Jury Findings And Enter Judgment Notwithstanding Those Aspects Of The Verdict | 6 |
| 104211381 | 09/23/2022 | Notice of Hearing (10.07.22) | 3 |
| 104198419 | 09/22/2022 | Plaintiffs' Supplemental Response To Defendants' Reply In Support Of Their Objection To Plaintiffs' Supplemental Notice Of Hearing | 5 |
| *104198420* | *09/22/2022* | *Sub Doc: Exhibit A* | *3* |
| *104198421* | *09/22/2022* | *Sub Doc: Exhibit B* | *97* |
| *104198422* | *09/22/2022* | *Sub Doc: Exhibit c* | *2* |
| *104198423* | *09/22/2022* | *Sub Doc: Exhibit d* | *8* |
| *104198424* | *09/22/2022* | *Sub Doc: Exhibit e* | *5* |
| *104198425* | *09/22/2022* | *Sub Doc: Exhibit f* | *3* |
| 104160095 | 09/21/2022 | Plaintiffs' Response In Opposition To Defendants' Motion For Continuance On Hearing For Entry Of Final Judgment | 6 |
| *104160097* | *09/21/2022* | *Sub Doc: EX. A* | *1* |
| *104160096* | *09/21/2022* | *Sub Doc: Proposed Order Denying Motion For Continuance Of Hearing For Entry Of Final Judgment* | *1* |
| 104162599 | 09/21/2022 | Notice of Submission (10.3.22) | 3 |
| 104162998 | 09/21/2022 | Plaintiffs' Response In Opposition To The Buzbee Law Firm's Motion To Withdraw As Counsel | 6 |
| *104163000* | *09/21/2022* | *Sub Doc: Proposed Order Denying Buzbee Law Firm's Motion To Withdraw* | *1* |
| 104168034 | 09/21/2022 | Supplemental Notice of Hearing (9.23.22) | 3 |
| 104168196 | 09/21/2022 | Defendants Objection To Plaintiff's "Supplemental Notice Of Hearing" | 3 |

| | | | |
|---|---|---|---|
| 104168552 | 09/21/2022 | Plaintiffs' Response To Defendants' Objection To Plaintiffs' Supplemental Notice Of Hearing | 4 |
| *104168553* | *09/21/2022* | *Sub Doc: Exhibit A* | *2* |
| *104168554* | *09/21/2022* | *Sub Doc: Exhibit B* | *2* |
| 104172415 | 09/21/2022 | Defendants' Reply In Support Of Their Objection To Plaintiff's "Supplemental Notice Of Hearing" | 3 |
| 104119806 | 09/19/2022 | Opposed Motion To Withdraw Counsel | 3 |
| *104119807* | *09/19/2022* | *Sub Doc: Proposed Order* | *1* |
| 104119892 | 09/19/2022 | Defendants' Verified Motion For A Continuance Of Hearing On Plaintiffs' Motion To Enter Final Judgment | 5 |
| *104119893* | *09/19/2022* | *Sub Doc: Proposed Order* | *1* |
| 104158210 | 09/19/2022 | Proposed Final Judgment | 8 |
| 104093657 | 09/17/2022 | DCA Generic Letter | 3 |
| 104057624 | 09/15/2022 | Notice of Hearing (IMPROPER NOTICE) | 2 |
| 104060642 | 09/15/2022 | Abdullatif And Abdullatif & Company, Llc's Joint Motion To Enter Final Judgment Pursuant To The January 6, 2020 Order And The Jury's Verdict Reached On August 19. 2022 | 14 |
| *104060643* | *09/15/2022* | *Sub Doc: Exhibit A* | *2* |
| *104060644* | *09/15/2022* | *Sub Doc: Exhibit B* | *35* |
| *104060645* | *09/15/2022* | *Sub Doc: Exhibit C* | *18* |
| *104060646* | *09/15/2022* | *Sub Doc: Exhibit D* | *20* |
| *104060647* | *09/15/2022* | *Sub Doc: Exhibit E* | *1* |
| *104060649* | *09/15/2022* | *Sub Doc: Exhibit F* | *7* |
| 103662992 | 08/22/2022 | Plaintiffs Seventh Amended Exhibit List On Punitive Damages | 6 |
| 103686226 | 08/22/2022 | Question(s) From the Jury During Deliberations | 2 |
| 103686230 | 08/22/2022 | Charge of the Court | 18 |
| *103686233* | *08/22/2022* | *Sub Doc: Envelope* | *1* |

| 103686229 | 08/19/2022 | Plaintiffs Proposed Submissions to the Jury Charge | 6 |
| 103536842 | 08/16/2022 | Plaintiffs' Sixth Amended Exhibit List | 13 |
| 103429166 | 08/10/2022 | Plaintiffs' Fifth Amended Exhibit List | 13 |
| 103429618 | 08/10/2022 | Abdullatif and Company, LLC's Trial Brief | 5 |
| 103402680 | 08/09/2022 | Defendants' Objections To Plaintiffs' Designation Of Excerpts From The Temporary Injunction Hearing June 11, 2012 – Cause No. 2012-27197 | 4 |
| 103414191 | 08/09/2022 | Defendants' Second Amended Transcript Designations | 5 |
| 103376790 | 08/08/2022 | Plaintiffs First Supplemental Bench Brief on Defendants Proposed Motion In Limine Nos. 19, 20 and 21 | 4 |
| 103376836 | 08/08/2022 | Defendants' Motion for Bifurcated Trial | 3 |
| *103376837* | *08/08/2022* | *Sub Doc: Proposed Order Granting Defendants' Motion to Bifurcate* | *1* |
| 103377005 | 08/08/2022 | Subpoena for Trial | 3 |
| 103377020 | 08/08/2022 | Plaintiffs Fourth Amended Exhibit List | 12 |
| 103377070 | 08/08/2022 | Proposed Order on Defendants' Motion in Limine | 10 |
| 103377089 | 08/08/2022 | Plaintiffs Trial Brief | 7 |
| 103377662 | 08/08/2022 | ORDER SIGNED GRANTING BIFURCATE TRIAL | 1 |
| 103377765 | 08/08/2022 | ORDER SIGNED GRANTING MOTION IN LIMINE | 3 |
| 103380463 | 08/08/2022 | ORDER GRANTING MTN IN LIMINE IN PART SIGNED SEE ORDER | 10 |
| 103384329 | 08/08/2022 | ORDER SIGNED DENYING MTN TO EXCLUDE WITNESS TESTIMONY | 2 |
| 103422893 | 08/08/2022 | Strike List | 10 |
| 103422895 | 08/08/2022 | Envelope | 1 |

| 103351127 | 08/05/2022 | Defendants' Objections And Counter-Designations To Plaintiffs' Designation Of Deposition Excerpts | 4 |
| 103351457 | 08/05/2022 | Defendants Ali Choudhri And Houston Real Estate Properties, LLC's Motion To Exclude Certain Witnesses | 6 |
| 103351458 | 08/05/2022 | Sub Doc: Exhibit A | 26 |
| 103351459 | 08/05/2022 | Proposed Order | 2 |
| 103351461 | 08/05/2022 | Abdullatif & Company, LLC's Deposition Excerpts | 3 |
| 103361772 | 08/05/2022 | Proposed Order Granting Plaintiffs' Motion To Exclude Certain Defense Witnesses | 2 |
| 103361773 | 08/05/2022 | Proposed Order Denying Defendants' Motion To Exclude Certain Witnesses | 2 |
| 103361774 | 08/05/2022 | Proposed Order On Plaintiffs' Motion In Limine | 3 |
| 103376771 | 08/05/2022 | Subpoena for Trial | 3 |
| 103323019 | 08/03/2022 | Defendants First Amended Deposition Designations | 7 |
| 103323245 | 08/03/2022 | Pre-Trial Information of Plaintiffs - Updated 8-3-22 | 5 |
| 103323246 | 08/03/2022 | Sub Doc: Exhibit A | 4 |
| 103323247 | 08/03/2022 | Sub Doc: Exhibit B | 22 |
| 103323248 | 08/03/2022 | Sub Doc: Exhibit C | 14 |
| 103323249 | 08/03/2022 | Sub Doc: Exhibit D | 3 |
| 103323250 | 08/03/2022 | Sub Doc: Exhibit E | 6 |
| 103323696 | 08/03/2022 | Defendants' Ali Choudhri And Houston Real Estate Properties, Llc's Party/Attorney List | 4 |
| 103323697 | 08/03/2022 | Sub Doc: Defendant Ali Choudhri And Houston Real Estate Properties, Llc's Second Amended Witness List | 3 |
| 103323698 | 08/03/2022 | Sub Doc: Defendants Ali Choudhri and Houston Real Estate Properties, Llcs Preliminary Jury Instruction | 15 |
| 103323702 | 08/03/2022 | Sub Doc: Defendants Rule 193.7 Notice Of Intent To Utilize Discovery Documents At Trial | 3 |

| | | | |
|---|---|---|---|
| *103323699* | *08/03/2022* | *Sub Doc: Defendants Third Amended Exhibit List* | *4* |
| *103323700* | *08/03/2022* | *Sub Doc: Defendants' Deposition Designations* | *6* |
| 103323701 | 08/03/2022 | Defendants Motion in Limine | 10 |
| 103210568 | 07/28/2022 | TRIAL PREPARATION ORDER | 3 |
| 103194509 | 07/27/2022 | TRIAL PREPARATION ORDER | 3 |
| 102864071 | 07/05/2022 | ORDER DENYING WITHDRAWAL OF ATTORNEY SIGNED | 3 |
| 102616739 | 06/22/2022 | Notice of Submission On Buzbee Law Firms Motion to Withdraw as Counsel | 4 |
| 102572839 | 06/21/2022 | Motion to Withdraw Counsel | 6 |
| *102572840* | *06/21/2022* | *Sub Doc: Exhibit A* | *1* |
| *102572841* | *06/21/2022* | *Sub Doc: Exhibit B* | *1* |
| 102572842 | 06/21/2022 | Proposed Order | 3 |
| 102562601 | 06/17/2022 | Proposed Order | 3 |
| 102126655 | 05/24/2022 | DCA Generic Letter | 3 |
| 101813366 | 05/06/2022 | ORDER RESETTING TRIAL | 3 |
| 101702240 | 04/28/2022 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 4 |
| 101648053 | 04/27/2022 | DCA Generic Letter | 3 |
| 101539999 | 04/21/2022 | Notice of Hearing on Plaintiffs Motion for Preferential Trial Setting | 4 |
| 101540097 | 04/21/2022 | Proposed Agreed Order | 4 |
| 101511592 | 04/20/2022 | Proposed Order for Preferential Setting | 3 |
| 101511593 | 04/20/2022 | Plaintiffs' Motion for Preferential Trial Setting | 5 |
| *101511595* | *04/20/2022* | *Sub Doc: Exhibit A* | *8* |
| 101518734 | 04/20/2022 | Defendants Request for Emergency Oral Hearing on Defendants Verified Motion for Continuance | 5 |
| 101519614 | 04/20/2022 | Defendants Second Amended Verified Motion for Continuance | 5 |
| 101438598 | 04/14/2022 | Plaintiffs' Request for Oral Hearing on Defendants' Motion for Continuance | 5 |
| 101438839 | 04/14/2022 | Notice of Hearing | 4 |

| | | | |
|---|---|---|---|
| 101336365 | 04/08/2022 | Defendants Amended Verified Motion for Continuance | 2 |
| *101336366* | *04/08/2022* | *Sub Doc: Exhibit A* | *1* |
| 101336367 | 04/08/2022 | Proposed Order | 3 |
| 101336512 | 04/08/2022 | Plaintiffs Response To Defendants' Fifth Motion For Continuance And Request For Preferential Setting | 5 |
| 101250734 | 04/04/2022 | Motion for Continuance | 4 |
| 101250735 | 04/04/2022 | Proposed Order Granting Defendant Motion for Continuance | 3 |
| 100981347 | 03/11/2022 | TRIAL PREPARATION ORDER | 3 |
| 100712077 | 03/04/2022 | Status Report and Request for Preferntial Setting Filed by Plaintiffs | 8 |
| *100712078* | *03/04/2022* | *Sub Doc: Exhibit A- Order Abating Case* | *2* |
| *100712079* | *03/04/2022* | *Sub Doc: Exhibit B- Order Removing Abatement* | *2* |
| *100712080* | *03/04/2022* | *Sub Doc: Exhibit C- Order Granting Motion to Sell Properties Free of Lien* | *6* |
| *100712081* | *03/04/2022* | *Sub Doc: Exhibit D- Order Granting Sanctions and Rule 11 Agreement* | *6* |
| 98891741 | 11/10/2021 | ORDER RESETTING TRIAL | 3 |
| 96256730 | 06/09/2021 | ORDER TRANSFERRING CASE TO ANOTHER DISTRICT COURT SIGNED | 1 |
| 96233123 | 06/08/2021 | Choudhri's Emergency Verified Motion to Recuse and Disqualify | 3 |
| *96233125* | *06/08/2021* | *Sub Doc: Proposed Order of Recusal* | *1* |
| 96245318 | 06/08/2021 | Plaintiff's Response to Motion to Recuse and Disqualify | 4 |
| 96256730 | 06/08/2021 | ORDER SIGNED RECUSING JUDGE | 1 |
| 96060238 | 05/27/2021 | First Amended Trial Witness List of Plaintiffs | 3 |
| 96067802 | 05/27/2021 | Second Amended Trial Witness List of Plaintiffs | 3 |
| 96020764 | 05/25/2021 | DCA Generic Letter | 3 |

| | | | |
|---|---|---|---|
| 95110030 | 04/01/2021 | ORDER RESETTING TRIAL | 3 |
| 94519338 | 02/25/2021 | DCA Generic Letter | 3 |
| 93094591 | 11/13/2020 | ORDER RESETTING TRIAL | 3 |
| 92486991 | 10/06/2020 | DCA Generic Letter | 3 |
| 92486996 | 10/06/2020 | DCA Generic Letter | 3 |
| 91627674 | 08/06/2020 | ORDER GRANTING SANCTIONS SIGNED | 4 |
| 91656664 | 08/06/2020 | Rule 11 Agreement | 1 |
| 91561161 | 08/03/2020 | Defendant Choudhri's Response to Plaintiff's Motion to Show Cause and for Sanctions | 11 |
| 91561162 | 08/03/2020 | Proposed Order | 2 |
| 91509452 | 07/29/2020 | Defendant's second Amended Answer and Counterclaim | 4 |
| 91426637 | 07/23/2020 | Notice of Hearing | 1 |
| 91433409 | 07/23/2020 | Counter Defendant Osama Abduallatif's Original Answer to Counterclaim of Counter Plaintiff Ali Choudhri | 6 |
| *91433410* | *07/23/2020* | *Sub Doc: Exhibit A - Affidavit of Osama Abdullatif* | *1* |
| 91435220 | 07/23/2020 | Notice of Hearing on Plaintiff's Motion to Show Cause and Motion for Sanctions | 3 |
| 91390179 | 07/21/2020 | ORDER RESETTING TRIAL | 3 |
| 91394067 | 07/21/2020 | Plaintiff Motions to Show Cause And Motion fo Sanctions | 6 |
| *91394068* | *07/21/2020* | *Sub Doc: Exhibit A* | *6* |
| *91394069* | *07/21/2020* | *Sub Doc: Exhibit B* | *6* |
| *91394070* | *07/21/2020* | *Sub Doc: Exhibit C* | *2* |
| *91394071* | *07/21/2020* | *Sub Doc: Exhibit D* | *4* |
| *91394072* | *07/21/2020* | *Sub Doc: Proposed Order Granting Sanctions* | *4* |
| 91219882 | 07/08/2020 | Notice of Appearance of Counsel For Ali Choudhri and Houston Real Estate Properties LLC | 2 |
| 90860787 | 06/08/2020 | DCA Generic Letter | 2 |

| | | | |
|---|---|---|---|
| 90760727 | 06/01/2020 | Proposed Order on Defendant Ali Choudhri's Motion to Show Cause and Motion for Sanctions and Plaintiffs' Counter Motion for Sanctions and Motion for Cancellation of Notice Lis pendens | 2 |
| 90760739 | 06/01/2020 | Latif Response to Choudhri Motion to Show Cause and Motion for Sanctions and Counter Motion for Sanctins by Latif Against Choudhri | 5 |
| 90760740 | 06/01/2020 | Sub Doc: Exhibit A | 6 |
| 90760742 | 06/01/2020 | Sub Doc: Exhibit B | 1 |
| 90760743 | 06/01/2020 | Sub Doc: Exhibit C | 1 |
| 90760744 | 06/01/2020 | Sub Doc: Exhibit D | 1 |
| 90760745 | 06/01/2020 | Sub Doc: Exhibit E | 1 |
| 90760746 | 06/01/2020 | Sub Doc: Exhibit F | 1 |
| 90760748 | 06/01/2020 | Sub Doc: Exhibit G | 1 |
| 90760749 | 06/01/2020 | Sub Doc: Exhibit H | 1 |
| 90760750 | 06/01/2020 | Sub Doc: Exhibit I | 4 |
| 90643906 | 05/20/2020 | Proposed Order on Plaintiff's Motion to Strike Defendants' Severed Counterclaim | 1 |
| 90619619 | 05/19/2020 | Defendant Ali Choudhri's Motion to Show Cause And Motion for Sanctions | 7 |
| 90619620 | 05/19/2020 | Sub Doc: Exhibit A | 5 |
| 90619621 | 05/19/2020 | Sub Doc: Exhibit B- May 6 Email | 2 |
| 90619622 | 05/19/2020 | Sub Doc: Exhibit C- May 6 Contract | 10 |
| 90619623 | 05/19/2020 | Sub Doc: Exhibit D- First Refusal Email | 2 |
| 90619624 | 05/19/2020 | Sub Doc: Exhibit E- May 11 Contract | 9 |
| 90619625 | 05/19/2020 | Sub Doc: Exhibit F- Choudhri Executed Contract | 10 |
| 90619626 | 05/19/2020 | Sub Doc: Exhibit G- Proof of Earnest Money Email | 3 |
| 90619627 | 05/19/2020 | Sub Doc: Exhibit H- Rejection Email | 1 |

| | | | |
|---|---|---|---|
| *90619628* | *05/19/2020* | *Sub Doc: Exhibit I- Choudhri's Question about Changed Terms* | *1* |
| *90619629* | *05/19/2020* | *Sub Doc: Exhibit J- Choudhri and O'Connor Emails* | *4* |
| *90619630* | *05/19/2020* | *Sub Doc: Exhibit K- Goldstein to O'Connor* | *1* |
| *90619631* | *05/19/2020* | *Sub Doc: Exhibit L- Choudhri's Follow up Email* | *3* |
| *90619632* | *05/19/2020* | *Sub Doc: Exhibit M- Abdullatif Email* | *2* |
| *90619633* | *05/19/2020* | *Sub Doc: Exhibit N- Abdullatif Contract* | *9* |
| *90619634* | *05/19/2020* | *Sub Doc: Proposed Order to Show Cause* | *1* |
| 90625308 | 05/19/2020 | Notice of Hearing | 1 |
| 90626183 | 05/19/2020 | ORDER SIGNED STRIKING PLEADING | 1 |
| 90597757 | 05/18/2020 | Plaintiff's Reply to Defendant's Response to Motion to Strike Defendant's Severed Counterclaim from the Mokaram Case | 3 |
| *90597758* | *05/18/2020* | *Sub Doc: EXHIBIT C -Special Warranty Deed with Vendor's Lien* | *7* |
| *90597759* | *05/18/2020* | *Sub Doc: Exhibit L - Earnest Money Contract* | *15* |
| 90600219 | 05/18/2020 | Plaintiffs' Motion for Cancellation of Notice of Lis Pendens | 5 |
| *90600220* | *05/18/2020* | *Sub Doc: Exhibit A* | *6* |
| *90600221* | *05/18/2020* | *Sub Doc: Proposed Order on Plaintiff's Motion for Cancellation of Notice of Lis Pendens* | *2* |
| 90564902 | 05/14/2020 | Plaintiff's Response to Choudhri's Objection To The Proposed Sale of 2720 Greenbriar | 5 |
| *90564903* | *05/14/2020* | *Sub Doc: EXHIBIT A - Ali Choudhri 5-8-2020 email* | *2* |
| *90564904* | *05/14/2020* | *Sub Doc: EXHIBIT B - Ali Choudhri 5-11-2020 email* | *3* |

| | | | |
|---|---|---|---|
| *90564905* | *05/14/2020* | *Sub Doc: EXHIBIT C - Special Warranty Deed w-VendorLien* | *7* |
| *90564907* | *05/14/2020* | *Sub Doc: EXHIBIT D - Choudhri 5-8-20 Letter with Notice Lis Pendens* | *8* |
| *90564908* | *05/14/2020* | *Sub Doc: Proposed Order Denying Objection to Proposed Sale of Greenbriar Property* | *1* |
| 90538042 | 05/12/2020 | Latif's Response To Choudhri Amended Traditional Motion for Summary Judgment On His Promissary Note Claim Filed on 4-28-20 | 26 |
| *90538044* | *05/12/2020* | *Sub Doc: Exhibit A-01 - Affidavit of Osama Abdullatif* | *5* |
| *90538045* | *05/12/2020* | *Sub Doc: Exhibit A-02 - 1st Supplemental Affidavit of Osama Abdullatif* | *3* |
| *90538043* | *05/12/2020* | *Sub Doc: Exhibit AA - Index of Exhibits* | *1* |
| *90538046* | *05/12/2020* | *Sub Doc: EXHIBIT B -Proposed Order Denying Choudhri's Motion to Consolidate* | *3* |
| *90538047* | *05/12/2020* | *Sub Doc: Exhibit C* | *11* |
| *90538049* | *05/12/2020* | *Sub Doc: Exhibit D - Affidavit of Choudhri* | *3* |
| *90538050* | *05/12/2020* | *Sub Doc: Exhibit E Excerpts from Choudhri Deposition* | *45* |
| *90538051* | *05/12/2020* | *Sub Doc: Exhibit F - Promissory Note May 2010* | *2* |
| *90538052* | *05/12/2020* | *Sub Doc: Exhibit G - Affidavit as to Lien* | *10* |
| *90538053* | *05/12/2020* | *Sub Doc: Exhibit H - Order Granting Motion to Consolidate* | *3* |
| *90538054* | *05/12/2020* | *Sub Doc: Exhibit i - Declaration of Allan D Goldstein* | *3* |
| *90538055* | *05/12/2020* | *Sub Doc: Exhibit J - Special Warranty Deeds* | *17* |
| *90538056* | *05/12/2020* | *Sub Doc: Exhibit K - HREP Voluntary Chapter 11 Petition* | *6* |
| *90538057* | *05/12/2020* | *Sub Doc: Exhibit L - Earnest Money Contract* | *15* |

| | | | |
|---|---|---|---|
| *90538058* | *05/12/2020* | *Sub Doc: Exhibit M - Combination, Modification, Renewal and Extension of Promissory Notes and Liens* | *30* |
| *90538059* | *05/12/2020* | *Sub Doc: Exhibit N - Specialty Warrenty Deed With Vendors Lien* | *7* |
| *90538060* | *05/12/2020* | *Sub Doc: Exhibit O - HUD-1 Settlement Statement* | *6* |
| *90538061* | *05/12/2020* | *Sub Doc: Exhibit P-Choudhri Amended Response to Osama Abdullatifs Second Request for Production* | *13* |
| *90538062* | *05/12/2020* | *Sub Doc: Exhibit Q - Excerpts from 6-11-12 Temporary Injunction Hearing With Exhibit 7* | *11* |
| *90538063* | *05/12/2020* | *Sub Doc: Proposed Order Denying Choudhri Amended Traditional Motion for Summary Judgment on his Promissory Note Claim* | *1* |
| 90544043 | 05/12/2020 | Defendant's Response To Plaintiff Motion to Strike Severed Counterclaim | 5 |
| *90544044* | *05/12/2020* | *Sub Doc: Exhibit 01* | *21* |
| *90544045* | *05/12/2020* | *Sub Doc: Exhibit 02* | *1* |
| *90544046* | *05/12/2020* | *Sub Doc: Exhibit 03* | *2* |
| *90544047* | *05/12/2020* | *Sub Doc: Exhibit 04* | *5* |
| *90544048* | *05/12/2020* | *Sub Doc: Exhibit 05* | *1* |
| *90544049* | *05/12/2020* | *Sub Doc: Proposed Order on Defendant's Response to Plaintiff's Motion to Strike Severed Counterclaim* | *1* |
| 90523769 | 05/11/2020 | Plaintiffs' Objection to and Motion to Strike Choudhri's Second Untimely Filed Motion for Summary Judgment | 6 |
| *90523770* | *05/11/2020* | *Sub Doc: Proposed Order on Plaintiff's Objection and Motion to Strike CHoudhri's Second Untimely Filed Motion for Summary Judgment* | *1* |

| 90523771 | 05/11/2020 | Notice of E-Hearing on Plaintiff's Objection to and Motion to Strike Choudhri's Second Untimely Filed Motion for Summary Judgment | 2 |
| 90524081 | 05/11/2020 | Plaintiff's Motion to Strike Defendant's Severed COunterclaim from the Mokaram Case | 7 |
| *90524082* | *05/11/2020* | *Sub Doc: Proposed Order on Plaintiff's Motion to Strike Defendant's Severed Counterclaim for the Mokaram Case* | *1* |
| 90524083 | 05/11/2020 | Notice of E-Hearing on Plaintiff's Motion to Strike Defendant's Severed Counterclaim from the Mokaram Case | 2 |
| 90503102 | 05/08/2020 | Defendant Ali Choudhri's Objection to Plaintiff's Proposed Sale of 2720 Greenbriar Property | 4 |
| *90503103* | *05/08/2020* | *Sub Doc: Exhibit B* | *5* |
| *90503104* | *05/08/2020* | *Sub Doc: Exhibit B* | *12* |
| *90503105* | *05/08/2020* | *Sub Doc: Exhibit C* | *3* |
| *90503106* | *05/08/2020* | *Sub Doc: Exhibit D* | *12* |
| 90387211 | 04/28/2020 | Ali Choudhri's Amended Traditional Motion for Partial Summary Judgment On His Promissary Note Claim | 9 |
| *90387212* | *04/28/2020* | *Sub Doc: Exhibit 01* | *9* |
| *90387213* | *04/28/2020* | *Sub Doc: Exhibit 02* | *4* |
| *90387214* | *04/28/2020* | *Sub Doc: Exhibit 03* | *8* |
| *90387215* | *04/28/2020* | *Sub Doc: Exhibit 04* | *6* |
| *90387216* | *04/28/2020* | *Sub Doc: Exhibit 05* | *17* |
| 90387679 | 04/28/2020 | Notice of Appearance and Designation of Attorney-in-Charge | 1 |
| 90387920 | 04/28/2020 | Notice of Appearance and Designation of Attorney in Charge | 1 |
| 90389819 | 04/28/2020 | Notice of E-Hearing | 1 |
| 90389938 | 04/28/2020 | Amended Notice of E-Hearing | 1 |
| 90198909 | 04/09/2020 | ORDER RESETTING TRIAL | 3 |

| 90124034 | 04/02/2020 | Response to Defendant's First Amended Motion to Consolidate | 6 |
|---|---|---|---|
| *90124035* | *04/02/2020* | *Sub Doc: Exhibit A* | *8* |
| *90124036* | *04/02/2020* | *Sub Doc: Proposed Order Denying Defendant's First Amended Motion to Consolidation* | *1* |
| 90070226 | 03/27/2020 | Defendant's First Amended Motion for Consolidation | 4 |
| 90070277 | 03/27/2020 | Notice of Submission | 2 |
| 89465635 | 02/17/2020 | Response to Defendants' Motion to Consolidate | 7 |
| *89465637* | *02/17/2020* | *Sub Doc: Exhibit A* | *3* |
| *89465638* | *02/17/2020* | *Sub Doc: Exhibit B* | *10* |
| *89465639* | *02/17/2020* | *Sub Doc: Exhibit C* | *11* |
| *89465640* | *02/17/2020* | *Sub Doc: Exhibit D* | *3* |
| *89465641* | *02/17/2020* | *Sub Doc: Exhibit E* | *2* |
| *89465642* | *02/17/2020* | *Sub Doc: Exhibit F* | *2* |
| *89465643* | *02/17/2020* | *Sub Doc: Exhibit G* | *2* |
| *89465644* | *02/17/2020* | *Sub Doc: Exhibit H* | *2* |
| *89465645* | *02/17/2020* | *Sub Doc: Exhibit I* | *2* |
| *89465646* | *02/17/2020* | *Sub Doc: Proposed Order Denying Defendants' Motion to Consolidate* | *1* |
| 89369709 | 02/11/2020 | Notice of Appearance and Designation of Attorney in Charge | 1 |
| 89362181 | 02/10/2020 | Motion For Consolidation | 4 |
| *89362182* | *02/10/2020* | *Sub Doc: Proposed Order Granting Consolidation* | *1* |
| 89096771 | 01/24/2020 | Plaintiff's Motion for Preferential Setting And Request for Immediate Hearing | 3 |
| 89013330 | 01/21/2020 | The State of Texas Witness Subpoena | 3 |
| 88960939 | 01/15/2020 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 1 |
| 88960964 | 01/15/2020 | ORDER SIGNED DENYING TRIAL CONTINUANCE | 1 |

| | | | |
|---|---|---|---|
| 88920530 | 01/14/2020 | Defendant's Motion for Continuance | 4 |
| *88920531* | *01/14/2020* | *Sub Doc: Declaration* | *1* |
| *88920532* | *01/14/2020* | *Sub Doc: Exhibit "A"* | *1* |
| 88884238 | 01/13/2020 | Emergency Motion to Withdraw as Counsel | 3 |
| *88884239* | *01/13/2020* | *Sub Doc: Proposed Order Granting Motion to Withdraw as Counsel* | *1* |
| 88886854 | 01/13/2020 | Notice of Telephonic Hearing | 1 |
| 88782603 | 01/06/2020 | Filing Letter to Judge | 2 |
| 88805171 | 01/06/2020 | ORDER SGND GRANTING SALE OF PROPERTY | 5 |
| 88584685 | 12/17/2019 | Plaintiff's Response to Choudhri's Objection to Motion to Allow Sale of Property Free of Chouhdri's Claim Affidavit of Lien | 3 |
| *88584686* | *12/17/2019* | *Sub Doc: Exhibit A* | *8* |
| *88584687* | *12/17/2019* | *Sub Doc: Exhibit B* | *7* |
| *88584689* | *12/17/2019* | *Sub Doc: Exhibit C* | *7* |
| 88560480 | 12/16/2019 | Defendant Ali Choudhris Objections to Plaintiffs Proposed Order Allowing Sale of Properties | 3 |
| *88560481* | *12/16/2019* | *Sub Doc: Exhibit A* | *1* |
| *88560482* | *12/16/2019* | *Sub Doc: Exhibit B* | *5* |
| 88560691 | 12/16/2019 | Notice of Telephonic Hearing on the Objection to Plaintiff's Proposed Order Allowing Sale of Properties Prior to Entry of an Order | 2 |
| 88508888 | 12/12/2019 | Proposed Order Granting Plaintiff's Motion to Sell Properties Free of Lien | 5 |
| *88508887* | *12/12/2019* | *Sub Doc: Letter to Judge Davis* | *1* |
| 88453073 | 12/10/2019 | Defendants Response to Plaintiffs Motion to Allow Sale of Property Free of Claimed Affidavit of Lien | 2 |
| 88332777 | 12/02/2019 | Notice of Amended Hearing on Plaintiffs' Motion to Allow Sale of Property Free of Claimed Affidavit of Lien | 2 |

| | | | |
|---|---|---|---|
| 88305348 | 11/27/2019 | Plaintiff's Motion to Allow Sale of Property Free of Chouhdri's Claimd Affidavit of Lien | 7 |
| *88305349* | *11/27/2019* | *Sub Doc: Exhibit A - Affidavit of Osama Abdullatif* | *4* |
| *88305350* | *11/27/2019* | *Sub Doc: Exhibit B - Affidavit as to Lien on Properties* | *10* |
| *88305351* | *11/27/2019* | *Sub Doc: Exhibit C - Deed of Trust and Security Agreement to Lone Star Bank* | *21* |
| *88305352* | *11/27/2019* | *Sub Doc: Proposed Order Granting Plaintiff's Motion to Sell Properties Free of Lien* | *4* |
| 88305353 | 11/27/2019 | Notice of Hearing on Plaintiff's Motion to Allow Sale of Property Free of Claimed Affidavit of Lien | 2 |
| 88069851 | 11/12/2019 | Proposed Continuance Order | 1 |
| 88026095 | 11/11/2019 | Defendant's Second Amended Trial Exhibit List | 4 |
| 88026163 | 11/11/2019 | Defendant's Motion for Continuance | 2 |
| 88039168 | 11/11/2019 | Plaintiff's Supplement to 2nd Amended Exhibit List | 11 |
| 88022417 | 11/08/2019 | Defendant's Amended Trial Exhibit List | 4 |
| 88023306 | 11/08/2019 | Defendant's Amended Witness List | 3 |
| 87932985 | 11/04/2019 | Plaintiff's Response Subject to Objections to and Motion to Strike Choudhri's Utimely Filed Motion for Summary Judgment | 2 |
| *87932987* | *11/04/2019* | *Sub Doc: Exhibit 1 - Affidavit of A Goldstein* | *3* |
| *87932988* | *11/04/2019* | *Sub Doc: Exhibit A-Order Denying Motion to Consolidate* | *3* |
| *87932989* | *11/04/2019* | *Sub Doc: Exhibit B - List of Pleadings and Orders* | *3* |
| *87932990* | *11/04/2019* | *Sub Doc: Exhibit C - Plaintiff's Original Petition* | *21* |
| *87932991* | *11/04/2019* | *Sub Doc: Exhibit D - Affidavit of Choudhri* | *3* |
| *87932992* | *11/04/2019* | *Sub Doc: Exhibit E-Excerpts from Choudhri's Deposition* | *45* |

| 87932993 | 11/04/2019 | *Sub Doc: Exhibit F - Promissory Note May 2010* | 2 |
| 87932994 | 11/04/2019 | *Sub Doc: Exhibit G - Affidavit as to Lien* | 10 |
| 87932995 | 11/04/2019 | *Sub Doc: Exhibit H-Order Granting Motion to Consolidate* | 3 |
| 87932996 | 11/04/2019 | *Sub Doc: Exhibit I - Email 6-26-2014* | 5 |
| 87932986 | 11/04/2019 | *Sub Doc: Exhibit I - Latif's Response* | 23 |
| 87932997 | 11/04/2019 | *Sub Doc: Exhibit J - Special Warranty Deeds* | 17 |
| 87932998 | 11/04/2019 | *Sub Doc: Exhibit K - HREP Voluntary Chapter 11 Petition* | 6 |
| 87933000 | 11/04/2019 | *Sub Doc: Exhibit L - Earnest Money Contract* | 15 |
| 87933001 | 11/04/2019 | *Sub Doc: Exhibit M - Combination, Modification, Renewal and Extension of Promisary Notes and Liens* | 30 |
| 87933002 | 11/04/2019 | *Sub Doc: Exhibit N - SWD w-Vendor's Lien* | 7 |
| 87933004 | 11/04/2019 | *Sub Doc: Exhibit O - HUD-1 Settlement Stmt* | 6 |
| 87933005 | 11/04/2019 | *Sub Doc: Exhibit P-Choudhri Amended Response to Osama Abdullaif's Second request for Production* | 13 |
| 87828288 | 10/28/2019 | Plaintiff's Motion to Deny Defendant's Motion for leave to Amend and to Strike Defendant's Amended answer and Counterclaim | 5 |
| 87828289 | 10/28/2019 | *Sub Doc: Proposed Order* | 1 |
| 87828290 | 10/28/2019 | Plaintiff's Objection to and Motion to Strike Choudhri's Untimely Filed Motion for Summary Judgment | 5 |
| 87828291 | 10/28/2019 | *Sub Doc: Proposed Order on Plaintff's Motion to Strike Choudhri Untimely Filed Motion for Summary Judgment* | 1 |
| 87703274 | 10/21/2019 | Defendnat Ali Choudhri's Motion for Partial Summary Judgment on His Promissory Note Claim | 3 |

| | | | |
|---|---|---|---|
| *87703279* | *10/21/2019* | *Sub Doc: ex d choudhri affidavit* | *2* |
| *87703275* | *10/21/2019* | *Sub Doc: Exhibit A* | *5* |
| *87703277* | *10/21/2019* | *Sub Doc: Exhibit B* | *3* |
| *87703278* | *10/21/2019* | *Sub Doc: Exhibit C* | *6* |
| 87699684 | 10/18/2019 | Notice of Oral Hearing | 1 |
| 87699722 | 10/18/2019 | Motion for Leave to Amend | 2 |
| *87699723* | *10/18/2019* | *Sub Doc: Proposed Order* | *1* |
| 87699809 | 10/18/2019 | Defendant's Amended Answer and Counterclaim | 3 |
| 87592146 | 10/14/2019 | DCA Generic Letter | 3 |
| 87458295 | 10/04/2019 | Plaintiffs' Response to Defendant's Motion for Continuance | 3 |
| *87458296* | *10/04/2019* | *Sub Doc: Proposed Order Denying Defendants' Motion for Continuance* | *1* |
| 87420217 | 10/02/2019 | Ali Choudhri's Motion for Continuance | 2 |
| *87420218* | *10/02/2019* | *Sub Doc: Proposed Order Granting Defendant's Motion for Continuance* | *1* |
| 87420222 | 10/02/2019 | Notice of Oral Hearing | 1 |
| 87261562 | 09/23/2019 | First Amended Pre Trial Information of Plaintiffs | 4 |
| 87261563 | 09/23/2019 | First Amended Trial Witness List of Plaintiffs | 3 |
| 87261564 | 09/23/2019 | Plaintiffs' Second Amended Exhibit List | 10 |
| 86483154 | 08/02/2019 | Notice of Change of Attorney's Address | 2 |
| 84315697 | 03/10/2019 | ORDER SIGNED RESETTING TRIAL | 3 |
| 84099446 | 02/28/2019 | Defendants' Response to Plaintiff's Request for Trial Setting and to end Abatement | 3 |
| *84099448* | *02/28/2019* | *Sub Doc: Proposed Order* | *1* |
| *84099447* | *02/28/2019* | *Sub Doc: Exhibit A* | *44* |
| 84105868 | 02/28/2019 02/28/2019 | REMOVED FROM ABATEMENT STATUS ORDER LIFTING STAY SIGNED | 1 |

| | | | |
|---|---|---|---|
| 83893740 | 02/14/2019 | Request for Trial Setting and to End Abatement | 3 |
| *83893741* | *02/14/2019* | *Sub Doc: Exhibit A* | *2* |
| *83893742* | *02/14/2019* | *Sub Doc: Exhibit B* | *4* |
| *83893743* | *02/14/2019* | *Sub Doc: Proposed Order Setting Case for Trial and Removing Abatement* | *1* |
| 83893744 | 02/14/2019 | Notice of Hearing | 2 |
| 82615599 | 11/12/2018 | ORDER SIGNED, CASE RETAINED ON DOCKET | 1 |
| 82438422 | 11/02/2018 | Motion to Retain | 5 |
| *82438423* | *11/02/2018* | *Sub Doc: Exhibit A* | *2* |
| *82438424* | *11/02/2018* | *Sub Doc: Proposed Order Retaining Case* | *1* |
| 81924426 | 09/28/2018 | DCA Generic Letter | 3 |
| 77601626 | 11/28/2017 | ORDER SIGNED, CASE RETAINED ON DOCKET | 1 |
| 77560365 | 11/27/2017 | Proposed Order Retaining Case | 1 |
| 77553616 | 11/22/2017 | Motion to Retain | 4 |
| *77553617* | *11/22/2017* | *Sub Doc: Exhibit A* | *2* |
| 77066370 | 10/18/2017 | DCA Generic Letter | 3 |
| 70919896 | 06/30/2016 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 1 |
| 70793460 | 06/22/2016 | Unopposed Motion to Withdraw as Counsel | 3 |
| *70793461* | *06/22/2016* | *Sub Doc: Proposed Order* | *1* |
| 70263344 | 05/16/2016 | ORDER SIGNED, CASE RETAINED ON DOCKET | 1 |
| 70005998 | 04/28/2016 | Motion to Retain | 4 |
| *70006000* | *04/28/2016* | *Sub Doc: Exhibit A* | *2* |
| *70006001* | *04/28/2016* | *Sub Doc: Proposed Order Retaining Case* | *1* |
| 69141321 | 02/25/2016 | DCA Generic Letter | 2 |
| 65332344 | 05/04/2015 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 2 |
| 65350901 | 05/01/2015 05/01/2015 | ORDER SIGNED GRANTING TRIAL CONTINUANCE ORDER SIGNED GRANTING PLEA IN ABATEMENT | 1 |

| 65190196 | 04/27/2015 | Plaintiff's Response to Motion for Continuance and abate | 8 |
| 65190197 | 04/27/2015 | Exhibit D | 30 |
| 65190198 | 04/27/2015 | Exhibit F | 6 |
| 65190199 | 04/27/2015 | Exhibit G | 10 |
| 65190200 | 04/27/2015 | Exhibit E | 7 |
| 65190201 | 04/27/2015 | Exhibit J | 3 |
| 65190202 | 04/27/2015 | Exhibit K | 16 |
| 65190203 | 04/27/2015 | Exhibit H | 5 |
| 65190204 | 04/27/2015 | Exhibit I | 5 |
| 65190205 | 04/27/2015 | Proposed order | 1 |
| 65190206 | 04/27/2015 | Exhibit A | 17 |
| 65190207 | 04/27/2015 | Exhibit C | 15 |
| 65190208 | 04/27/2015 | Exhibit B | 6 |
| 65106361 | 04/21/2015 | Motion for Continuance And To Abate The Case | 6 |
| 65106362 | 04/21/2015 | Sub Doc: Exhibit A | 16 |
| 65106364 | 04/21/2015 | Sub Doc: Notice of Oral Hearing | 2 |
| 65106363 | 04/21/2015 | Sub Doc: Proposed Order | 1 |
| 65076481 | 04/17/2015 | Motion to Withdraw and Substitute Attorney | 3 |
| 65076483 | 04/17/2015 | Sub Doc: Notice of Submission | 2 |
| 65076482 | 04/17/2015 | Sub Doc: Proposed Order Granting Motion to Withdraw and Motion to Substitute Counsel | 2 |
| 64645213 | 03/16/2015 | Filing letter | 1 |
| 64625350 | 03/11/2015 | Trial Preparation Order | 2 |
| 64188991 | 02/10/2015 | Certificate of Conference | 1 |
| 64173266 | 02/09/2015 | Chris Di Ferrante's Motion to Withdraw as Co-Counsel | 3 |
| 64173268 | 02/09/2015 | Sub Doc: Proposed Order Granting | 1 |
| 64062687 | 01/27/2015 | ORDER SIGNED RESETTING TRIAL | 2 |
| 63938345 | 01/22/2015 | Reporter's certification Deposition of Osama Abdullatif November 10,2014 | 3 |

| | | | |
|---|---|---|---|
| *63938346* | *01/22/2015* | *Sub Doc: Reporter's certification Deposition of Osama Abdullatif November 10,2014* | *3* |
| 63938349 | 01/22/2015 | Reporter's Certification Deposition of Osama Abdullatif November 11, 2014 | 3 |
| 63938350 | 01/22/2015 | Reporter's Certification Deposition of Osama Abdullatif November 11, 2014 | 3 |
| 63938351 | 01/22/2015 | Reporter's certification Deposition of Ali Choudhri November 11, 2014 | 3 |
| *63938352* | *01/22/2015* | *Sub Doc: Reporter's certification Deposition of Ali Choudhri November 11, 2014* | *3* |
| 63803775 | 01/12/2015 | subpoena for trial | 3 |
| 63871689 | 01/09/2015 | ORDER SIGNED GRANTING TRIAL CONTINUANCE | 1 |
| 63764864 | 01/08/2015 | Notice of Oral Hearing | 2 |
| 63764884 | 01/08/2015 | Plaintiffs' Response to Defendants' Motion for Continuance, or Alternatively, Motion for Leave to File Counterclaim | 6 |
| *63764885* | *01/08/2015* | *Sub Doc: Exhibit A* | *3* |
| *63764886* | *01/08/2015* | *Sub Doc: Proposed Order on defendants' motions for continuance and withdrawal* | *1* |
| 63778186 | 01/08/2015 | Notice of Appearance of Additional Counsel | 3 |
| 63753882 | 01/07/2015 | Defendants' Motion for Continuance or, Alternatively, Motion for Leave to File Counterclaim | 6 |
| *63753884* | *01/07/2015* | *Sub Doc: Proposed Order Denying Continuance* | *1* |
| *63753883* | *01/07/2015* | *Sub Doc: Proposed Order Granting Continuance* | *1* |
| 63691610 | 12/31/2014 | Plaintiffs First Amended Exhibit list | 10 |
| 63604626 | 12/22/2014 | Pre Trial Information of Plaintiffs | 3 |
| 63604627 | 12/22/2014 | Trial Witness List of Plaintiffs | 3 |

| 63604628 | 12/22/2014 | Plaintiffs' PreTrail Preliminary Jury Questions | 15 |
| 63604629 | 12/22/2014 | Plaintiffs' Exhibit List | 11 |
| 63606462 | 12/22/2014 | Defendants Motion in Limine | 5 |
| *63606463* | *12/22/2014* | *Sub Doc: Proposed Order in Limine* | *5* |
| 63625922 | 12/22/2014 | Motion In Limine Of Plaintiff's Abdullatif | 5 |
| *63625923* | *12/22/2014* | *Sub Doc: Proposed Order* | *4* |
| 63079223 | 11/03/2014 | Trial Preparation Order | 2 |
| 62954185 | 10/28/2014 | Agreed Order to Compel Depositions (signed) | 2 |
| 62868629 | 10/15/2014 | ORDER GRANTING WITHDRAWAL OF ATTORNEY SIGNED | 1 |
| 62612269 | 10/03/2014 | Camara & Sibley LLP'S Motion to Reconsider Motion to Withdraw as Counsel | 2 |
| *62612270* | *10/03/2014* | *Sub Doc: camara & sibley llp's Notice of Submission* | *2* |
| *62612271* | *10/03/2014* | *Sub Doc: Proposed Order* | *1* |
| 62619029 | 10/03/2014 | Notice of Appearance of Counsel | 3 |
| 62266848 | 09/09/2014 | Defendants' Motion to Quash Second Notice of Deposition | 2 |
| 62292957 | 09/02/2014 | ORDER SIGNED RESETTING TRIAL | 2 |
| 61446056 | 07/03/2014 | Camara & Sibley LLPs Notice of Submission | 2 |
| 61446067 | 07/03/2014 | Notice of Submission | 2 |
| 61446095 | 07/03/2014 | Plaintiffs Response to Motion for Continuance of Deposition and Trial and for Withdrawal of Attorney | 6 |
| *61476318* | *07/03/2014* | *Sub Doc: Exhibit A* | *5* |
| *61476319* | *07/03/2014* | *Sub Doc: Exhibit B* | *10* |
| *61476320* | *07/03/2014* | *Sub Doc: Exhibit C* | *3* |
| *61476321* | *07/03/2014* | *Sub Doc: Exhibit D* | *10* |
| *61476322* | *07/03/2014* | *Sub Doc: Exhibit E* | *5* |
| *61476323* | *07/03/2014* | *Sub Doc: Exhibit F* | *4* |
| *61446097* | *07/03/2014* | *Sub Doc: Proposed Order* | *4* |

| 61469074 | 07/03/2014 | Request for Trial by Jury | 2 |
|---|---|---|---|
| 61431530 | 07/02/2014 | Defendants' First Motion for Continuance | 3 |
| 61431535 | 07/02/2014 | Camara & Sibley LLPs Motion to Withdraw as Counsel | 4 |
| 61431735 | 07/02/2014 | Defendants' Motion for Continuance of Depositions | 2 |
| 61307560 | 06/18/2014 | Trial Preparation Order | 2 |
| 61173208 | 06/12/2014 | Amended Notice of Oral Hearing | 3 |
| 61146915 | 06/10/2014 | Notice of Hearing | 3 |
| 61141160 | 06/09/2014 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 1 |
| 61084184 | 06/05/2014 | MOTION TO COMPEL DEPOSITION OF ALI CHOUDHRI | 3 |
| *61109747* | *06/05/2014* | *Sub Doc: Exhibit A* | *2* |
| *61109750* | *06/05/2014* | *Sub Doc: Exhibit B* | *2* |
| *61109755* | *06/05/2014* | *Sub Doc: Exhibit C* | *1* |
| *61244678* | *06/18/2014* | *Sub Doc: Proposed Order Granting* | *2* |
| *61084192* | *06/05/2014* | *Sub Doc: Proposed Order GRANTING MOTION TO COMPEL DEPOSITION OF ALI CHOUDHRI* | *1* |
| 60836794 | 05/16/2014 | Unopposed Motion to Substitute Counsel | 4 |
| *60836796* | *05/16/2014* | *Sub Doc: Proposed Order* | *1* |
| 60734071 | 05/08/2014 | ALI CHOUDHRI'S MOTION TO QUASH | 2 |
| 58772404 | 12/17/2013 | Subpoena for Production of Documents | 4 |
| *58775644* | *12/17/2013* | *Sub Doc: FREEfax Cover Sheet* | *1* |
| 58711047 | 12/11/2013 | Vacation Letter | 2 |
| 58662029 | 12/09/2013 | Letter regarding Vacation | 2 |
| 58713772 | 12/09/2013 | Plaintiffs' Motion to Compel Defendants to Respond to Written Discovery and for Deposition | 2 |
| *58713773* | *12/09/2013* | *Sub Doc: Exhibit A* | *23* |

| | | | |
|---|---|---|---|
| *58713774* | *12/09/2013* | *Sub Doc: Exhibit B* | *3* |
| *58713775* | *12/09/2013* | *Sub Doc: Exhibit C* | *3* |
| *58644543* | *12/09/2013* | *Sub Doc: Notice of Hearing* | *2* |
| *58644542* | *12/09/2013* | *Sub Doc: Proposed Order/Order granting Plaintiffs Motion to Compel* | *2* |
| 58956581 | 12/09/2013 | Plaintiff's Motion to Compel defendants to respond to written discovery and for deposition | 7 |
| *58956582* | *12/09/2013* | *Sub Doc: exhibit a* | *22* |
| *58956583* | *12/09/2013* | *Sub Doc: exhibit b* | *3* |
| *58956584* | *12/09/2013* | *Sub Doc: exhibit c* | *3* |
| 58355755 | 11/19/2013 | Defendants' Omnibus Motion for Protective Order | 4 |
| *58355756* | *11/19/2013* | *Sub Doc: Exhibit 1* | *7* |
| 58429602 | 11/19/2013 | ORDER SIGNED SUBSTITUTING ATTORNEY OF RECORD | 1 |
| 58353790 | 11/18/2013 | Notice of Appearance as Co-Counsel For Defendant Ali | 2 |
| 58269665 | 11/13/2013 | Motion to Quash | 2 |
| 58293077 | 11/13/2013 | Plaintiffs' Notice of Request for Production of Documents | 2 |
| *58293078* | *11/13/2013* | *Sub Doc: Exhibit A* | *10* |
| 58220165 | 11/08/2013 | Susman Godfrey LLPs Motion to Withdraw as Counsel | 3 |
| *58220167* | *11/08/2013* | *Sub Doc: [proposed] Order Granting Susman Godfrey LLP's Unopposed Motion to Withdraw as Counsel* | *1* |
| *58220194* | *11/08/2013* | *Sub Doc: Designation of Lead Trial Counsel for Ali Choudhri and Houston Real Estate Properties, LLC* | *2* |
| *58220168* | *11/08/2013* | *Sub Doc: Notice of Submission re Susman Godfrey LLP's Unopposed Motion to Withdraw as Counsel* | *2* |
| 57673888 | 09/30/2013 | DOCKET CONTROL/PRETRIAL ORDER SIGNED | 4 |

| 57498858 | 09/20/2013 | ORDER GRANTING SUBSTITUTED SERVICE SIGNED | 1 |
|---|---|---|---|
| 57309270 | 09/16/2013 09/16/2013 | Defendant's Original Answer Defendants Original Answer | 2 |
| 57118380 | 08/28/2013 | Rule 11 Agreement | 1 |
| 57118379 | 08/28/2013 | Sub Doc: Notice Of Filing Of Agreement Pursuant To Rule 11 Of The Texas Rules Of Civil Procedure | 2 |
| 57056839 | 08/23/2013 | Plaintiffs' Motion for Substitute Service of Process | 3 |
| 57056840 | 08/23/2013 | Sub Doc: Exhibit A | 2 |
| 57056841 | 08/23/2013 | Sub Doc: Exhibit B | 2 |
| 57055179 | 08/23/2013 | Sub Doc: Notice of Submission Sept 9, 2013 | 1 |
| 57055178 | 08/23/2013 | Sub Doc: proposed Order on Plaintiffs' Motion for Substitute Service of Process | 1 |
| 56634265 | 07/15/2013 | Plaintiffs Original Petition | 7 |
| 56616857 | 07/15/2013 | Sub Doc: Civil Case Information Sheet | 1 |
| 56634266 | 07/15/2013 | Sub Doc: Exhibit A | 3 |
| 56634267 | 07/15/2013 | Sub Doc: Exhibit B | 9 |

| Sign Forms  Click to sign or edit forms | ⌄ |
|---|---|
| **Generate Forms** | ⌄ |
| Settings | ⌄ |
| Events | ⌄ |
| Services | ⌄ |
| Notices | ⌄ |
| Court Costs | ⌄ |
| Parties | ⌄ |

7/29/2020 1:49 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 44930455
By: Mercedes Ramey
Filed: 7/29/2020 1:49 PM

**CAUSE NO. 2013-41273**

| | | |
|---|---|---|
| OSAMA ABDULLATIF, individually, | § | IN THE DISTRICT COURT OF |
| and ABDULLATIF & COMPANY, LLC, | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALI CHOUDHRI and HOUSTON REAL | § | |
| ESTATE PROPERTIES, LLC, | § | 270TH JUDICIAL COURT |

## DEFENDANTS' SECOND AMENDED ANSWER AND COUNTERCLAIM

Defendants Ali Choudhri ("Choudhri") and Houston Real Estate Properties, LLC ("HREP")

file this Second Amended Answer and Choudhri's Counterclaim to Plaintiff's Original Petition and

would respectfully show unto the Court as follows:

## I.   GENERAL DENIAL

Defendants deny each and every, all and singular, the material allegations contained in

Plaintiff's live Petition and demand strict proof thereof by a preponderance of the evidence. This

constitutes a general denial under Tex. R. Civ. P. 92.

## II.   AFFIRMATIVE DEFENSES

Plaintiff's recovery is barred by Plaintiffs' fraud.

Defendants were justified in filing documents in the real property records regarding their

interest in the subject real estate.

## III.   AMENDED COUNTERCLAIM

Defendant/Counter-Claimant Ali Choudhri ("Choudhri") asserts the following Counter-

Claim against Osama Abdullatif ("Abdullatif").

### A.   Factual Background

On February 10, 2010, Abdullatif signed a promissory note (the "Note") as the "Borrower."

Abdullatif's signature is notarized on a page denoted "3 of 3" of the Note, and he has acknowledged

Unofficial Copy Office of Marilyn Burgess District Clerk

his execution of this document under oath.

Choudhri is listed as "Lender" on the Note. Choudhri has never transferred, sold, canceled, released, or done anything to impair Abdullatif's obligations under the Note.

The Note provided for a principal amount of $1.5 million, an annual interest rate of eight percent (8%), a maturity date of February 9, 2012, and an annual interest rate of eighteen percent (18%) on matured, unpaid amounts.

The Note provides that it is payable at Choudhri's then business address, 2500 West Loop South, Suite 255, Houston, Texas.

Both Choudhri and the person who notarized Abdullatif's signature, Linda Shipp, witnessed Abdullatif sign the Note, and Ms. Shipp has testified under oath to that effect.

The Note acknowledges it was made "[f]or valuable consideration, the receipt of which is hereby acknowledged by Borrower."

The Note was made by Abdullatif as part of an exchange for the transfer of nine of the ten real properties that are listed as Collateral on Exhibit A to the Note. Houston Real Estate Properties, LLC ("HREP"), transferred the real property to Abdullatif, and Abdullatif.

The Note provides that Abdullatif will pay Choudhri's reasonable attorneys' fees, court costs, and any other costs associated with enforcing the Note:

> Borrower also promises to pay reasonable attorneys' fees and court and other costs if this note is placed in the hands of an attorney for collection or enforcement. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts [18%]. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Excluding amounts owed as attorney's fees, as of August 9, 2013, Abdullatif owed Choudhri approximately $2,209,800 under the Note. That amount represents unpaid principal of $1,500,000,

interest accrued at maturity of $240,000, and interest accrued thereafter on $1,740,000, on the Note of 18% per annum. These amounts remain unpaid and the Note continues to accrue interest.

**B.      Cause of Action:  Breach of Promissory Note.**

Counter-claimant Choudhri incorporates his previous allegations.

As set forth above, Counter-claimant would show that there is a promissory note, Counter-claimant is the legal owner and holder of the promissory note, Abdullatif is the maker of the promissory note, Abdullatif signed the note and Abdullatif is the person identified in the note as a person undertaking to pay, and a certain balance is due and owing on the promissory note.

Abdullatif has failed to pay his obligations under the Note and, as a result, Counter-claimant Choudhri has suffered damages, for which he sues.   Counter-claimant seeks the principal on the Note, plus interest under the Note and attorneys' fees.

**PRAYER**

WHEREFORE, Defendants pray that Plaintiff take nothing in this suit, that Counter-claimant Ali Choudhri prevail on his counterclaim as alleged herein above, be awarded damages and attorneys fees against Abudullatif,  that all costs be taxed against Abdullatif, and that Defendants be granted all legal or equitable relief to which they may be justly entitled.

Unofficial Copy Office of Marilyn Burgess District Clerk

Respectfully submitted,

**THE BUZBEE LAW FIRM**

*/s/ Anthony G. Buzbee*
Anthony G. Buzbee
State Bar No. 24001820
tbuzbee@txattorneys.com
Peter K. Taaffe
State Bar No. 24003029
ptaaffe@txattorneys.com
Brittany C. Ifejika
State Bar No. 24111011
bifejika@txattorneys.com
J.P. Morgan Chase Tower
600 Travis, Suite 7300
Houston, Texas 77002
Telephone: (713) 223-5393
Facsimile: (713) 223-5909
www.txattorneys.com

**ATTORNEYS FOR ALI CHOUDHRI and HOUSTON REAL ESTATE PROPERTIES, LLC**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of this document has been duly served on all known counsel of record and pro se parties in accordance with the Texas Rules of Civil Procedure on July 29, 2020 via E-Service.

*/s/ Peter K. Taaffe*
Peter K. Taaffe

Unofficial Copy Office of Marilyn Burgess District Clerk

Filed 13 September 16 P2:42
Chris Daniel - District Clerk
Harris County
ED101J017716011
By: john scott

Cause No. 2013-41273

| | | |
|---|---|---|
| OSAMA ABDULLATIF, individually, | § | IN THE DISTRICT COURT OF |
| and ABDULLATIF & COMPANY, LLC, | § | |
|     Plaintiffs, | § | |
| v. | § | HARRIS COUNTY, T E X A S |
| | § | |
| ALI CHOUDHRI and HOUSTON REAL | § | |
| ESTATE PROPERTIES, LLC, | § | |
|     Defendants. | § | 270TH  JUDICIAL  DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT

Ali Choudhri, defendant in the above entitled and numbered cause, files this its original answer to Plaintiff's Original Petition filed herein, and for same would respectfully show unto the Court as follows:

### I.  General Denial

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence. This constitutes a general denial under Tex. R. Civ. P. 92.

### II.  Affirmative Defense

Plaintiffs' recovery is barred by plaintiffs' fraud.

\* \* \*

WHEREFORE, PREMISES CONSIDERED, defendant prays that plaintiff take nothing by this suit and, defendant recover its costs herein expended, and that defendant receive such other relief to which it is justly entitled.

2845870v1/013830

Respectfully submitted,

SUSMAN GODFREY L.L.P.


By:   /s/ Harry P. Susman
       Harry P. Susman
       State Bar No. 24008875
       Stephen D. Susman
       State Bar No. 19521000
       Brian M. Gillett
       State Bar No. 24069785
       1000 Louisiana Street, Suite 5100
       Houston, Texas 77002-5096
       Telephone:  (713) 651-9366
       Fax:  (713) 654-6666
       Email:  hsusman@susmangodfrey.com
       Email:  ssusman@susmangodfrey.com
       Email:  bgillett@susmangodfrey.com

       Attorneys for Ali Choudhri and
       Houston Real Estate Properties, LLC


## CERTIFICATE OF SERVICE

This is to certify that on this the 16th day of September, 2013, a true and correct copy of the above and foregoing instrument was properly forwarded to the following counsel of record in accordance with Rule 21 of the Texas Rules of Civil Procedure as indicated below.

Allan D. Goldstein  *Via Fax*
James D. Salyer
Morris Lendais Hollrah & Snowden
1980 Post Oak, Suite 700
Houston, TX  77056


                   /s/ Harry P. Susman
                   Harry P. Susman

2

10/18/2019 5:25 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37794324
By: Quaninshi Porter
Filed: 10/18/2019 5:25 PM

CAUSE NO. 2013-41273

| | | |
|---|---|---|
| OSAMA ABDULLATIF, individually, | § | IN THE DISTRICT COURT OF |
| And ABDULLATIF & COMPANY, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| | § | |
| ALI CHOUDHRI and HOUSTON REAL | § | |
| ESTATE PROPERTIES, LLC, | § | |
| Defendants. | § | |
| | § | 270TH JUDICIAL COURT |
| | § | |

DEFENDANT'S AMENDED ANSWER AND COUNTERCLAIM

TO THE HONORABLE COURT:

Ali Choudhri ("Choudhri"), the defendant in the above entitled and numbered cause, files this his Amended Answer and Counter Claim to Plaintiff's Originial Petition filed herein, and for same would respectfully show unto the Court as follows:

## I.    General Denial

Defendant denies each and every, all and singular, the material allegations contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence. This constitutes a general denial under Tex. R. Civ. P. 92.

## II.    Affirmative Defense

Plaintiff's recovery is barred by Plaintiffs' fraud.

Unofficial Copy Office of Marilyn Burgess District Clerk

### III. Counterclaim

i.        <u>Breach of Contract</u>: A promissory note is a contract evincing an obligation to pay money. *DeClaire v. G & B McIntosh Family Ltd. P'ship*, 260 S.W.3d 34, 44 (Tex. App. – Houston [1st Dist.] 2008, no pet.). Because a promissory note is a contract to pay money, contract law applies here. To prove a breach of contract claim, Choudhri is required to show (1) the existence of a valid contract; (2) its performance or tender of performance; (3) breach of the contract; and (4) damage as a result of the breach. *Jim Maddox Props., LLC v. WEM Equity Capital Invs., Ltd.,* 446 S.W.3d 126, 132 (Tex. App. 2014).

Here, on or about February 10, 2010, Plaintiff Osama Abdullatif ("Abdullatif") signed a certain Promissory Note dated February 10, 2010, for a principal amount of $1,500,000.00 with an annual interest rate of eight percent (8%). A true and correct copy of the Promissory Note is attached hereto as Exhibit B and incorporated by reference throughout. On February 9, 2012, the Promissory Note matured and Abdullatif failed to pay the balance of the Promissory Note. The annual interest rate on matured, unpaid accounts is eighteen percent (18%). As a result of Abdullatif's failure to pay, he materially breached the contract between the parties. As a result of Abdullatif's breach, Choudhri suffered loss of money damages.

### IV. PRAYER

WHEREFORE, premises considered, Defendant Ali Choudhri prays that Plaintiff take nothing in this suit, Ali Choudhri prevail on his counterclaim as alleged herein above, be awarded damages, and that all costs, including attorneys' fees be taxed against Plaintiff and that Ali Choudhri be granted all legal or equitable relief to which it may be justly entitled.

Respectfully submitted,


Ali Choudhri
s/ Ali Chudhri
1001 West Loop South, Suite 700
Houston, Texas 77027
Phone: (713) 789-7654
E-mail: ali@jetallcompanies.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record, via email and/or electronic service, pursuant to the Texas Rules of Civil Procedure on October 18, 2019.

/s/ *Ali Choudhri*
Ali Choudhri

Unofficial Copy Office of Marilyn Burgess District Clerk

11/9/2022 8:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 70046789
By: Jennifer Ochoa
Filed: 11/9/2022 8:06 PM

CAUSE NO. 2013-41273

| | | |
|---|---|---|
| OSAMA ABDULLATIF, individually, and ABDULLATIF & COMPANY, LLC, Plaintiffs, | § § § § § § § § § | IN THE DISTRICT COURT |
| vs. | | 334th JUDICIAL DISTRICT |
| ALI CHOUDHRI and HOUSTON REAL ESTATE PROPERTIES, LLC, Defendants. | | HARRIS COUNTY, TEXAS |

## Plaintiffs' First Amended Original Petition

To THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, **Osama Abdullatif** ("Latif') and **Abdullatif & Company, LLC** (ACLLC") (Latif and ACLLC are sometimes collectively referred herein as "Plaintiffs"), complain of Defendants, Ali Choudhri ("Ali") and Houston Real Estate Properties, LLC ("HREP") (Choudhri and HREP are sometimes collectively referred to as "Defendants") as follows:

### Parties & Service

1. Plaintiff Latif is an individual residing and doing business in Harris County, Texas; and Plaintiff ACLLC is a limited liability company located in Harris County, Texas.

2. Defendant Ali is an individual residing and doing business in Harris County, Texas and may be served at his business address 2500 West Loop South, Suite 255, Houston, Texas 77027.

3. Defendant HREP is a limited liability company registered and doing business in Harris County, Texas, and may be served with process by serving its registered agent for service of process, Shahnaz Choudhri, 2500 West Loop South, Suite 255 Houston, Texas 77027; or, by serving its managing member, Ali Choudhri, at his business address 2500 West Loop South, Suite 255, Houston, Texas 77027.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Discovery Plan and Venue**

4.       Pursuant to Texas Rules of Civil Procedure 190.1, Plaintiffs submit that discovery in this lawsuit should be conducted under Level 2.   Venue is proper in Harris County, Texas as all parties reside in Harris County, Texas and the causes of action arose or occurred in Harris County.

**Bankground Facts**

5.       Ali Choudhri, along with his father, mother and three (3) other members had an interest in an entity known as Houston Real Estate Properties LLC ("HREP").   HREP was formed on or about March 29, 2009 with Shahnaz Choudhri as its managing member.   Shahnaz is Ali's mother.   Shortly, thereafter, Naeem Choudhri became the managing member, replacing Shahnaz.   Naeem is Ali's father.   HREP acquired the properties listed on Exhibit A.   On or about May 5, 2009 HREP filed bankruptcy.   The bankruptcy was terminated on or about December 28, 2009.

6.       Purportedly effective on or about September 25, 2009, these properties were pledged by HREP for the benefit of Sterling Bank to secure the repayment of a Combination, Modification, Renewal and Extension of Promissory Notes and Liens in the principal amount of One Million, Forty Thousand and no/100 Dollars ($1,040,000.00) (the "Sterling Note").   Ali and his father gave an unlimited full guarantee of the Sterling Note, and other members of HREP, gave limited guarantees of the Sterling Note in the respective amounts shown below:

| | |
|---|---|
| Naeem Choudhri | Unlimited/Full Guarantee |
| Ali Choudhri | Unlimited/Full Guarantee |
| Parvin Latimore | $138,000.00 |
| Damian Latimore | $224,250.00 |
| Ramesh Shah | $105,100.00 |

Unofficial Copy Office of Marilyn Burgess District Clerk

7.      The Sterling Note had a provision in it that allowed for a 15% discount on the payment of the principal owed on the Sterling Note if it was paid in full by November 30, 2009. The 15% discount was also available if paid in full by December 15, 2009 provided that, if, on or before November 30, 2009, a non-refundable payment of $50,000 was paid to Sterling Ban1c

8.      Ali knew that Latif was a real estate investor and had purchased and invested in a number of real estate properties in the greater Houston area.   At the time HREP filed for bankruptcy and as Defendants attempted to deal with the Sterling Note, Latif, Ali and his father were mends.   They all worshiped together at the same mosque.   They socialized with their families.   Ali told Latif that the Sterling Note could be purchased at a 15% discount.   Further, Ali told Latif that Ali could not purchase the Sterling Note himself before the deadline provided in the Sterling Note because he was traveling to Pakistan to get married.   Ali and his father asked Latif to purchase the Sterling Note at the 15% discount and asserted they would quickly sell some of the properties to pay off the full amount of the Sterling Note and would pay Latif half of the 15% savings.   Ali and his father, on behalf of HREP, misrepresented their true intentions to the detriment of Latif.   Defendants induced Latif to purchase the Sterling Note at a discount but had no intention of selling the properties; instead, they needed Latifs help to save the properties from foreclosure and they intended to saddle Latif with the burden of carrying the properties.

9.      On or about December 15, 2009, Latif purchased the Sterling Note for $837,894.78.  HREP then made payments to Latif for the December 2009 and January 2010 note payments.   Having saddled Latif with the burden of carrying the properties, Defendants convinced Latif that they would sell the properties to him so he could refinance the amounts owed and that they would continue to pay the indebtedness while managing and collecting the

Unofficial Copy Office of Marilyn Burgess District Clerk

rents.   On or about February 10, 2010, HREP sold the properties to Latif for $1,750,000.00 which was partially financed by a $1,100,000.00 loan from Lone Star Bank.   The closing also included the payment of past due taxes in excess of $90,000.00 and cash to HREP of $552,972.93, plus an additional $50,000.00 paid outside of closing from Latif to HREP and/or Sterling Bank.

10.     Ali and Latif agreed that Ali and/or HREP would be responsible for paying the Lone Star Bank loan and the taxes owed on the properties, and that HREP would be allowed to collect and rent the properties.   From February 2010 until February 2011, Ali arranged for, on an irregular basis, to pay Latif the monthly amounts owed to Lone Star Bank.   Further, the 2010 taxes owed on the properties were paid by or on behalf of HREP, although Chicago Title had to bring a lawsuit to compel Ali to honor his indemnity to pay some of the taxes that were owed.

11.     Since March 2011, Defendants have refused to make any payments to Latif and in deposition testimony in another lawsuit Ali stated he had no objection to Latif selling the properties so that the Lone Star Bank note could be paid off and past due taxes paid.   Latiff has made the tax payments for 2011.   Realizing that Ali and HREP were refusing to honor any agreement they had with respect to the properties, Latif decided to sell the properties in order to mitigate his losses from the misrepresentations made by Defendants.   Further, on information and belief, from March 2011 until the present, HREP and/or Ali continue to collect rent from some of the properties.

12.     After evicting a tenant at 1951 Richmond who claimed he could remain in the property under an agreement with Ali, Latif listed the property for sale.   Also, Latif listed the Greenbriar property for sale and subsequently Latif entered into an agreement to sell the Greenbriar property.   Before the property could be closed, however, Ali filed an Affidavit as to

-4-

Lien on Properties Pursuant to Promissory Note. ("Bogus Lien Affidavit"). A true and correct copy of the Bogus Lien Affidavit is attached hereto and incorporated by reference as Exhibit B.

13.     The Bogus Lien Affidavit is a cloud on the title to Latif's properties purchased from HREP. Additionally, the Bogus Lien Affidavit purports to claim a lien on property located at 5445 Almeda Road in Houston, Texas. The Almeda Road property was never owned by HREP or Ali and is and has been owned by ACLLC. There is no consideration for the underlying promissory note Ali claims is owed to him by Latif, and there is no legal or statutory basis for the claiming of a lien on any of the properties. Accordingly, the Bogus Lien Affidavit is a fraudulent lien claim or claim against real properties. Ali filed the Bogus Lien Affidavit with the intent to slander the title of properties held in legal title by Latif and with the intent to cause financial injury, mental anguish or emotional distress to Latif.

*Cause of Action for Fraudulent Lien or Claim Against Real Property*

14.     Based on the foregoing acts and conduct, Defendants are liable to Plaintiffs pursuant to Chapter 12 of the Texas Civil Practices and Remedies Code and pursuant to Chapter 51 of the Texas Government Code. Plaintiffs are entitled to recover the greater of their actual damages or $10,000.00 per property, court costs, reasonable attorney fees, and exemplary damages in an amount to be determined by the Court.

*Cause of Action for Slander of Title and to Quiet Title*

15.     Based on the foregoing acts and conduct, Defendants are liable to Plaintiffs as a result of filing a fraudulent lien or claim against real properties. Defendants uttered and published a disparaging written statement about the state of Plaintiffs' title to the properties identified on the Bogus Lien Claim at Exhibit B of this Petition. The statement was false because Ali was not owed any funds by Plaintiffs nor were the properties pledged as liens to

-5-

secure any amounts allegedly owed to Ali.  Ali's false statement caused injury to Plaintiffs, which resulted in damages in excess of the jurisdictional limits of the Court.  Ali's false statement was published with legal malice, which entitles Plaintiffs to exempl$_{ary}$ damages.

16.     Based on the foregoing acts and conduct of Defendants, they are liable to Plaintiffs and the Court should quiet title to the properties identified in the Bogus Lien Affidavit as to Latif and as to ACLLC (for the Almeda property) as against any claims of Defendants to title or for any liens against such properties.

### *Cause of Action for Fraud in a Real Estate Transaction*

17.     Based on the foregoing acts and conduct of Defendants, Plaintiffs are entitled to recover their actual damages, attorney fees and costs of court as a result of the misrepresentations and fraudulent conduct of Defendants that has caused damages to Plaintiffs.

### Request for Disclosures

18.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants disclose within fifty (50) days of service of this Petition and accompanying request, any and all information or material described in Rule 194.2(a)-(l).

WHEREFORE, Plaintiffs request that the Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

a.      Relief sought pursuant to the allegations stated above;

b.      Pre-judgment interest on the damages awarded by the jury for the successfully prosecuting the claims set forth above, including, but not limited to attorney's fees and costs;

c.      Post-judgment interest on the damages awarded by the jury for the successfully prosecuting the claims set forth above, including, but not limited to attorney's fees and costs;

d.      Costs of suit;

Unofficial Copy Office of Marilyn Burgess District Clerk

e.     Reasonable attorney's fees for trial and appeal; and

f.     Such other and further legal and equitable relief to which Plaintiffs may be justly

entitled.

Respectfully submitted,

**MORRIS, LENDAIS, HOLLRAH & SNOWDEN**

By: /s/ Allan Goldstein_____
**Allan D. Goldstein**
Texas Bar No. 08097950
allang@mlhs.net
520 Post Oak Boulevard
Suite 700
Houston, Texas 77027
Tel. (713) 966-7200

**ATTORNEY FOR PLAINTIFF**
**OSAMA ABDULLATIF**

**MCCATHERN HOUSTON**

By: /s/ Rodney Drinnon
**Rodney L. Drinnon**
Texas Bar No. 24047841
rdrinnon@mccathernlaw.com
2000 West Loop S., Suite 1850
Houston, Texas 77027
Tel. (832) 533-8689
Fax (832) 213-4842

**ATTORNEY FOR PLAINTIFF**
**ABDULLATIF & COMPANY, LLC**

-7-

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of November, 2022, a true and correct copy of the foregoing and/or attached was served on each attorney of record or party in accordance with the Texas Rules of Civil Procedure as follows:

*Via E-Service*

Jadd F. Masso
jmasso@clarkhill.com
Clark Hill PLC
901 Main Street, Suite 6000
Dallas, Texas 75202

Jim Wetwiska
jwetwiska@akingump.com
Akin Gump Strauss Hauer
& Feld LLP
1111 Louisiana, 44th Floor
Houston, Texas 77002

*Attorneys for Defendants
Ali Choudhri and
Houston Real Estate
Properties, LLC*

/s/Rodney L. Drinnon
Rodney L. Drinnon

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Simone Nunez on behalf of Rodney  Drinnon
Bar No. 24047841
snunez@mccathernlaw.com
Envelope ID: 70046789
Status as of 11/10/2022 8:56 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mike O'Brien | | mike@moblaw.com | 11/9/2022 8:06:46 PM | SENT |
| Allan DGoldstein | | allang@mlhs.net | 11/9/2022 8:06:46 PM | SENT |
| James DSalyer | | jsalyer@mlhs.net | 11/9/2022 8:06:46 PM | SENT |
| Mark DGoranson | | goranson@goransonking.com | 11/9/2022 8:06:46 PM | SENT |
| Joe Sibley | | sibley@camarasibley.com | 11/9/2022 8:06:46 PM | SENT |
| Holli VPryor-Baze | | hpryorbaze@akingump.com | 11/9/2022 8:06:46 PM | SENT |
| James RWetwiska | | jwetwiska@akingump.com | 11/9/2022 8:06:46 PM | SENT |
| Michael C. O'Connor | | moconnor@oconnorcraig.com | 11/9/2022 8:06:46 PM | SENT |
| David Medina | 88 | david.medina@chamberlainlaw.com | 11/9/2022 8:06:46 PM | SENT |
| Scott R.Link | | scottrlink@gmail.com | 11/9/2022 8:06:46 PM | SENT |
| Lloyd E.Kelley | | kelley@lloydekelley.com | 11/9/2022 8:06:46 PM | SENT |
| Chris DiFerante | | chris@cdflaw.com | 11/9/2022 8:06:46 PM | SENT |
| Lee King | 792016 | lee@houstonlegal.services | 11/9/2022 8:06:46 PM | SENT |
| Rodney Lee Drinnon | 24047841 | rdrinnon@mccathernlaw.com | 11/9/2022 8:06:46 PM | SENT |
| James D. Pierce | 15994500 | jim@jamespierce.com | 11/9/2022 8:06:46 PM | SENT |
| Keith Gross | | attnykgross@aol.com | 11/9/2022 8:06:46 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 11/9/2022 8:06:46 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 11/9/2022 8:06:46 PM | SENT |
| ShaNeshia Roberson | | sroberson@mlhs.net | 11/9/2022 8:06:46 PM | SENT |
| Jadd Fitzgerald Masso | 24041411 | jmasso@clarkhill.com | 11/9/2022 8:06:46 PM | SENT |
| Anthony G.Buzbee | | tbuzbee@txattorneys.com | 11/9/2022 8:06:46 PM | SENT |
| Jennifer LMacGeorge | | jmac@jlm-law.com | 11/9/2022 8:06:46 PM | SENT |
| Ali Choudhri | | ali@jetallcompanies.com | 11/9/2022 8:06:46 PM | SENT |
| Firm Contact | | efiling@txattorneys.com | 11/9/2022 8:06:46 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Simone Nunez on behalf of Rodney  Drinnon
Bar No. 24047841
snunez@mccathernlaw.com
Envelope ID: 70046789
Status as of 11/10/2022 8:56 AM CST

Case Contacts

| Zachary DavidWesterfield | | zwesterfield@txattorneys.com | 11/9/2022 8:06:46 PM | SENT |
|---|---|---|---|---|
| Peter Taaffe | | ptaaffe@txattorneys.com | 11/9/2022 8:06:46 PM | SENT |
| Ali Choudhri | | legal@jetallcompanies.com | 11/9/2022 8:06:46 PM | SENT |
| Jason Willis | | jwillis@txattorneys.com | 11/9/2022 8:06:46 PM | ERROR |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 11/9/2022 8:06:46 PM | SENT |

GF#: CTH-WTF-CTH09492015

# EXHIBIT A

## TRACT 1:

A 0.1231 acre tract, being the remainder of Lot 4, Block 1, Richmond Place, according to the map or plat thereof recorded in Volume 6, Page 51, of the Map Records of Harris County, Texas, Said 0.1231 acre tract being more particularly described by metes and bounds as follows:

COMMENCING at a point on the south right-of-way line of Richmond Avenue and the east right-of-way line of South Shepherd Drive, being the north cutback corner;

Thence, North 89 deg. 24 min. 19 sec. East, along the south right-of-way line of said Richmond Avenue, a distance of 517.03 feet to an iron rod set for the POINT OF BEGINNING and the common north corner of Lots 3 and 4, same being the northwest corner of this tract;

Thence, North 89 deg. 24 min. 19 sec. East, continuing along the south right-of-way line of said Richmond Avenue, a distance of 50.03 feet to an "X" cut in concrete set for the common north corner of Lots 4 and 5, same being the northeast corner of this tract;

Thence, South 02 deg. 29 min. 51 sec. East, along the common line of said Lots 4 and 5, a distance of 105.51 feet to a point for the common corner of Lots 4, 5, 20 and 21, same being the southeast corner of this tract;

Thence, South 87 deg. 30 min. 09 sec. West, along the common line of said Lots 4 and 20, a distance of 50.00 feet to an iron rod set for the common corner of Lots 3, 4, 19 and 20, same being the southwest corner of this tract from which an iron rod·found bears North 78 deg. 17 min. West, 2.38;

Thence, North 02 deg. 29 min. 51 sec. West, along the common line of said Lots 3 and 4, a distance of 107.17 feet to the POINT OF BEGINNING and containing 0.1231 acres of land.

NOTE: This Company does not represent that the above acreage or square footage calculations are correct.

## TRACT 2:

Being 7.006 acres of land located in the David Bright Survey, Abstract 13, Fort Bend County, Texas, said 7.006 acres being out of a called 12.50 acre tract as recorded in Volume 2723, Page 61 of the Fort Bend County Deed Records, said tract being more particularly described as follows:

COMMENCING at a 5/8 inch iron rod found in the South right-of-way line of Cartwright Road and being the Northwest corner of the Woods Subdivision as recorded in Slide 692-B of the Fort Bend County Plat    Records, said iron rod having a Texas State Plane Coordinate of    X=3,101,717.73 and Y=652,456.15 South Central Zone (NAD-27);

THENCE, South 02 deg. 43 min. 17 sec. East with an old barbed wire fence marking the West line of said Woods Subdivision, a distance of 774.56 feet to a cyclone fence post found for the POINT OF BEGINNING;

THENCE, South 02 deg. 43 min. 17 sec. East with said barbed wire fence and the West line of said Woods Subdivision, a distance of 989.90 feet to a 1/2 inch iron pipe found for a corner;

THENCE, South 87 deg. 10 min. 45 sec. West with said fence, a distance of 308.50 feet to a 5/8 inch iron rod set for a corner, said iron rod being also in the East line of Quail Valley East Subdivision Section 3, as recorded in Volume 11, Page 1 of the Fort Bend County Map Records;

EXHIBIT A – LEGAL DESCRIPTION
TXFNFESC_ExhibitA-LegalDescription (11-07)

## EXHIBIT A



GF#: CTH-WTF-CTH09492915

# EXHIBIT A
## (Continued)

THENCE, North 02 deg. 43 min. 16 sec. West with said barbed wire fence and East line of said Quail Valley East Subdivision, a distance of 988.68 feet to a cyclone fence post found for a corner;

THENCE, North 86 deg. 57 min. 05 sec. East with a cyclone fence, a distance of 308.50 feet to the POINT OF BEGINNING containing 7.006 acres of land, more or less.

NOTE:  This Company does not represent that the above acreage or square footage calculations are correct.

TRACT 3:

Lot 2, in Block 2, of Oliver and Dreyling Addition, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 75, Page 93, of the Deed Records of Harris County, Texas.

TRACT 4:

Lot 20, in Block 5, of Rosemont, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 572, Page 193, of the Deed Records of Harris County, Texas.

TRACT 5:

Lot 2, in Block 1, of Lubbock, an addition in Harris County, Texas, according to the map or plat thereof, recorded in Volume 725, Page 599 of the Deed Records of Harris County, Texas.

TRACT 6:

Lot Thirteen (13), in Block Four (4), of West Court Addition, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 6, Page 66 of the Map Records of Harris County, Texas.

TRACT 7:

Lots 1 and 2, of Soraya Subdivision, a subdivision in Harris County, Texas according to the map or plat thereof recorded in Film Code No. 454078 of the Map Records of Harris County, Texas.

TRACT 8:

Lot Thirteen (13), in Block Three (3), of CENTRAL CITY SUBDIVISION, a Subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 16, Page 31, of the Map Records of Harris County, Texas.



Unofficial Copy Office of Marilyn Burgess District Clerk

GF#: CTH-WTF-CTH09492915

## EXHIBIT A
### (Continued)

TRACT 9:

Lots 1, 11 and 12 in Block 2, of Oliver and Dreylings Addition, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 75, Page 93 of the Deed Records of Harris County, Texas.

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in file number Sequence on the date and at time stamped hereon by me; and was duly RECORDED, in the Official Public Records of Real Property of Harris County Texas on

JUL 19 2010

COUNTY CLERK
HARRIS COUNTY, TEXAS

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts additions and changes were present at the time the instrument was filed and recorded.

*Return to George S. Prappas, P.C.*
*2800 Post Oak Blvd, Ste 5800*
*Houston, TX 77056*

FILED
2010 JUL 19 AM 11: 14
COUNTY CLERK
HARRIS COUNTY, TEXAS

EXHIBIT A – LEGAL DESCRIPTION
TXFNFESC_ExhibitA-LegalDescription (11-07)

20130178411
04/16/2013 RP2 $44.00

## AFFIDAVIT AS TO LIEN ON
## PROPERTIES PURSUANT TO PROMISSORY NOTE

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | KNOW ALL MEN BY THESE PRESENTS: |
| COUNTIES OF HARRIS AND | § | |
| FORT BEND | § | |

BEFORE ME, the undersigned authority, personally appeared ALI CHOUDHRI ("**Affiant**"), being personally known to me, who, after being by me duly sworn, on oath deposed and said as follows:

1. "Affiant is over the age of eighteen (18) years and is legally competent to make this Affidavit. Affiant has personal knowledge of all of the matters stated in this Affidavit, and the same are all true and correct to the best of his knowledge and belief.

2. Affiant loaned Osama Ali Abdullatif ("**Borrower**") $1,500,000.00 pursuant to the terms of that certain Promissory Note dated February 10, 2010 ("**Note**"), in the original principal amount of $1,500,000.00, which Note is attached hereto as **Schedule 1** and made part hereof for all purposes.

3. The Note indicates that there is "Collateral" securing the payment of the Note as described in **Exhibit "A"** attached to the Note. Exhibit A is a list of 10 tracts of land (the "Properties") which secure the Borrower's payment of the Note.

4. The Affiant maintains it has a lien on each of the Properties described in **Exhibit "A"** attached to the Note until the Note is paid in full, or Affiant executes a partial release for one or more of the Properties pursuant to a written agreement with the Borrower.

Further, Affiant sayeth naught."

EXECUTED April _16_, 2013.

_____
Ali Choudhri, Affiant

H-987638_1                              1

EXHIBIT B

THE STATE OF TEXAS      §

                       §             KNOW ALL MEN BY THESE PRESENTS:

COUNTIES OF HARRIS AND      §

FORT BEND               §

        SWORN TO AND SUBSCRIBED BEFORE ME; the undersigned authority, on this _16 th_ day of April, 2013, by the said ALI CHOUDHRI.

Notary Public, State of Texas

My Commission Expires: _Aug 14, 2015_



LINDA SHIPP
Notary Public, State of Texas
My Commission Expires
August 14, 2015

After recording Return to:

Ali Choudhri
2500 West Loop South, Suite 755
Houston, TX 77027

H-987638_1                        2

Unofficial Copy Office of Marilyn ... Process District Clerk

## SCHEDULE 1

### PROMISSORY NOTE

Unofficial Copy Office of Marilyn Burgess District Clerk

H-987638_1                                        3

Promissory Note

Date:   February _10_, 2010

Borrower:   **Osama Ali Abdullatif**

Borrower's Mailing Address: 5445 Almeda, Suite 500, Houston, TX 77004

Lender:              Ali Choudhri

                         2500 West Loop South, Suite 255

                         Houston, TX 77027

Place for Payment:   2500 West Loop South, Suite 255

Principal Amount:    $1,500,000.00

Annual Interest Rate:   8 Percent (8%)

Maturity Date:       2-9-2012

Annual Interest Rate on Matured, Unpaid Amounts: Eighteen Percent (18%)

Collateral:          Exhibit "A"

Terms of Payment:   The Principal Amount is due and payable on the Maturity Date and the interest is due and payable on the Maturity Date.

For valuable consideration, the receipt of which is hereby acknowledged by Borrower, Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts.

Borrower may prepay this note in full at any time without penalty or premium.

Notwithstanding any other provision of this note, in the event of a default hereunder, before exercising any of Lender's remedies under this note or any instrument securing it, Lender will first give Borrower written notice of default and Borrower will have ten (10) days after notice is received in which to cure such default (provided, however, if such default is (x) for other than a failure to pay any monetary sum due to Lender under this note and (y) curable but requires work to be performed, acts to be done or conditions to be remedied which, by their nature, cannot be reasonably performed, done or remedied, as the case may be, within such ten (10) day period, then Grantor shall have an additional thirty (30) days to cure such default if Grantor commences same within such ten (10) day period and thereafter diligently and continuously prosecutes the same to completion).

A default exists under this note if (1) Borrower fails timely to pay or perform any obligation or covenant in any written agreement between Lender and Borrower; (2) any warranty, covenant, or

Unofficial Copy Office of Marilyn Burgess District Clerk

representation in this note or in any other written agreement between Lender and Borrower is materially false when made; (3) a receiver is appointed for Borrower or the Property; (4) any portion of the Property is assigned for the benefit of creditors; (5) a bankruptcy or insolvency proceeding is commenced by Borrower or a partnership of which Borrower is a general partner; or (6) (a) a bankruptcy or insolvency proceeding is commenced against Borrower or a partnership of which Borrower is a general partner, and (b) the proceeding continues without dismissal for sixty days, the party against whom the proceeding is commenced admits the material allegations of the petition against it, or an order for relief is entered.

If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid Principal Amount and any other amounts owed on the note immediately due.

Borrower also promises to pay reasonable attorneys' fees and court and other costs if this note is placed in the hands of an attorney for collection or enforcement. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

This note will be construed under the laws of the state of Texas, without regard to choice-of-law rules of any jurisdiction.

When the context requires, singular nouns and pronouns include the plural.

**BORROWER**
Osama Ali Abdullatif

Osama Ali Abdullatif

STATE OF TEXAS        §
                      §
COUNTY OF HARRIS      §

This instrument was acknowledged before me on the /Ɔday of February, 2010, by Osama Abdul Latif.

Notary Public in and for the State of _____
My commission expires: _____

LINDA SHIPP
Notary Public, State of Texas
My Commission Expires
August 14, 2011

Unofficial Copy Office of Marilyn Burgess District Clerk

Page 3 of 3

# Exhibit "A"

### Tract 1   1951 Richmond Ave. Houston, Texas

A 0.1231 acre tract, being the remainder of Lot 4, Block 1, Richmond Place, according to the map or plat thereof recorded in Volume 8, Page 51, of the Map Records of Harris County, Texas. Said 0.1231 acre tract being more particularly described by metes and bounds as follows:

COMMENCING at a point on the south right-of-way line of Richmond Avenue and the east right-of-way line of South Shepherd Drive, being the north cutback corner;

Thence, North 89 deg. 24 min. 19 sec. East, along the south right-of-way line of said Richmond Avenue, a distance of 517.03 feet to an iron rod set for the POINT OF BEGINNING and the common north corner of Lots 3 and 4, same being the northwest corner of this tract;

Thence, North 89 deg. 24 min. 19 sec. East, continuing along the south right-of-way line of said Richmond Avenue, a distance of 50.03 feet to an "X" cut in concrete set for the common north corner of Lots 4 and 5, same being the northeast corner of this tract;

Thence, South 02 deg. 29 min. 51 sec. East, along the common line of said Lots 4 and 5, a distance of 105.51 feet to a point for the common corner of Lots 4, 5, 20 and 21, same being the southeast corner of this tract;

Thence, South 87 deg. 30 min. 09 sec. West, along the common line of said Lots 4 and 20, a distance of 50.00 feet to an iron rod set for the common corner of Lots 3, 4, 19 and 20, same being the southwest corner of this tract from which an iron rod found bears North 76 deg. 17 min. West, 2.38;

Thence, North 02 deg. 29 min. 51 sec. West, along the common line of said Lots 3 and 4, a distance of 107.17 feet to the POINT OF BEGINNING and containing 0.1231 acres of land.

### Tract 2   3459 McGowen St. Houston, Texas

Lot 2, in Block 2, of Oliver and Dreyling Addition, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 75, Page 93, of the Deed Records of Harris County, Texas.

### Tract 3   2501 Napoleon St. Houston, Texas

Lots 1, 11 and 12 in Block 2, of Oliver and Dreylings Addition, an addition in Harris County, Texas according to the map or plat thereof recorded in Volume 75, Page 93 of the Deed Records of Harris County, Texas.

### Tract 4   1327 W. Bell Houston, Texas

Lot 20, in Block 5, of Rosemont, an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 572, Page 193, of the Deed Records of Harris County, Texas.

### Tract 5   3007 Wichita Houston, Texas

Lot 2, in Block 1, of Lubbock, an addition in Harris County, Texas, according to the map or plat thereof, recorded in Volume 725, Page 599 of the Deed Records of Harris County, Texas.

Tract 6    2720 Greenbriar Houston, Texas

Lot Thirteen (13), in Block Four (4), of West Court Addition, a subdivision in Harris County, Texas, according to the map or plat thereof, recorded in Volume 6, Page 66 of the Map Records of Harris County, Texas.

Tract 7    1323 W. Bell Houston, Texas

Lots 1 and 2, of Soraya Subdivision, a subdivision in Harris County, Texas according to the map or plat thereof recorded in Film Code No. 454078 of the Map Records of Harris County, Texas.

Tract 8    6904 Van Etten Houston, Texas

Lot Thirteen (13), in Block Three (3), of CENTRAL CITY SUBDIVISION, a Subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 16, Page 31, of the Map Records of Harris County Texas.

Tract 9    0 Wood Shadows Dr. Missouri City, Texas

Being 7.006 acres of land located in the David Bright Survey, Abstract 13, Fort Bend County, Texas, said 7.006 acres being out of a called 12.50 acre tract as recorded in Volume 2723, Page 61 of the Fort Bend County Deed Records, said tract being more particularly described as follows:

COMMENCING at a 5/8 inch iron rod found in the South right-of-way line of Cartwright Road and being the Northwest corner of the Woods Subdivision as recorded in Slide 692-B of the Fort Bend County Plat Records, said iron rod having a Texas State Plane Coordinate of   X=3,101,717.73 and Y=652,456.15 South Central Zone (NAD-27);

THENCE, South 02 deg. 43 min. 17 sec. East with an old barbed wire fence marking the West line of said Woods Subdivision, a distance of 774.56 feet to a cyclone fence post found for the POINT OF BEGINNING;

THENCE, South 02 deg. 43 min. 17 sec. East with said barbed wire fence and the West line of said Woods Subdivision, a distance of 989.90 feet to a 1/2 inch iron pipe found for a corner;

THENCE, South 87 deg. 10 min. 45 sec. West with said fence, a distance of 308.50 feet to a 5/8 inch iron rod

set for a corner, said iron rod being also in the East line of Quail Valley East Subdivision Section 3, as recorded in Volume 11, Page 1 of the Fort Bend County Map Records;

THENCE, North 02 deg. 43 min. 16 sec. West with said barbed wire fence and East line of said Quail Valley East Subdivision, a distance of 988.68 feet to a cyclone fence post found for a corner;

THENCE, North 86 deg. 57 min. 05 sec. East with a cyclone fence, a distance of 308.50 feet to the POINT OF BEGINNING containing 7.006 acres of land, more or less.

NOTE: This Company does not represent that the above acreage or square footage calculations are correct.

Tract 10    5445 Almeda Rd. Houston, Texas

Lots 1 Thru 7 Block 23 Riverside Terrace Sec 3, an addition in Harris County, Texas.

RECORDER'S MEMORANDUM:
At the time of recordation, this instrument was found to be inadequate for the best photographic reproduction because of illegibility, carbon or photo copy, discolored paper, etc. All blockouts, additions and changes were present at the time the instrument was filed and recorded.

Case 26-03240   Document 1-1   Filed in TXSB on 06/21/26   Page 81 of 124

Unofficial Copy Office of Marilyn Burgess District Clerk

FILED

2013 APR 16 PM 3:00

*Stan Stanart*
COUNTY CLERK
HARRIS COUNTY, TEXAS

ANY PROVISION HEREIN WHICH RESTRICTS THE SALE, RENTAL, OR USE OF THE DESCRIBED REAL PROPERTY BECAUSE OF COLOR OR RACE IS INVALID AND UNENFORCEABLE UNDER FEDERAL LAW.
THE STATE OF TEXAS
COUNTY OF HARRIS
I hereby certify that this instrument was FILED in File Number Sequence on the date and at the time stamped hereon by me, and was duly RECORDED, in the Official Public Records of Real Property of Harris County, Texas

APR 16 2013



*Stan Stanart*
COUNTY CLERK
HARRIS COUNTY, TEXAS

Filed 13 July 15 P12:24
Chris Daniel - District Clerk
Harris County
ED101J017595168
By: Nelson Cuero

**2013-41273 / Court: 270**
CAUSE NO. _____

| | | |
|---|---|---|
| OSAMA ABDULLATIF, individually, | § | IN THE DISTRICT COURT |
| and ABDULLATIF & COMPANY, LLC, | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | _____JUDICIAL DISTRICT |
| | § | |
| ALI CHOUDHRI and HOUSTON REAL | § | |
| ESTATE PROPERTIES, LLC, | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

### Plaintiffs' Original Petition

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, **Osama Abdullatif** ("Latif") and **Abdullatif & Company, LLC** (ACLLC") (Latif and ACLLC are sometimes collectively referred herein as "Plaintiffs"), complain of Defendants, Ali Choudhri ("Ali") and Houston Real Estate Properties, LLC ("HREP") (Choudhri and HREP are sometimes collectively referred to as "Defendants") as follows:

### Parties & Service

1.      Plaintiff Latif is an individual residing and doing business in Harris County, Texas; and Plaintiff ACLLC is a limited liability company located in Harris County, Texas.

2.      Defendant Ali is an individual residing and doing business in Harris County, Texas and may be served at his business address 2500 West Loop South, Suite 255, Houston, Texas 77027.

3.      Defendant HREP is a limited liability company registered and doing business in Harris County, Texas, and may be served with process by serving its registered agent for service of process, Shahnaz Choudhri, 2500 West Loop South, Suite 255 Houston, Texas 77027; or, by serving its managing member, Ali Choudhri, at his business address 2500 West Loop South, Suite 255, Houston, Texas 77027.

Unofficial Copy Office of Marilyn Burgess District Clerk

**Discovery Plan and Venue**

4.      Pursuant to Texas Rules of Civil Procedure 190.1, Plaintiffs submit that discovery in this lawsuit should be conducted under Level 2.   Venue is proper in Harris County, Texas as all parties reside in Harris County, Texas and the causes of action arose or occurred in Harris County.

**Bankground Facts**

5.      Ali Choudhri, along with his father, mother and three (3) other members had an interest in an entity known as Houston Real Estate Properties LLC ("HREP").   HREP was formed on or about March 29, 2009 with Shahnaz Choudhri as its managing member.   Shahnaz is Ali's mother.   Shortly, thereafter, Naeem Choudhri became the managing member, replacing Shahnaz.   Naeem is Ali's father.   HREP acquired the properties listed on Exhibit A.   On or about May 5, 2009 HREP filed bankruptcy.   The bankruptcy was terminated on or about December 28, 2009.

6.      Purportedly effective on or about September 25, 2009, these properties were pledged by HREP for the benefit of Sterling Bank to secure the repayment of a Combination, Modification, Renewal and Extension of Promissory Notes and Liens in the principal amount of One Million, Forty Thousand and no/100 Dollars ($1,040,000.00) (the "Sterling Note").   Ali and his father gave an unlimited full guarantee of the Sterling Note, and other members of HREP, gave limited guarantees of the Sterling Note in the respective amounts shown below:

| | |
|---|---|
| Naeem Choudhri | Unlimited/Full Guarantee |
| Ali Choudhri | Unlimited/Full Guarantee |
| Parvin Latimore | $138,000.00 |
| Damian Latimore | $224,250.00 |
| Ramesh Shah | $105,100.00 |

-2-

7.    The Sterling Note had a provision in it that allowed for a 15% discount on the payment of the principal owed on the Sterling Note if it was paid in full by November 30, 2009. The 15% discount was also available if paid in full by December 15, 2009 provided that, if, on or before November 30, 2009, a non-refundable payment of $50,000 was paid to Sterling Bank.

8.    Ali knew that Latif was a real estate investor and had purchased and invested in a number of real estate properties in the greater Houston area. At the time HREP filed for bankruptcy and as Defendants attempted to deal with the Sterling Note, Latif, Ali and his father were friends. They all worshiped together at the same mosque. They socialized with their families. Ali told Latif that the Sterling Note could be purchased at a 15% discount. Further, Ali told Latif that Ali could not purchase the Sterling Note himself before the deadline provided in the Sterling Note because he was traveling to Pakistan to get married. Ali and his father asked Latif to purchase the Sterling Note at the 15% discount and asserted they would quickly sell some of the properties to pay off the full amount of the Sterling Note and would pay Latif half of the 15% savings. Ali and his father, on behalf of HREP, misrepresented their true intentions to the detriment of Latif. Defendants induced Latif to purchase the Sterling Note at a discount but had no intention of selling the properties; instead, they needed Latif's help to save the properties from foreclosure and they intended to saddle Latif with the burden of carrying the properties.

9.    On or about December 15, 2009, Latif purchased the Sterling Note for $837,894.78. HREP then made payments to Latif for the December 2009 and January 2010 note payments. Having saddled Latif with the burden of carrying the properties, Defendants convinced Latif that they would sell the properties to him so he could refinance the amounts

-3-

owed and that they would continue to pay the indebtedness while managing and collecting the rents. On or about February 10, 2010, HREP sold the properties to Latif for $1,750,000.00 which was partially financed by a $1,100,000.00 loan from Lone Star Bank. The closing also included the payment of past due taxes in excess of $90,000.00 and cash to HREP of $552,972.93, plus an additional $50,000.00 paid outside of closing from Latif to HREP and/or Sterling Bank.

10.     Ali and Latif agreed that Ali and/or HREP would be responsible for paying the Lone Star Bank loan and the taxes owed on the properties, and that HREP would be allowed to collect and rent the properties. From February 2010 until February 2011, Ali arranged for, on an irregular basis, to pay Latif the monthly amounts owed to Lone Star Bank. Further, the 2010 taxes owed on the properties were paid by or on behalf of HREP, although Chicago Title had to bring a lawsuit to compel Ali to honor his indemnity to pay some of the taxes that were owed.

11.     Since March 2011, Defendants have refused to make any payments to Latif and in deposition testimony in another lawsuit Ali stated he had no objection to Latif selling the properties so that the Lone Star Bank note could be paid off and past due taxes paid. Latiff has made the tax payments for 2011. Realizing that Ali and HREP were refusing to honor any agreement they had with respect to the properties, Latif decided to sell the properties in order to mitigate his losses from the misrepresentations made by Defendants. Further, on information and belief, from March 2011 until the present, HREP and/or Ali continue to collect rent from some of the properties.

12.     After evicting a tenant at 1951 Richmond who claimed he could remain in the property under an agreement with Ali, Latif listed the property for sale. Also, Latif listed the

Greenbriar property for sale and subsequently Latif entered into an agreement to sell the Greenbriar property. Before the property could be closed, however, Ali filed an Affidavit as to Lien on Properties Pursuant to Promissory Note. ("Bogus Lien Affidavit"). A true and correct copy of the Bogus Lien Affidavit is attached hereto and incorporated by reference as Exhibit B.

13.    The Bogus Lien Affidavit is a cloud on the title to Latif's properties purchased from HREP. Additionally, the Bogus Lien Affidavit purports to claim a lien on property located at 5445 Almeda Road in Houston, Texas. The Almeda Road property was never owned by HREP or Ali and is and has been owned by ACLLC. There is no consideration for the underlying promissory note Ali claims is owed to him by Latif, and there is no legal or statutory basis for the claiming of a lien on any of the properties. Accordingly, the Bogus Lien Affidavit is a fraudulent lien claim or claim against real properties. Ali filed the Bogus Lien Affidavit with the intent to slander the title of properties held in legal title by Latif and with the intent to cause financial injury, mental anguish or emotional distress to Latif.

*Cause of Action for Fraudulent Lien or Claim Against Real Property*

14.    Based on the foregoing acts and conduct, Defendants are liable to Plaintiffs pursuant to Chapter 12 of the Texas Civil Practices and Remedies Code and pursuant to Chapter 51 of the Texas Government Code. Plaintiffs are entitled to recover the greater of their actual damages or $10,000.00 per property, court costs, reasonable attorney fees, and exemplary damages in an amount to be determined by the Court.

*Cause of Action for Slander of Title and to Quiet Title*

15.    Based on the foregoing acts and conduct, Defendants are liable to Plaintiffs as a result of filing a fraudulent lien or claim against real properties. Defendants uttered and

-5-

published a disparaging written statement about the state of Plaintiffs' title to the properties identified on the Bogus Lien Claim at Exhibit B of this Petition. The statement was false because Ali was not owed any funds by Plaintiffs nor were the properties pledged as liens to secure any amounts allegedly owed to Ali. Ali's false statement caused injury to Plaintiffs, which resulted in damages in excess of the jurisdictional limits of the Court. Ali's false statement was published with legal malice, which entitles Plaintiffs to exemplary damages.

16. Based on the foregoing acts and conduct of Defendants, they are liable to Plaintiffs and the Court should quiet title to the properties identified in the Bogus Lien Affidavit as to Latif and as to ACLLC (for the Almeda property) as against any claims of Defendants to title or for any liens against such properties.

*Cause of Action for Fraud in a Real Estate Transaction*

17. Based on the foregoing acts and conduct of Defendants, Plaintiffs are entitled to recover their actual damages, attorney fees and costs of court as a result of the misrepresentations and fraudulent conduct of Defendants that has caused damages to Plaintiffs.

**Request for Disclosures**

18. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendants disclose within fifty (50) days of service of this Petition and accompanying request, any and all information or material described in Rule 194.2(a)-(l).

WHEREFORE, Plaintiffs request that the Defendants be cited to appear and answer, and that on final trial, Plaintiffs have:

a.    Relief sought pursuant to the allegations stated above;

b.    Costs of suit;

c.      Reasonable attorney's fees for trial and appeal; and

d.      Such other and further relief to which Plaintiffs may be justly entitled.


Respectfully submitted,

MORRIS, LENDAIS, HOLLRAH & SNOWDEN

By:_____
        Allan D. Goldstein
        State Bar No. 08097950
        James D. Salyer
        State Bar No. 17549690
1980 Post Oak Boulevard, Suite 700
Houston, Texas 77056
(713) 966-7200 telephone
(713) 966-7230 telecopier
allan@mlhs.net
jsalyer@mlhs.net
Attorneys for Plaintiffs

-7-

CAUSE NO. 2013-41273

| | |
|---|---|
| OSAMA ABDULLATIF, INDIVIDUALLY AND ABDULLATIF & COMPANY LLC | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | |
| v. | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI AND HOUSTON REAL ESTATE PROPERTIES LLC | |
| *Defendants.* | 55th JUDICIAL DISTRICT |

EXHIBIT A

**FILED**
Marilyn Burgess
District Clerk

APR 09 2025

Time: _____ 10 37

Harris County, Texas

By_____
Deputy

# 2012-27197A

### CAUSE NO. 2012-27197-A

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. | § | IN THE DISTRICT COURT |
| AND OSAMA ABDULLATIF, | § | |
| *Plaintiffs,* | § | |
| vs. | § | HARRIS COUNTY, TEXAS pg- 14 |
| | § | MODIX |
| ALI CHOUDHRI, | § | |
| *Defendant.* | § | 333rd JUDICIAL DISTRICT |

### AMENDED ORDER GRANTING TURNOVER, CHARGING ORDER AND APPOINTMENT OF RECEIVER AGAINST JUDGMENT DEBTOR

On April 1, 2025, this Court granted Abdullatif's Motion to Adopt and Join Ali Mokaram's Second Application to Appoint Collection Receiver over Judgment Debtor (the "Motion")[1] and issued an order resulting therefrom. The Court wanting to clarify its April 1, 2025, ruling[2] issues this Amended Order Granting Turnover, Charging Order and Appointment of Receiver against Judgment Debtor.

**The Court DEFINES that:**

1)    "Abdullatif" or "Creditor" refers to Plaintiff, Osama Abdullatif, c/o his attorney of record, T. Michael Ballases.

2)    "Choudhri" as well as "Debtor" refers to Defendant Ali Choudhri, c/o of his attorney of record, Justin Rayome.

3)    "Judgment" refers to the Final Judgment entered by this Court in the above referenced case on October 23, 2023, in favor of Abdullatif against Debtor in the amount of $3,332,366.98 plus post-judgment interest at the maximum rate permitted under the law compounded annually on all such amounts from the date of October 24, 2023, until the judgment is paid in full in addition to all awards of attorneys' fees, court costs and expenses awarded to Abdullatif in the Order signed by the Court on March 6, 2025, in the total amount of $16,662.50, and the amount of any legal fees, costs and/or expenses awarded by the court to Abdullatif herein or hereafter. No amounts have been collected, and the full amount of the Judgment remains due and owing.

---

[1] As this Court recalls, Abdullatif filed his Adoption of and Joinder to Mokaram's Second Application to Appoint Collection Receiver Over Judgment Debtor on March 21, 2025.

[2] The Court notes that in its original April 1, 2025, ruling, it specifically stated therein multiple times that nothing in said order was intended to violate any bankruptcy stay that may be applicable.

4911-5780-7404.1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 119925187 - Page 1 of 14

4)      "Receiver," who is an agent of this Court, refers to Travis B. Vargo (State Bar No. 24047027), 12012 Wickchester, Suite 670, Houston, Texas 77079; (713) 524-2441 telephone; (832) 779-8838 facsimile; tvargo@vargolawfirm.com.

5)      "Texas REIT Bankruptcy" refers to that certain bankruptcy case styled In re Texas REIT, LLC, Case No. 24-10120-SMR, pending in the Bankruptcy Court.

6)      "Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Texas, Austin Division and the United States Bankruptcy Court for the Southern District of Texas, Houston Division whichever may apply to Bankrupt entities.

7)      "Stay Order" refers to that certain Order Granting in Part Creditors' Expedited Motion for Relief from Stay (Document #524) entered in the Texas REIT Bankruptcy on March 20, 2025.

8)      "Choudhri Receivership Assets" includes all assets owned by Choudhri, except his ownership interests in any limited liability company.

9)      "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):

    a.  ARABELLA PH 3201 LLC
    b.  2727 Kirby 26L LLC
    c.  9201 Memorial Drive LLC
    d.  50BH Acquisition, LLC
    e.  BDFI LLC
    f.  Forest Legacy LLC
    g.  Jetall GP, LLC
    h.  Jetall Capital, LLC
    i.  Jetall Croix Properties LLC
    j.  JETALL/CROIX GP, LLC
    k.  JETALL CONSTRUCTION & DEVELOPMENT GP, INC.
    l.  Jetall Investment and Realty Inc
    m.  Meandering Bend LLC
    n.  MCITBE LLC
    o.  OTISCO RDX, LLC
    p.  Otisco Rdx
    q.  PBAC 507 Holdings LLC
    r.  Vanguard Realty Partners LLC
    s.  VGRP Holdings LLC
    t.  Milestone Capital CRE 1, LLC
    u.  Milestone Capital CRE 2, LLC
    v.  Milestone Capital CRE 3, LLC
    w.  QB Loop Property, LP
    x.  Memorial Glen Cove, LLC.

4911-5780-7404.1
4918-9384-8200, v. 2

Certified Document Number: 119925187 - Page 2 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

10)     "Bankrupt LLCs" means each limited liability company in which Choudhri owns a membership interest that is presently subject to a bankruptcy proceeding, including but not limited to:

    a.  Texas REIT, LLC
    b.  1001 WL LLC
    c.  Galleria West Loop Investments LLC
    d.  Jetall Companies Inc.
    e.  NIA ATX LLC
    f.  SAL ATX LLC
    g.  Maya J ATX LLC

11)     "Choudhri Agent's" shall mean any individual or entity operating under a separate Agent Agreement whereby Agent is holding assets for and acting on behalf of Ali Choudhri or one of his LLCs.  Individuals operating under such agreements, now or in the past, include but are not limited to:  Drew Dennett, Brad Parker, Azeemah Zaheer, Shahnaz Choudhri, and Dward Darjean.

**The Court FINDS that:**

12)     This court has jurisdiction for this proceeding and can proceed in granting the relief set forth herein immediately.  *See* Tex. Civ. Prac. & Rem. § 31.002(a); *Childre v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 289 (Tex. App.—Dallas 1985, no writ) (creditor does not have to wait 30 days before turnover can be granted because a receivership is in the nature of an attachment and garnishment, so the waiting period of Rule 627 is not required).

13)     The Judgment is valid, and the amount of the Judgment is unsatisfied by Debtor. *See* Tex. Civ. Prac. & Rem. § 34.001.

14)     Pursuant to this Order, the Receiver will have a judicial lien on all non-exempt assets of Debtor that are the subject of this Order, regardless of whether the Receiver takes actual possession.  No one—not even a lien holder with a prior filed deed of trust-can sell property held in *custodia legis* by a duly appointed the Receiver without first obtaining approval from the Court in which the Receivership is pending.[3]  Any unauthorized transfer of property in the custody of a the Receiver is *not merely voidable, it is* void.[4]  Thus, any attempt by Debtor to transfer any nonexempt property after the turnover order has been signed is void, and any conveyance of property in the custody of the Receiver without approval by the court has no effect upon the Receivership and the accomplishment of its purposes.[5]  Nothing in this Order is intended to violate any bankruptcy stay that may be applicable.

15)     For the avoidance of doubt, this Order is not intended to, and does not, assert jurisdiction over Texas REIT, LLC or any of its rights, assets, real or personal property, lawsuits, claims, defenses and/or matters constituting property of its bankruptcy estate.  Moreover, this Order is not intended to, and does not, assert jurisdiction over any interest Choudhri holds in Texas

---

[3] *First S. Props.*, at 341; *Huffmeyer v. Mann*, 49 S.W.3d 554,560 (Tex.Civ.App.-Corpus Christi, 2001).
[4] *First S. Props.*, at 341.
[5] *T.H. Neel v. WL. Fuller*, 557 S.W2d 73, 76 (Tex. 1977).

4911-5780-7404.1
4918-9364-8200, v. 2

Certified Document Number: 119925187 - Page 3 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

REIT, LLC. This Order is subject to all orders of the Texas REIT Bankruptcy, including the Stay Order. Subject to any approval required by the Bankruptcy Court, The Receiver may assert rights and claims on behalf of Dalio against Texas REIT, LLC and/or WCW in the Texas REIT Bankruptcy.

**THEREFORE, the Court ORDERS the relief as set out below:**

16)    <u>Appointment / Bond.</u>  After taking the oath of office, the Receiver shall be authorized, subject to the control of this Court, to do any and all acts necessary to the proper and lawful conduct of said Receivership. No bond is required of the Receiver because this is a Chapter 31 post-judgment appointment. *Children v. Great Sw. Life Ins. Co.*, 700 S.W. 2d 284, 289 (Tex. App.—Dallas 1985, no writ) (noting that a bond is not required in a Chapter 31 receivership and further noting that "since the underlying obligation has been determined by final judgment, the Debtor will not be harmed if no bond, or merely a nominal bond, is required.").

17)    <u>Turnover</u>. The Choudhri Receivership Assets are hereby turned over to the Receiver (jointly the "Receivership Assets"). Debtor is enjoined from selling, transferring, gifting, destroying, disposing of, or otherwise encumbering the Receivership Assets. The Receiver is now the legal and equitable owner of the Receivership Assets, regardless of whether the Receiver takes actual possession of them.

18)    <u>Charging Orders</u>.  Pursuant to Texas Business Organizations Code Section 101.112, the Court hereby issues this charging order against all membership interests owned by Choudhri in the Choudhri LLC's (collectively, the "Companies"). All Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri until satisfaction of the Judgment is made in full. Choudhri may not receive any payment from any of the Companies, directly or indirectly, until the Judgment is paid in full and/or without written consent from the Court. For the avoidance of doubt, the foregoing paragraph does not apply to the Bankrupt LLCs. As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable.

19)    <u>Debtor' Responsibilities to the Receiver and the Court.</u> Debtor is Ordered to:

a.    Deliver Receivership Assets to the Receiver, including by executing all documents to transfer ownership of same as requested by the Receiver

b.    Deliver electronic copies of the items described in Exhibit A attached hereto as part of this Order within ten (10) days, as well as all documents subsequently requested by the Receiver in writing, also by providing within ten (10) days.

c.    Identify and provide a list in writing to the Receiver of all property owned by Debtor that he contends is exempt from collection and turnover within ten (10) days.

d.    Comply with written requests of the Receiver.  If Debtor believe that the Receiver's requests are inappropriate, Debtor must first comply, then seek protection from the

4911-5780-7404.1
4918-9364-9200, v. 2

Certified Document Number: 119925187 - Page 4 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

Court, after giving full notice to the Receiver in writing and attempting to resolve the issues without Court intervention.

e.      Debtor shall provide a list of all individuals operating under an Agent Agreement with Debtor or Debtor's LLCs.

20)    <u>Debtor's Business</u>. All authority and power of Debtors to manage and operate the businesses of Debtors not currently in Bankruptcy is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver.[6] This order supersedes the authority of any officers, directors or managers of Debtors. For the avoidance of doubt, the foregoing paragraph shall not apply to Choudhri's ability to manage and operate the business Texas REIT, LLC, which is subject to the jurisdiction of the Bankruptcy Court, nor any other Bankrupt LLC.  As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable and the Bankruptcy Court shall maintain exclusive jurisdiction over any litigation pertaining to any Bankrupt LLCs.

21)    <u>Peace Officers Responsibilities to the Receiver and the Court.</u> Every constable, deputy constable, sheriff, deputy sheriff, and other peace officer may accompany the Receiver to locations designated by the Receiver where the Receiver believes that a Debtor' assets or records may be located. The peace officers are ordered to prevent interference with the Receiver's carrying out any duty under this order or interference with property in the Receiver's control or subject to this order.

22)    <u>Exclusive Jurisdiction Over Related Disputes and Lawsuits.</u>

a.      *Custodia Legis*.  Receivership Assets are in *custodia legis*.  Except for the Bankruptcy Court's jurisdiction, no other court or forum has jurisdiction to adjudicate rights relating to the Receivership Assets because this Court maintains exclusive, sole authority for assets held in *custodia legis* by it.[7] Notwithstanding anything herein to the contrary, the Bankruptcy Court shall continue to have exclusive jurisdiction over any disputes pending or otherwise brought in the Texas REIT Bankruptcy, including disputes between Dalio I and/or Dalio II and WCW or any other Bankrupt LLCs.

b.      Immunity.  The Receiver and persons engaged or employed by him are not liable for loss or damage incurred by any person or entity by reason of any for any act performed or omitted to be performed by the Receiver or those engaged or employed by the Receiver for the discharge of their duties and responsibilities for the Receivership, including exercising control

---

[6] *Id.* "Texas law asserts that Receiver has the full rights that the corporation had."

[7] *See Tex. Am. Bank/West Side v. Haven*, 728 S.W.2d 102, 104 (Tex. App.—Fort Worth 1987, writ dismissed for want of jurisdiction) ("If a court of competent jurisdiction, federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty.") (quoting *Palmer v. Texas*, 212 U.S. 119 (1909)), *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet); *see, also Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977); *Lauraine v. Ashe*, 109 Tex. 69, 191 S.W. 563, 565 (1917).

4911-5780-7404.1
4918-9384-9200, v. 2

Certified Document Number: 119925187 - Page 5 of 14

Official Copy from Marilyn Burgess District Clerk

over Receivership Assets. This Court retains the exclusive jurisdiction, to the exclusion of any other court, over the Receiver for the purpose of determining whether the Receiver is immune for any action taken by the Receiver. Any suit or claim against the Receiver must be brought in this appointing Court and/or transferred to this Court for adjudication; however, this paragraph 28(b) does not limit the jurisdiction of the Bankruptcy Court.

              c.        <u>Exempt Property Disputes</u>.  If there is any dispute whether an asset of Debtor is non-exempt, or property of Debtor (as opposed to a third-party), the Receiver is authorized to take custody or control of the asset pending objections, if any, and/or adjudication by this Court. Debtor claiming an exemption shall file an objection or statement with this Court that claims the exemption, cites the legal and factual grounds for the exemption, and describes the property with sufficient specificity that a constable can levy upon it.

              d.        <u>Disputed Third-Party Rights to Property</u>. This Court shall maintain exclusive jurisdiction over fraudulent transfer lawsuits brought by the Receiver or Creditors; *provided, however*, that the Bankruptcy Court will continue to have exclusive jurisdiction over any claims brought against Texas REIT, LLC or any of the other Bankrupt Entities currently in Bankruptcy Court. The Court shall further maintain exclusive jurisdiction over any litigation pertaining to the ownership interests disputed during the Receiver's actions involving a third-party; *provided, however*, that the Bankruptcy Court will continue to have exclusive jurisdiction over any claims brought against Texas REIT, LLC and the litigation currently pending between WCW, Dalio I, and Dalio II in the Texas REIT Bankruptcy and related adversary proceedings. If any third-party alleges or claims that an asset in the possession of the Receiver or otherwise subject to this order is not or should not be a Receivership asset, they must file a verified claim or intervention into this turnover proceeding, that attaches admissible evidence substantiating their claim to Receivership Assets in *custodia legis,* with this court within twenty (20) days of their knowledge of the earlier of (1) this order or (2) the Receivership's collection, control, possession of the property; *provided, however,* that the foregoing shall not apply to any of the Bankrupt Entities including Texas REIT, LLC or the Bankruptcy Court. The Court may require a disputing party to post a bond to cover the Receiver's efforts and additional costs associated with the dispute if the Court cannot promptly adjudicate the claim.

        23)       <u>Third-Parties Responsibilities to the Receiver and the Court.</u> Notwithstanding anything herein to the contrary, the following shall not apply to the Bankruptcy Court's ability to oversee and administer the Bankrupt Entities including the Texas REIT Bankruptcy, their plan confirmation and/or liquidation of its real or personal property or any property of the bankruptcy estate. Third-Parties not subject to a Bankruptcy Court order with actual notice of this order is ordered not to interfere with property in the Receiver's control or subject to this order and is ordered not to interfere with the Receiver in the performance of the Receiver's duties. Third-parties are notified that the Receiver (not Debtors) is the party entitled to possess, sell, liquidate, and otherwise deal with Debtors' non-exempt property and once any third-party receives notice of this Order, the third-party may be subject to liability if the third-party releases property, unless directed by the Receiver or the Court.

              a.        All third-parties who hold Debtors' property or records are ordered to immediately notify the Receiver and to deliver the property within five (5) business days of the

4911-5780-7404.1
4918-9364-9200, v. 2

Certified Document Number: 119925187 - Page 6 of 14

Receiver's demand. Notwithstanding the foregoing, any documents requested from Texas REIT, LLC or other Bankrupt Entities must comply with the Federal Rules of Bankruptcy Procedure.

> b.   All third-parties who owe money or other things of value to Debtors shall promptly pay or deliver same to the Receiver; *provided, however*, that the foregoing shall not alter or otherwise impact the claims administration process in the Texas REIT Bankruptcy.

> c.   Comply with requests for records and documents from the Receiver as set forth herein.

> d.   Comply with the Receiver requests and notices for stenographic or non-stenographic examinations to discuss Receivership Assets, Debtor' or third-parties' knowledge of same.

> e.   Anyone resisting the Receiver's order or request, based on legal or other advice, is ordered to give the full name, address, fax number, e-mail address, cell phone number, and direct telephone number for each person giving that advice and to instruct those persons to immediately contact the Receiver. Doing so waives no attorney-client communication privilege.

24)   <u>Other Judgments.</u> The Receiver may obtain permission from this and other courts to satisfy several judgments against the same Debtor.[8] The Receiver may notice other subsequent receiverships or their controlling court of this receivership and may take legal actions necessary to abate or quash subsequent receiverships.

**Powers GRANTED unto the Receiver by this Court:**

25)   <u>Possession of Receivership Property.</u> The Receiver shall take possession, custody, and control of Receivership Assets in Debtor' actual or constructive possession, custody, or control, or that the Receiver reasonably believes that Debtor otherwise owns or controls in the possession of third-parties.

26)   <u>Possession of Documents and Devices.</u> The Receiver may take possession, custody and control of records, documents, and devices containing records and information that may lead to the discovery of Receivership Assets in Debtor' actual or constructive possession, custody, or control, or that Debtor otherwise owns or controls in the possession of third-parties. The Receiver may review information and documents that come into his actual or constructive possession, custody, or control.

27)   <u>Title Holds and Transfers.</u> The Receiver is hereby granted power of attorney and authorized to sign the name of Debtor to transfer real property titled in the names of Debtor to himself (as Receiver) wherever located. *See Reeves v. Federal Sav. & Loan Ins. Corp.*, 732 S.W.2d 380, 382-83 (Tex. App.—Dallas 1987, no writ) (authorizing the turnover of real property outside the state owned by a Debtor under the jurisdiction of Texas courts). Receiver may also elect to place holds on titles to personal property (e.g., vehicles), intangible property, and file notices of

---

[8] *Barrera v. State*, 130 S.W.3d 253 (Tex.App.–Houston [14th Dist.] 2004, no pet.)

4911-5780-7404.1
4918-9384-8200, v. 2

Certified Document Number: 119925187 - Page 7 of 14

receivership and turnover. For the avoidance of doubt, the foregoing paragraph shall not include the right to transfer ownership interests in the Bankruptcy LLCs.

28)   Value and Sale. The Receiver shall use discretion in incurring expenses associated with appraisals, evaluations, listing and advertising agreements in connection with the sale of Receivership Assets.

29)   Documents from Third-Parties. The Receiver may request documents and records from third-parties in writing, without a subpoena, and set a reasonable deadline for responses within his reasonable discretion given the circumstances surrounding the request. A written request from the Receiver has the same effect and subpoena and third-parties are hereby directed to comply. The Receiver may issue subpoenas with the following language to third-parties: "Please do not disclose or notify the user of the issuance of this subpoena. Disclosure to the user could impede an investigation or obstruct justice." Third-Parties shall follow this instruction and refrain from informing the Debtors. Notwithstanding the foregoing, any documents requested from Texas REIT, LLC must comply with the Federal Rules of Bankruptcy Procedure.

30)   Authority to Order Tax Returns. The Court declares that the Receiver is a person authorized to sign Internal Revenue Forms 4506-T (Request for Transcript of Tax Return) and 4506 (Request for Copy of Tax Return) to obtain the Debtor(s) tax returns. The Receiver is further authorized and empowered to take additional steps, within the discretion of the Receiver, in Order to obtain the Debtor' tax returns, e.g., logging into the Internal Revenue Service online tax return transcript system.

31)   Tax Refunds. The Receiver is authorized to sign and submit documents to the Internal Revenue Service to obtain the Debtor' tax refunds or other monies due from the Department of the Treasury.

32)   Redirect Postal Mail. The Receiver may redirect, read, and copy Debtor' mail, whether electronic, paper, or facsimile, or otherwise, and whether sent to a street address, telephone line, post office box, or via the internet, before and exclusive of receipt. The Receiver may establish procedures for allowing Debtor to retrieve the mail, or copies, which includes making copies available to the Debtor electronically.

33)   Support and Assistance. The Receiver may hire any person, firm, or company to further remedies available to the Receiver, including hiring persons to change locks to premises belonging to Debtor; exclude persons from interfering with the Receiver's custody of the premises; moving or storing Debtor' property; collect accounts receivable; or sell Debtor' non-exempt property. The Receiver may employ counsel, at not more than $500.00 per hour, for representation and assistance in the prosecution of this Order, in defense of the Receiver, or in defense or prosecution of causes of action asserted by third-parties to Receivership Assets.

34)   Checks and Transactional Instruments. The Receiver may endorse and cash checks and negotiable instruments payable to a Debtor as described herein.

4911-5780-7404.1
4918-9364-9200, v. 2

Certified Document Number: 119925187 - Page 8 of 14

Unofficial Copy of Office of Marilyn Burgess District Clerk

35)     Real Property Sale.  All real property sales of Receivership Assets must be individually ordered, after notice and hearing.

36)     Receiver's Writs.  Writs of turnover issued under this order, must not be limited in time, or have an expiration date. The clerk is ordered to issue writs on an expedited basis, upon request.

37)     Service to the Receiver.  All parties must serve the Receiver with copies of all motions, notices, discovery responses, correspondence, and communications between them at the Receiver's address provided above, unless the Receiver provides alternative instructions.

38)     Service by the Receiver.  The Receiver may serve Debtors by serving their attorney of record, or if any of them do not have an attorney of record, by sending the documents to Ali Choudhri's email (ali@jetallcapital.com), by placing the documents to be served in the Debtors' mailbox, by taping them to the Debtors' door, and/or delivering them to any adult person at the Debtors' residence or place of business.  The Receiver may serve non-natural entities by placing the documents to be served in the registered agents for the entities' mailbox, taping them to the registered agent for the entities' door, or delivering them to the receptionist of the registered agent for an entity's place of business.

39)     Receiver Reports. The Receiver will file reports with this Court every 90 days.  Any party to this suit or subject to the Receiver's actions may file an objection to the Receiver's report. Should no objections be timely received, reports by the Receiver will be considered facts and conclusions of law.  Unopposed facts will be conclusively admitted. The Court, *sua sponte,* may confirm, modify, correct, reject, reverse, or recommit the report, after it is filed, as the court may deem proper and necessary.  Objections must be filed within 10 days, state each disputed ground, the reasons for each dispute, and attach the documents supporting each objection.

40)     Abandonment of Receivership Assets.  Notice of abandonment of receivership assets must be provided: At least ten days before any abandonment, the Receiver must file a notice of the intended sale or abandonment that describes the property to be abandoned, its price, if any, and how it will be abandoned, by first class mail to Debtor and every person who has filed a request for notice. Objections to the proposed abandonment must state the grounds and be filed within five days after the Receiver's service of the notice. If no objection is timely filed, the Receiver may abandon the property as described in the notice, without further order. If an objection is timely filed, the proposed abandonment must not be completed until the Court has decided the objection.

41)     Ancillary Litigations.  The Receiver may but is not required to defend or prosecute any litigation regarding the Debtors or Receivership Assets.  The Receiver may intervene into lawsuits being prosecuted by Creditors and/or Debtors given the Receiver's potential interest in Debtors' assets.  The Receiver is authorized to engage, employ, supervise, and compensate legal counsel for litigation. Any contingency fee agreement between the Receiver and proposed counsel must be approved by this Court.

4911-5780-7404.1
4918-9384-8200, v. 2

Certified Document Number: 119925187 - Page 9 of 14

Unofficial copy office of Marilyn Burgess District Clerk

42) <u>Compromise and/or Settlement of Claims.</u>   The Receiver is authorized to compromise and settle any disputes, claims and/or causes of action by and/or against Debtor within his discretion.

43).   <u>Receiver Expenses.</u>  The Receiver may incur reasonable expenses in furtherance of this Order and reimburse himself for same without further Order of this Court.  The Receiver may advance these costs or accept an advance of costs from the Creditor(s).  Nevertheless, the Receiver shall account for expenses incurred in his reports and file accountings when requesting reimbursement or fees.

44)   <u>Fees and Expenses Taxed Against Debtor(s).</u>  The Receiver's fees and expenses are taxed as costs of court against the Debtor(s).

45)   <u>Receiver Expenses and Fees.</u>  The Receiver is entitled to reimbursement of their expenses and a reasonable and customary fee.  Given that the Debtors has had an opportunity to pay the judgment(s) but has not and that the judgment creditor has labored to get the judgment(s), a contingency fee is the most economical and equitable way to compensate a receiver.  Competent and experienced receivers are rare.  The skills and tasks performed by the Receivers are unique and separate from those ordinarily performed by lawyers, investigation, surveillance, use of law enforcement, etc.  The Receivers who are licensed lawyers have a high opportunity cost insofar as they are foregoing hourly work billed against retainers and/or contingency fee work that does not pose a danger to their health, safety, and welfare as is many times the case with receivership work.  For these reasons, it is presumed that a reasonable Receiver's fee is 25% of all sales of Receivership Assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the Judgment(s).  In the case of a full collection of the Judgment(s), the Court presumes that 33% of all sales of Receivership Assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the Judgment(s) is reasonable.  The presumptive fee shall be used by the Receiver to determine the amounts in excess of the Judgment(s) that the Receiver is authorized to collect.  To be paid a fee or reimbursed expenses, the Receiver shall make application to this Court who shall consider the relevant factors.  Notice shall be given to Debtors and Creditors.  The Receiver may apply for fees or reimbursement of expenses from collections as frequently as needed within his discretion.

46)   <u>Receiver Reports and Discharge</u>.  The Receiver may file interim reports, accountings, and/or inventories to keep the Court apprised of developments, if any.  The Receiver shall file accountings, as necessary, setting forth the work performed, expenses incurred, and the proposed distribution of same for reimbursement of expenses, a fee, and Creditor distributions.  If the Debtor(s) file bankruptcy, the Receiver's fee shall be the greater of: (i) 25% of the value of assets held in *custodia legis* during the receivership; or (ii) a reasonable hourly rate for attorneys practicing in Harris County.  The Receiver shall file a final accounting with a motion to terminate the receivership when collection is complete or the Receiver, in their discretion, determines that collection will not be successful.

47)   <u>Attorney's fees.</u>  The Court takes judicial notice of the time that is reasonable and necessary for obtaining this order and conducting other post judgment collection activities as set forth in the application to appoint receiver.  Thus, Debtors are ordered to pay Creditors the amount

4911-5780-7404.1
4918-9364-9200, v. 2

Certified Document Number: 119925187 - Page 10 of 14

of $5,000.00 in attorneys' fees for its fees and expenses. See Tex. Civ. Prac. & Rem. 31.002(e). Additional fees may be awarded, after notice and hearing. These fees are included in the definition of the Judgment..

48)   Tex. R. Civ. P. 679a. Personal Property Rights of Debtor: The Receiver must comply with Texas Rule of Civil Procedure 679b. The Receiver to Hold Property: The Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Debtor with the Notice of Protected Property Rights, the Instructions for Protected Property Claim Form, and the Protected Property Claim Form approved by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtor asserts an exemption, the Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtor's written consent or a court order.

BE IT SO ORDERED.   Any and all further relief not expressly stated herein is denied.

Signed this **9th** day of April 2025.

APRIL 09, 2025

Randy Wilson
Presiding Judge

Agreement to serve:

_/s/ Travis Vargo_
Travis Vargo, Texas Bar # 24047027
PROPOSED RECEIVER

Unofficial Copy Office of Marilyn Burgess District Clerk

4911-5780-7404.1
4918-9384-9200, v. 2

Certified Document Number: 119925187 - Page 11 of 14

## EXHIBIT A

<u>Deadline to Comply</u>: Debtor/Debtor shall deliver the following documents in hard copy or electronic form to the Receiver within ten (10) calendar days of this Order.

<u>Scope / Time Periods:</u> **Unless otherwise stated in the request, all time periods are for January 1, 2021, through the present.**

<u>Continuing Obligation to Supplement</u>:   The turnover order is continuing in nature and must be supplemented. Should Debtor come into possession, custody, or control of anything that was ordered turned over or produced, Debtor must turn over the item within ten (10) days.

<u>Format of Records Due to Receiver</u>:   Debtor shall produce records electronically to the Receiver by email, dropbox, or other means authorized by the Receiver.   The Receiver may authorize or require paper production or otherwise (e.g., native files) within his discretion.

**As noted previously herein, nothing in this Order is intended to violate any bankruptcy stay that may be applicable.  For the avoidance of doubt, this turnover request does not apply to any assets of Texas REIT, LLC or any rights Choudhri holds in Texas REIT, LLC.**

## <u>Definitions and Instructions</u>

a.   "Account Information" means the login, username, or other account identifier along with all passwords associated with accessing the accounts.
b.   "Contact Information," "telephone number," and "address," mean that person's full name, nick names, d/b/a's, and all addresses (including work and residence), all telephone numbers (including home, office, fax, pager, and cell numbers), as well as e-mail, Facebook, social networking, and web site addresses. If any of the information is lacking, provide the Contact Information for every person believed to be able to provide the missing information.
c.   "Copies" means complete, legible copies.
d.   "Debtor" has the meaning as defined in the Order for Turnover and Appointment of Receiver.
e.   "Entity" or "Entities" includes all business organizations, whatever their form, including public or private corporations, professional corporations, limited liability companies, general and limited partnerships, joint ventures, unincorporated associations, and individual proprietorships in which Debtor or their spouse have an interest or over which they exercise management or control.
f.   "Manager" refers collectively to anyone who is an officer, director, manager, or supervisor of an Entity, or who makes business decisions for the Companies.
g.   "Receiver Order" means Order for Turnover and Appointment of Receiver entered by the Court.

4911-5780-7404.1
4918-0364-0200. v. 2

h. "Produce," means to deliver. If an item is not listed in this exhibit, the Judgment Debtor or witness must turn over the item in the time period specified by the demand.

i. "Records" and "Documents" are mutually inclusive, and include the records, documents, and items formally ordered turned over, or requested by the Receiver. Requests regarding property or Documents owned or possessed by Debtor also apply to Debtor's spouse, brothers, sisters, children, mother, father, accountants, attorneys, advisors, clients, employees, partners, or co-owners of small businesses, if the requests involve documents that Debtor would be required to turnover if Debtor had possessed or controlled the item.

j. "Shareholder" includes the owners, members, partners, and others who have ownership rights in any Entity.

k. "Turnover" includes to create a list or report if no list or report currently exists.

l. "Turnover" also means to convey the information that is available to you, not merely the information that is of your present knowledge, including providing information, Documents or Records that are known by you, or that are in your possession, or the possession of your family, employees, co-workers, co-owners or agents, including your attorney or any agent or investigator of your attorney.

m. "Witness" means any person who is not Debtor but who may have information, Records or Documents relating to Debtor or their spouse.

n. "You" means to Debtor identified on page one (1) of the attached Order.

o. Document labeling and identification.

a. "All" is presumed to apply to every item. If a type of item is listed, this Order means all similar items.

b. Each turned over Document, file, or photograph must be given a consecutive identification number and produced in the condition and order of arrangement in which it existed when the application for this Order was filed, including all file labels, dividers, or associated identifying markers. An index must be provided, if the documents are large, or if the Receiver requests one.

c. Creating lists and compilations. To the extent that the Order or this exhibit requires Debtor to compile or create a list or document, Debtor is ordered to do so.

d. Lost Document, Records, or tangible things. If Debtor, or Debtor's wife, attorneys, agents or representatives, had possession or control of a Document, Record, or tangible thing ordered turned over which has been lost, destroyed, purged, or is not presently in their possession or control, the item must be identified and described in detail and the circumstances surrounding the loss, destruction, purging, or separation from their possession or control must also be provided, including the dates the circumstances occurred.

e. No Document, file or photograph requested by the Receiver may be altered, changed, modified, disposed of, or destroyed.

Any other capitalized terms not defined on Exhibit A shall have the same meaning as defined in the Receiver Order.

**For the avoidance of doubt, the documents that Debtors are required to produce shall NOT include documents solely within the possession of Texas REIT, LLC.**

**Items to Due to the Receiver from Debtor**

4911-5780-7404.1
4918-9364-8200, v. 2

Certified Document Number: 119925187 - Page 13 of 14

1)      The original IBC Note.

2)      The original IBC Deed of Trust.

3)      All Documents reflecting transfer of the IBC Note from and/or to Debtors.

4)      All Documents reflecting transfer of the IBC Deed of Trust from and/or to Debtors.

5)      All Communications by and between Texas REIT, LLC and/or either of Debtors.

6)      All Documents reflecting payment by Texas REIT, LLC to either of Debtors.

7)      All Documents that calculate the amount due on the IBC Note, including any debits or credits to the amount owed on the IBC Note and any interest accrued on the IBC Note.

8)      All Documents reflecting payment received by Debtors from any tenant at the real property owned by Texas REIT, LLC (a "Tenant") and where the payment was deposited or sent.

9)      All statements from all accounts into which payments relating to the IBC Note have been deposited and/or maintained.

10)     All bank account statements of Debtors.

11)     All credit card statements of Debtors.

12)     All documents evidencing and/or reflecting all amounts paid by Debtors to any person or entity in the last three years.

13)     All direct communications between Debtors and any Tenant.

14)     All financial statements of Debtor, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.

15)     All documents evidencing and/or reflecting any asset owned by Debtors within the last three years.

16)     All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by Debtors within the last three years.

17)     For all of the Companies (for the avoidance of doubt, Companies does not include Texas REIT, LLC ):

      a.   Each membership agreement and all other company agreements or organizational documents.

      b.   All documents evidencing and/or reflecting to whom any payment from any Tenant renting real property owned by such company was made, and where the payment was deposited or sent.

      c.   All statements from all accounts into which payments to the limited liability company were made.

      d.   All bank account statements.

      e.   All credit card statements of Debtors.

      f.   All documents evidencing and/or reflecting all amounts paid by such company to Choudhri and/or any entity owned and/or controlled by Choudhri.

      g.   All financial statements of each such company, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.

      h.   All documents evidencing and/or reflecting any asset owned by such company within the last three years.

      i.   All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by such company within the last three years

4911-5780-7404.1
4918-9364-9200, v. 2



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2025

Certified Document Number:        119925187 Total Pages:  14

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2013-41273

| | |
|---|---|
| OSAMA ABDULLATIF, INDIVIDUALLY AND ABDULLATIF & COMPANY LLC | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | |
| v. | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI AND HOUSTON REAL ESTATE PROPERTIES LLC | |
| *Defendants.* | 55th JUDICIAL DISTRICT |

EXHIBIT B

2012-27197-D

**Cause No. 2012-27197-D**

FILED
Marilyn Burgess
District Clerk
APR 08 2025
Time: 12:08
Harris County, Texas
By _____
Deputy

Shannon North-Gonzalez

| | | |
|---|---|---|
| MOKARAM-LATIF WEST LOOP, LTD. | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | |
| ALI CHOUDHRI and ANGEL VALLE | § | HARRIS COUNTY, TEXAS |
| *Defendants,* | § | |
| | § | |
| vs. | § | |
| | § | |
| ALI MOKARAM, | § | |
| *Intervenor* | § | 333rd JUDICIAL DISTRICT |

Pg-14

MODIX

## <u>AMENDED ORDER (2) GRANTING TURNOVER, CHARGING ORDER AND APPOINTMENT OF RECEIVER AGAINST JUDGMENT DEBTORS</u>

On the date of entry below, this Court considered Mokaram's Second Application to Appoint Collection Receiver over Judgment Debtors (the "Motion"), and having reviewed the application, evidence and arguments, the Court enters the following amended order, which amends the prior order appointing a receiver issued on March 31, 2025:

**The Court DEFINES that:**

1)    "Mokaram" refers to Plaintiff (Plaintiff-in-Intervention) Ali Mokaram, c/o his attorney of record, D. Scott Funk.

2)    "Nemeti" refers to Plaintiff (Plaintiff-in-Intervention) Erica I. Nemeti, c/o her attorney of record, David Thornton.

3)    "Creditors" refers to Mokaram and Nemeti (and their assigns).

4)    "Choudhri" refers to Defendant Ali Choudhri.

5)    "Dalio I" refers to Defendant Dalio Holdings I, LLC.

6)    "Dalio II" refers to Defendant Dalio Holdings II, LLC.

7)    "Debtors" refers to Choudhri, Dalio I and Dalio II.

8)    "Judgment" refers to the Final Judgment Upon AAA Arbitration Award entered by this Court in the above referenced case on November 7, 2023 in favor of Mokaram against Debtors, jointly and severally, in the amount of $3,467,217.20, plus pre-judgment interest at the per diem rate of $430.38 from October 30, 2023, until November 7, 2023, and plus post-judgment interest

4921-1300-1779.1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

Certified Document Number: 119951170 - Page 1 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

at the rate of 5% compounded annually on all such amounts from the date of November 7, 2023, until the judgment is paid in full; and in favor Nemeti against Debtors, jointly and severally, in the amount of $294,151.85, plus pre-judgment interest at the per diem rate of $39.78 from October 30, 2023, until November 7, 2023, and plus post-judgment interest at the rate of 5% compounded annually on all such amounts from the date of November 7, 2023. "Judgment" also includes the attorneys' fees and expenses awarded to Mokaram in the Order signed by the Court on March 6, 2025, in the total amount of $355,721.30, and the amount of any legal fees, costs and/or expenses awarded by the court to Mokaram herein or hereafter. No amounts have been collected and the full amount of the Judgment remains due and owing.

9)     "Receiver," who is an agent of this Court, refers to Travis B. Vargo (State Bar No. 24047027), 12012 Wickchester, Suite 670, Houston, Texas 77079; (713) 524-2441 telephone; (832) 779-8838 facsimile; tvargo@vargolawfirm.com.

10)     "Texas REIT Bankruptcy" refers to that certain bankruptcy case styled *In re Texas REIT, LLC*, Case No. 24-10120-SMR, pending in the Bankruptcy Court.

11)     "Bankruptcy Court" means the United States Bankruptcy Court for the Western District of Texas, Austin Division.

12)     "Stay Order" refers to that certain Order Granting in Part Creditors' Expedited Motion for Relief from Stay (Document #524) entered in the Texas REIT Bankruptcy on March 20, 2025.

13)     "Dalio Receivership Assets" refers to all assets owned by Dalio I and/or Dalio II, as well as all right, title, ownership, and interest in and to all of the following:

    a.   The "IBC Note," which refers to that Real Estate Lien Note dated May 28, 2008, payable by Texas REIT, LLC to International Bank of Commerce in the original principal amount of $8,640,000.00 (see *Ex. 1 to Motion*).

    b.   The "IBC Deed of Trust," which refers to that Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement dated May 28, 2008, executed by Texas REIT, LLC in favor of International Bank of Commerce to secure the IBC Note (see *Ex. 1 to Motion*).

    c.   All funds, cash and/or amounts in any bank account or other account collected and/or received by Dalio I or Dalio II, including but not limited to those arising out of or relating to the IBC Note.

    d.   All rights, claims and causes of action that Dalio I and/or Dalio II has against Texas REIT, LLC, including but not limited to claims for amounts owed under the IBC Note and/or the IBC Deed of Trust.

    e.   All claims and causes of action that Dalio I and/or Dalio II has against WCW Houston Properties, LLC ("WCW"), including but not limited to those asserted in Cause No. 2017-35320, and that were removed to the Bankruptcy Court.

    f.   The defense of all claims and causes of action asserted by WCW against Dalio I and/or Dalio II, including but not limited to those asserted in Cause No. 2017-35320, and that were removed to the Bankruptcy Court.

4921-1300-1779.1

Certified Document Number: 1199511170 - Page 2 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

14) "Choudhri Receivership Assets" includes all assets owned by Choudhri, except his ownership interests in any limited liability company.

15) "Receivership Assets" means the Dalio Receivership Assets and the Choudhri Receivership Assets. For the avoidance of doubt, Receivership Assets does not include the assets of Texas REIT, LLC, the Bankrupt LLCs, or any interest Choudhri holds in Texas REIT, LLC.

16) "Choudhri LLC's" shall mean each limited liability company in which Choudhri owns a membership interest, including but not limited to the following, but excluding his interest in the Bankrupt LLCs (defined below):

    a) ARABELLA PH 3201 LLC
    b) 2727 Kirby 26L LLC
    c) 9201 Memorial Drive LLC
    d) 50BH Acquisition, LLC
    e) BDFI LLC
    f) Forest Legacy LLC
    g) Jetall GP, LLC
    h) Jetall Capital, LLC
    i) Jetall Croix Properties LLC
    j) JETALL/CROIX GP, LLC
    k) JETALL CONSTRUCTION & DEVELOPMENT GP, INC
    l) Jetall Investment and Realty Inc
    m) Meandering Bend LLC
    n) MCITBE LLC
    o) OTISCO RDX, LLC
    p) Otisco Rdx
    q) PBAC 507 Holdings LLC
    r) Vanguard Realty Partners LLC
    s) VGRP Holdings LLC
    t) Milestone Capital CRE 1, LLC
    u) Milestone Capital CRE 2, LLC
    v) Milestone Capital CRE 3, LLC
    w) QB Loop Property, LP
    x) Memorial Glen Cove, LLC

17) "Bankrupt LLCs" means each limited liability company in which Choudhri owns a membership interest that is presently subject to a bankruptcy proceeding, including but not limited to:

    a) Texas REIT, LLC
    b) 1001 WL LLC
    c) Galleria West Loop Investments LLC
    d) Jetall Companies Inc.

4921-1300-1779.1

Certified Document Number: 1199511170 - Page 3 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

e)  NIA ATX LLC
f)  SAL ATX LLC
g)  Maya J ATX LLC

**The Court FINDS that:**

18)     This court has jurisdiction for this proceeding and can proceed in granting the relief set forth herein immediately. *See* Tex. Civ. Prac. & Rem. § 31.002(a); *Children v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 289 (Tex. App.—Dallas 1985, no writ) (creditor does not have to wait 30 days before turnover can be granted because a receivership is in the nature of an attachment and garnishment, so the waiting period of Rule 627 is not required).

19)     The Judgment is valid, and the amount of the Judgment is unsatisfied by Debtors. *See* Tex. Civ. Prac. & Rem. § 34.001.

20)     Pursuant to this Order, the Receiver will have a judicial lien on all non-exempt Receivership Assets of Debtors that are the subject of this Order, regardless of whether the Receiver takes actual possession. No one-not even a lien holder with a prior filed deed of trust-can sell property held in *custodia legis* by a duly appointed Receiver without first obtaining approval from the Court in which the Receivership is pending; *provided, however*, that the foregoing shall not impact or otherwise limit the Bankruptcy Court's jurisdiction to consider and approve the sale or other disposition of any assets of Texas REIT, LLC in the Texas REIT Bankruptcy.[1] Any unauthorized transfer of property in the custody of a Receiver is *not merely voidable, it is* void.[2] Thus, any attempt by Debtors to transfer any nonexempt property after the turnover order has been signed is void, and any conveyance of property in the custody of a Receiver without approval by the court has no effect upon the Receivership and the accomplishment of its purposes.[3]

21)     For the avoidance of doubt, this Order is not intended to, and does not, assert jurisdiction over Texas REIT, LLC or any of its rights, assets, real or personal property, lawsuits, claims, defenses and/or matters constituting property of its bankruptcy estate. Moreover, this Order is not intended to, and does not, assert jurisdiction over any interest Choudhri holds in Texas REIT, LLC. This Order is subject to all orders of the Texas REIT Bankruptcy, including the Stay Order. Subject to any approval required by the Bankruptcy Court, Receiver may assert rights and claims on behalf of Dalio against Texas REIT, LLC and/or WCW in the Texas REIT Bankruptcy.

**THEREFORE, the Court ORDERS the relief as set out below:**

22)     **Appointment / Bond.**  After taking the oath of office, the Receiver shall be authorized, subject to the control of this Court, to do any and all acts necessary to the proper and lawful conduct of said Receivership. No bond is required of the Receiver because this is a Chapter 31 post-judgment appointment. *Children v. Great Sw. Life Ins. Co.*, 700 S.W.2d 284, 289 (Tex. App.—Dallas 1985, no writ) (noting that a bond is not required in a Chapter 31 receivership and

---

[1] *First S. Props.*, at 341; *Huffmeyer v. Mann*, 49 S.W.3d 554,560 (Tex.Civ.App.-Corpus Christi, 2001).
[2] *First S. Props.*, at 341.
[3] *T.H. Neel v. WL. Fuller*, 557 S.W2d 73, 76 (Tex. 1977).

4921-1300-1779.1

Certified Document Number: 119951170 - Page 4 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

further noting that "since the underlying obligation has been determined by final judgment, the Debtors will not be harmed if no bond, or merely a nominal bond, is required.").

23)  <u>Turnover.</u> The Receivership Assets are hereby turned over to the Receiver. Debtors is enjoined from selling, transferring, gifting, destroying, disposing of, or otherwise encumbering the Receivership Assets. The Receiver is now the legal and equitable owner of the Receivership Assets, regardless of whether Receiver takes actual possession of them.

24)  <u>Charging Orders.</u>  Pursuant to Texas Business Organizations Code Section 101.112, the Court hereby issues this charging order against all membership interests owned by Choudhri in the Choudhri LLC's (collectively, the "Companies"). All Companies and Choudhri shall pay to the Receiver any distributions and/or proceeds that would otherwise be due from such Companies to Choudhri until satisfaction of the Judgment is made in full. Choudhri may not receive any payment from any of the Companies, directly or indirectly, until the Judgment is paid in full and/or without written consent from the Court. For the avoidance of doubt, the foregoing paragraph does not apply to the Bankrupt LLCs.

25)  <u>Debtors' Responsibilities to Receiver and the Court.</u> Debtors are Ordered to:

a.  Deliver Receivership Assets to the Receiver, including by executing all documents to transfer ownership of same as requested by Receiver.

b.  Deliver electronic copies of the items described in Exhibit A attached hereto as part of this Order within ten (10) calendar days, as well as all documents subsequently requested by Receiver in writing, also by providing within ten (10) calendar days.

c.  Identify and provide a list in writing to Receiver of all property owned by Debtors that they contend are exempt from collection and turnover within ten (10) calendar days.

d.  Comply with written requests of the Receiver. If Debtors believe that the Receiver's requests are inappropriate, Debtors must first comply, then seek protection from the Court, after giving full notice to the Receiver in writing and attempting to resolve the issues without Court intervention.

26)  <u>Debtors' Business.</u> All authority and power of Debtors to manage and operate the business of Debtors is vested in the Receiver and no decision may be made or carried out without the express approval of the Receiver.[4] This order supersedes the authority of any officers, directors or managers of Debtors. For the avoidance of doubt, the foregoing paragraph shall not apply to Choudhri's ability to manage and operate the business Texas REIT, LLC, which is subject to the jurisdiction of the Bankruptcy Court.

27)  <u>Peace Officers Responsibilities to Receiver and the Court.</u> Every constable, deputy constable, sheriff, deputy sheriff, and other peace officer may accompany Receiver to locations designated by Receiver where Receiver believes that Debtors' assets or records may be located.

---

[4] *Id.* "Texas law asserts that Receiver has the full rights that the corporation had."

4921-1300-1779.1

The peace officers are ordered to prevent interference with Receiver's carrying out any duty under this order or interference with property in Receiver's control or subject to this order.

28)   Exclusive Jurisdiction Over Related Disputes and Lawsuits.

a.   *Custodia Legis*.   Receivership Assets are in *custodia legis*.   No other court or forum has jurisdiction to adjudicate rights relating to the Receivership Assets because this Court maintains exclusive, sole authority for assets held in *custodia legis* by it.[5]  Notwithstanding anything herein to the contrary, the Bankruptcy Court shall continue to have exclusive jurisdiction over any disputes pending or otherwise brought in the Texas REIT Bankruptcy, including disputes between Dalio I and/or Dalio II and WCW.

b.   Immunity.   Receiver and persons engaged or employed by him are not liable for loss or damage incurred by any person or entity by reason of any for any act performed or omitted to be performed by Receiver or those engaged or employed by Receiver for the discharge of their duties and responsibilities for the Receivership, including exercising control over Receivership Assets. This Court retains the exclusive jurisdiction, to the exclusion of any other court, over the Receiver for the purpose of determining whether the Receiver is immune for any action taken by Receiver. Any suit or claim against the Receiver must be brought in this appointing Court and/or transferred to this Court for adjudication; however, this paragraph 28(b) does not limit the jurisdiction of the Bankruptcy Court.

c.   Exempt Property Disputes.   If there is any dispute whether an asset of Debtors is non-exempt, or property of Debtors (as opposed to a third party), the Receiver is authorized to take custody or control of the asset pending objections, if any, and/or adjudication by this Court. Any of the Debtors claiming an exemption shall file an objection or statement with this Court that claims the exemption, cites the legal and factual grounds for the exemption, and describes the property with sufficient specificity that a constable can levy upon it.

d.   Disputed Third Party Rights to Property.   This Court shall maintain exclusive jurisdiction over fraudulent transfer lawsuits brought by the Receiver or Creditors; *provided, however*, that the Bankruptcy Court will continue to have exclusive jurisdiction over any claims brought against Texas REIT, LLC. The Court shall further maintain exclusive jurisdiction over any litigation pertaining to the ownership interests disputed during the Receiver's actions involving a third party; *provided, however*, that the Bankruptcy Court will continue to have exclusive jurisdiction over any claims brought against Texas REIT, LLC and the litigation currently pending between WCW, Dalio I, and Dalio II in the Texas REIT Bankruptcy and related adversary proceedings. If any third party alleges or claims that an asset in the possession of the

---

[5] *See Tex. Am. Bank/West Side v. Haven*, 728 S.W.2d 102, 104 (Tex. App.—Fort Worth 1987, writ dismissed for want of jurisdiction) ("If a court of competent jurisdiction, federal or state, has taken possession of property, or by its procedure has obtained jurisdiction over the same, such property is withdrawn from the jurisdiction of the courts of the other authority as effectually as if the property had been entirely removed to the territory of another sovereignty.") (quoting *Palmer v. Texas*, 212 U.S. 119 (1909)), *Chimp Haven, Inc. v. Primarily Primates, Inc.*, 281 S.W.3d 629, 633 (Tex. App.—San Antonio 2009, no pet); *see, also Neel v. Fuller*, 557 S.W.2d 73, 76 (Tex. 1977); *Lauraine v. Ashe*, 109 Tex. 69, 191 S.W. 563, 565 (1917).

4921-1300-1779.1

Certified Document Number: 119951170 - Page 6 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

Receiver or otherwise subject to this order is not or should not be a Receivership asset, they must file a verified claim or intervention into this turnover proceeding, that attaches admissible evidence substantiating their claim to Receivership Assets in *custodia legis,* with this court within twenty (20) days of their knowledge of the earlier of (1) this order or (2) the Receivership's collection, control, possession of the property; *provided, however*, that the foregoing shall not apply to Texas REIT, LLC or the Bankruptcy Court. The Court may require a disputing party to post a bond to cover the Receiver's efforts and additional costs associated with the dispute if the Court cannot promptly adjudicate the claim.

29)    <u>Third Parties' Responsibilities to Receiver and the Court.</u>  Every person with actual notice of this order is ordered not to interfere with property in Receiver's control or subject to this order and is ordered not to interfere with Receiver in the performance of Receiver's duties. Notwithstanding anything herein to the contrary, the foregoing shall not apply to the Bankruptcy Court's ability to oversee and administer the Texas REIT Bankruptcy, including Texas REIT, LLC's plan confirmation and/or liquidation of its real or personal property or any property of the bankruptcy estate. Third parties are notified that Receiver (not Debtors) is the party entitled to possess, sell, liquidate, and otherwise deal with Debtors' non-exempt property and once any third party receives notice of this Order, the third party may be subject to liability if the third party releases property, unless directed by Receiver or the Court.

a.    All third parties who hold Debtors' property or records are ordered to immediately notify Receiver and to deliver the property within five (5) business days of Receiver's demand. Notwithstanding the foregoing, any documents requested from Texas REIT, LLC must comply with the Federal Rules of Bankruptcy Procedure.

b.    All third parties who owe money or other things of value to Debtors shall promptly pay or deliver same to Receiver; *provided, however*, that the foregoing shall not alter or otherwise impact the claims administration process in the Texas REIT Bankruptcy.

c.    Comply with requests for records and documents from the Receiver as set forth herein.

d.    Comply with Receiver's requests and notices for stenographic or non-stenographic examinations to discuss Receivership Assets, Debtors or third parties' knowledge of same.

e.    Anyone resisting Receiver's order or request, based on legal or other advice, is ordered to give the full name, address, fax number, e-mail address, cell phone number, and direct telephone number for each person giving that advice and to instruct those persons to immediately contact Receiver. Doing so waives no attorney-client communication privilege

30)    <u>Other Judgments.</u>  The Receiver may obtain permission from this and other courts to satisfy several judgments against the same Debtors.[6]  The Receiver may notice other subsequent

---

[6] *Barrera v. State*, 130 S.W.3d. 253 (Tex.App.--Houston [14th Dist.] 2004, no pet.)

4921-1300-1779.1

receiverships or their controlling court of this receivership and may take legal actions necessary to abate or quash subsequent receiverships.

**Powers GRANTED unto the Receiver by this Court:**

31)     Possession of Receivership Property.  Receiver shall take possession, custody, and control of Receivership Assets in Debtors' actual and/or constructive possession, custody, or control, or that the Receiver reasonably believes that Debtors otherwise own or control in the possession of third parties.

32)     Possession of Documents and Devices.  Receiver may take possession, custody and control of records, documents, and devices containing records and information that may lead to the discovery of Receivership Assets in Debtors actual or constructive possession, custody, or control, or that Debtors otherwise owns or controls in the possession of third parties.  Receiver may review information and documents that come into his actual or constructive possession, custody, or control.

33)     Title Holds and Transfers.  Receiver is hereby granted power of attorney and authorized to sign the name of Debtors to transfer real property titled in the names of Debtors to himself (as Receiver) wherever located. *See Reeves v. Federal Sav. & Loan Ins. Corp.*, 732 S.W.2d 380, 382-83 (Tex. App.—Dallas 1987, no writ) (authorizing the turnover of real property outside the state owned by a Debtors under the jurisdiction of Texas courts).  Receiver may also elect to place holds on titles to personal property (e.g., vehicles), intangible property, and file notices of receivership and turnover.  For the avoidance of doubt, the foregoing paragraph shall not include the right to transfer ownership interests in the Bankruptcy LLCs.

34)     Value and Sale.  Receiver shall use discretion in incurring expenses associated with appraisals, evaluations, listing and advertising agreements in connection with the sale of Receivership Assets.

35)     Documents from Third Parties.  Receiver may request documents and records from third parties in writing, without a subpoena, and set a reasonable deadline for responses within his reasonable discretion given the circumstances surrounding the request.  A written request from the Receiver has the same effect and subpoena and third parties are hereby directed to comply.  The Receiver may issue subpoenas with the following language to third parties: "Please do not disclose or notify the user of the issuance of this subpoena. Disclosure to the user could impede an investigation or obstruct justice."  Third Parties shall follow this instruction and refrain from informing the Debtors.  Notwithstanding the foregoing, any documents requested from Texas REIT, LLC must comply with the Federal Rules of Bankruptcy Procedure.

36)     Authority to Order Tax Returns.  The Court declares that Receiver is a person authorized to sign Internal Revenue Forms 4506-T (Request for Transcript of Tax Return) and 4506 (Request for Copy of Tax Return) to obtain the Debtors tax returns.  Receiver is further authorized and empowered to take additional steps, within the discretion of Receiver, in Order to obtain the Debtors' tax returns, e.g., logging into the Internal Revenue Service online tax return transcript system.

4921-1300-1779.1

Certified Document Number: 119951170 - Page 8 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

37)     Tax Refunds.  Receiver is authorized to sign and submit documents to the Internal Revenue Service to obtain the Debtors' tax refunds or other monies due from the Department of the Treasury.

38)     Redirect Postal Mail.  Receiver may redirect, read, and copy Debtors' mail, whether electronic, paper, or facsimile, or otherwise, and whether sent to a street address, telephone line, post office box, or via the internet, before and exclusive of receipt. Receiver may establish procedures for allowing Debtors to retrieve the mail, or copies, which includes making copies available to the Debtors electronically.

39)     Support and Assistance.  The Receiver may hire any person, firm, or company to further remedies available to Receiver, including hiring persons to change locks to premises belonging to Debtor; exclude persons from interfering with Receiver's custody of the premises; moving or storing Debtors' property; collect accounts receivable; or sell Debtors' non-exempt property.  Receiver may employ counsel, at not more than $500.00 per hour, for representation and assistance in the prosecution of this Order, in defense of the Receiver, or in defense or prosecution of causes of action asserted by third parties to Receivership Assets.

40)     Checks and Transactional Instruments.  The Receiver may endorse and cash checks and negotiable instruments payable to a Debtors as described herein.

41)     Real Property Sale.  All real property sales of Receivership Assets must be individually ordered, after notice and hearing.

42)     Receiver's Writs.  Writs of turnover issued under this order, must not be limited in time, or have an expiration date. The clerk is ordered to issue writs on an expedited basis, upon request.

43)     Service to Receiver.  All parties must serve Receiver with copies of all motions, notices, discovery responses, correspondence, and communications between them at the Receiver's address provided above, unless the Receiver provides alternative instructions.

44)     Service by Receiver.  The Receiver may serve Debtors by serving their attorney of record, or if any of them do not have an attorney of record, by sending the documents to Ali Choudhri's email (ali@jetallcapital.com), by placing the documents to be served in the Debtors' mailbox, by taping them to the Debtors' door, and/or delivering them to any adult person at the Debtors' residence or place of business.  The Receiver may serve non-natural entities by placing the documents to be served in the registered agents for the entities' mailbox, taping them to the registered agent for the entities' door, or delivering them to the receptionist of the registered agent for an entity's place of business.

45)     Receiver Reports. The Receiver will file reports with this Court every 90 days.  Any party to this suit or subject to the Receiver's actions may file an objection to the Receiver's report. Should no objections be timely received, reports by the Receiver will be considered facts and conclusions of law.  Unopposed facts will be conclusively admitted. The Court, *sua sponte,* may confirm, modify, correct, reject, reverse, or recommit the report, after it is filed, as the court may

4921-1300-1779.1

deem proper and necessary.  Objections must be filed at least three (3) business days before submission or hearing on Receiver's motion, state each disputed ground, the reasons for each dispute, and attach the documents supporting each objection.

46)     Abandonment of Receivership Assets.  Notice of abandonment of Receivership Assets must be provided: At least ten days before any abandonment, Receiver must file a notice of the intended sale or abandonment that describes the property to be abandoned, its price, if any, and how it will be abandoned; by first class mail to Debtors and every person who has filed a request for notice. Objections to the proposed abandonment must state the grounds and be filed within five days after Receiver's service of the notice. If no objection is timely filed, Receiver may abandon the property as described in the notice, without further order. If an objection is timely filed, the proposed abandonment must not be completed until the Court has decided the objection.

47)     Ancillary Litigations.  Receiver may but is not required to defend or prosecute any litigation regarding the Debtors or Receivership Assets.  Receiver may intervene into lawsuits being prosecuted by Creditors and/or Debtors given Receiver's potential interest in Debtors' assets.  Receiver is authorized to engage, employ, supervise, and compensate legal counsel for litigation.  Any contingency fee agreement between Receiver and proposed counsel must be approved by this Court.

48)     Compromise and/or Settlement of Claims.  Receiver is authorized to compromise and settle any disputes, claims and/or causes of action by and/or against Debtors within his discretion.

49)     Receiver Expenses.  Receiver may incur reasonable expenses in furtherance of this Order and reimburse himself for same without further Order of this Court.  Receiver may advance these costs or accept an advance of costs from the Creditors.  Nevertheless, Receiver shall account for expenses incurred in his reports and file accountings when requesting reimbursement or fees.

50)     Fees and Expenses Taxed Against Debtors.  Receiver's fees and expenses are taxed as costs of court against the Debtors, jointly and severally.

51)     Receiver Expenses and Fees.  The Receiver is entitled to reimbursement of their expenses and a reasonable and customary fee.  Given that the Debtors has had an opportunity to pay the judgment(s) but has not and that the judgment creditor has labored to get the judgment(s), a contingency fee is the most economical and equitable way to compensate a receiver.  Competent and experienced receivers are rare.  The skills and tasks performed by Receivers are unique and separate from those ordinarily performed by lawyers, investigation, surveillance, use of law enforcement, etc. Receivers who are licensed lawyers have a high opportunity cost insofar as they are foregoing hourly work billed against retainers and/or contingency fee work that does not pose a danger to their health, safety, and welfare as is many times the case with receivership work.  For these reasons, it is presumed that a reasonable Receiver's fee is 25% of all sales of Receivership Assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the Judgment(s). In the case of a full collection of the Judgment(s), the Court presumes that 33% of all sales of Receivership Assets that come into his actual, constructive, or legal possession, and all recoveries and credits against the Judgment(s) is reasonable.  The presumptive

4921-1300-1779.1

fee shall be used by the Receiver to determine the amounts in excess of the Judgment(s) that the Receiver is authorized to collect. To be paid a fee or reimbursed expenses, the Receiver shall make application to this Court who shall consider the relevant factors. Notice shall be given to Debtors and Creditors. Receiver may apply for fees or reimbursement of expenses from collections as frequently as needed within his discretion.

52) <u>Receiver Reports and Discharge</u>. Receiver may file interim reports, accountings, and/or inventories to keep the Court apprised of developments, if any. Receiver shall file accountings, as necessary, setting forth the work performed, expenses incurred, and the proposed distribution of same for reimbursement of expenses, a fee, and Creditor distributions. If the Debtor(s) file bankruptcy, Receiver's fee shall be the greater of: (i) 25% of the value of assets held in *custodia legis* during the receivership; or (ii) a reasonable hourly rate for attorneys practicing in Harris County. Receiver shall file a final accounting with a motion to terminate the receivership when collection is complete or the Receiver, in their discretion, determines that collection will not be successful.

53) <u>Attorneys' fees.</u> The Court takes judicial notice of the time that is reasonable and necessary for obtaining this order and conducting other post judgment collection activities as set forth in the application to appoint receiver. Thus, Debtors are ordered to pay Creditors the amount of $5,000.00 in attorneys' fees for its fees and expenses. See Tex. Civ. Prac. & Rem. 31.002(e). Additional fees may be awarded, after notice and hearing. These fees are included in the definition of the Judgment.

54) <u>Tex. R. Civ. P. 679a.</u> Personal Property Rights of Debtor: Receiver must comply with Texas Rule of Civil Procedure 679b. Receiver to Hold Property: Receiver must not disburse funds to Judgment Creditor or sell property within 14 days after serving Debtors with the Notice of Protected Property Rights, the Instructions for Protected Property Claim Form, and the Protected Property Claim Form approved by the Supreme Court, or within 17 days if service was by mail. If the Judgment Debtors asserts an exemption, Receiver may only disburse funds to Judgment Creditor or sell property with Judgment Debtors' written consent or a court order.

<u>BE IT SO ORDERED.</u> Any and all further relief not expressly stated herein is denied.

Signed this **8**<sup>th</sup> day of April, 2025.

APR 0 8 2025

Randy Wilson
Presiding Judge

Agreement to serve:

/s/ Travis Vargo

_____
Travis Vargo, Texas Bar # 24047027
PROPOSED RECEIVER

4921-1300-1779.1

## EXHIBIT A

<u>Deadline to Comply</u>: Debtors shall deliver the following documents in hard copy or electronic form to the Receiver within ten (10) calendar days of this Order.

<u>Scope / Time Periods</u>: **Unless otherwise stated in the request, all time periods are for January 1, 2021, through the present.**

<u>Continuing Obligation to Supplement</u>:  The turnover order is continuing in nature and must be supplemented. Should Debtors come into possession, custody, or control of anything that was ordered turned over or produced, Debtors must turn over the item within ten (10) days.

<u>Format of Records Due to Receiver</u>:  Debtors shall produce records electronically to the Receiver by email, dropbox, or other means authorized by the Receiver.  The Receiver may authorize or require paper production or otherwise (e.g., native files) within his discretion.

**For the avoidance of doubt, this turnover request does not apply to any assets of Texas REIT, LLC or any rights Choudhri holds in Texas REIT, LLC.**

### <u>Definitions and Instructions</u>

a.  "Account Information" means the login, username, or other account identifier along with all passwords associated with accessing the accounts.
b.  "Contact Information," "telephone number," and "address," mean that person's full name, nick names, d/b/a's, and all addresses (including work and residence), all telephone numbers (including home, office, fax, pager, and cell numbers), as well as e-mail, Facebook, social networking, and web site addresses. If any of the information is lacking, provide the Contact Information for every person believed to be able to provide the missing information.
c.  "Copies" means complete, legible copies.
d.  "Debtor" has the meaning as defined in the Order for Turnover and Appointment of Receiver.
e.  "Entity" or "Entities" includes all business organizations, whatever their form, including public or private corporations, professional corporations, limited liability companies, general and limited partnerships, joint ventures, unincorporated associations, and individual proprietorships in which Debtors or their spouse have an interest or over which they exercise management or control.
f.  "Manager" refers collectively to anyone who is an officer, director, manager, or supervisor of an Entity, or who makes business decisions for the Companies.
g.  "Receiver Order" means Order for Turnover and Appointment of Receiver entered by the Court.
h.  "Produce," means to deliver. If an item is not listed in this exhibit, the Judgment Debtors or witness must turn over the item in the time period specified by the demand.

4921-1300-1779.1

i.   "Records" and "Documents" are mutually inclusive, and include the records, documents, and items formally ordered turned over, or requested by the Receiver. Requests regarding property or Documents owned or possessed by Debtors also apply to Debtors' spouse, brothers, sisters, children, mother, father, accountants, attorneys, advisors, clients, employees, partners, or co-owners of small businesses, if the requests involve documents that Debtors would be required to turnover if Debtors had possessed or controlled the item.

j.   "Shareholder" includes the owners, members, partners, and others who have ownership rights in any Entity.

k.   "Turnover" includes to create a list or report if no list or report currently exists.

l.   "Turnover" also means to convey the information that is available to you, not merely the information that is of your present knowledge, including providing information, Documents or Records that are known by you, or that are in your possession, or the possession of your family, employees, co-workers, co-owners or agents, including your attorney or any agent or investigator of your attorney.

m.   "Witness" means any person who is not Debtors but who may have information, Records or Documents relating to Debtors or their spouse.

n.   "You" means to Debtors identified on page one (1) of the attached Order.

o.   Document labeling and identification.

a.   "All" is presumed to apply to every item. If a type of item is listed, this Order means all similar items.

b.   Each turned over Document, file, or photograph must be given a consecutive identification number and produced in the condition and order of arrangement in which it existed when the application for this Order was filed, including all file labels, dividers, or associated identifying markers. An index must be provided, if the documents are large, or if the Receiver requests one.

c.   Creating lists and compilations. To the extent that the Order or this exhibit requires Debtors to compile or create a list or document, Debtors is ordered to do so.

d.   Lost Document, Records, or tangible things. If Debtor, or Debtors' wife, attorneys, agents or representatives, had possession or control of a Document, Record, or tangible thing ordered turned over which has been lost, destroyed, purged, or is not presently in their possession or control, the item must be identified and described in detail and the circumstances surrounding the loss, destruction, purging, or separation from their possession or control must also be provided, including the dates the circumstances occurred.

e.   No Document, file or photograph requested by the Receiver may be altered, changed, modified, disposed of, or destroyed.

Any other capitalized terms not defined on Exhibit A shall have the same meaning as defined in the Receiver Order.

**For the avoidance of doubt, the documents that Debtors are required to produce shall NOT include documents solely within the possession of Texas REIT, LLC.**

**Items to Due to the Receiver from Debtor**
1)   The original IBC Note.
2)   The original IBC Deed of Trust.

4921-1300-1779.1

Certified Document Number: 119951170 - Page 13 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

3) All Documents reflecting transfer of the IBC Note from and/or to Debtors.

4) All Documents reflecting transfer of the IBC Deed of Trust from and/or to Debtors.

5) All Communications by and between Texas REIT, LLC and/or either of Debtors.

6) All Documents reflecting payment by Texas REIT, LLC to either of Debtors.

7) All Documents that calculate the amount due on the IBC Note, including any debits or credits to the amount owed on the IBC Note and any interest accrued on the IBC Note.

8) All Documents reflecting payment received by Debtors from any tenant at the real property owned by Texas REIT, LLC (a "Tenant") and where the payment was deposited or sent.

9) All statements from all accounts into which payments relating to the IBC Note have been deposited and/or maintained.

10) All bank account statements of Debtors.

11) All credit card statements of Debtors.

12) All documents evidencing and/or reflecting all amounts paid by Debtors to any person or entity in the last three years.

13) All direct communications between Debtors and any Tenant.

14) All financial statements of Debtor, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.

15) All documents evidencing and/or reflecting any asset owned by Debtors within the last three years.

16) All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by Debtors within the last three years.

17) For all of the Companies (for the avoidance of doubt, Companies does not include the Bankruptcy LLCs):

    a. Each membership agreement and all other company agreements or organizational documents.

    b. All documents evidencing and/or reflecting to whom any payment from any Tenant renting real property owned by such company was made, and where the payment was deposited or sent.

    c. All statements from all accounts into which payments to the limited liability company were made.

    d. All bank account statements.

    e. All credit card statements of Debtors.

    f. All documents evidencing and/or reflecting all amounts paid by such company to Choudhri and/or any entity owned and/or controlled by Choudhri.

    g. All financial statements of each such company, including but not limited to, profit and loss, balance sheets, cash flow statements, general ledgers, and journal entries.

    h. All documents evidencing and/or reflecting any asset owned by such company within the last three years.

    i. All documents evidencing and/or reflecting any asset sold, assigned, conveyed, transferred and/or gifted by such company within the last three years.

Certified Document Number: 1199511170 - Page 14 of 14

Unofficial Copy Office of Marilyn Burgess District Clerk

4921-1300-1779.1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 29, 2025

Certified Document Number:        119951170 Total Pages:  14

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 51.301 and 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com

4/17/2026 3:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 113808159
By: Jizzelle Ward
Filed: 4/17/2026 3:04 PM

CAUSE NO. 2013-41273

| | |
|---|---|
| OSAMA ABDULLATIF, INDIVIDUALLY AND ABDULLATIF & COMPANY LLC | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | |
| v. | HARRIS COUNTY, TEXAS |
| ALI CHOUDHRI AND HOUSTON REAL ESTATE PROPERTIES LLC | |
| *Defendants.* | 55th JUDICIAL DISTRICT |

**NOTICE OF APPEARANCE**

TO THE HONORABLE JUDGE OF THIS COURT:

Travis B. Vargo, in his capacity as Court Appointed Receiver ("Receiver") hereby appears in this cause. His contact information is set forth on the signature block below.

1.      Travis Vargo is a post-judgment receiver serving under "turnover orders" signed by Hon. Randy Wilson (serving by assignment) in Cause No. 2012-27197A, *Mokaram-Latif West Loop, Ltd and Osama Abdullatif v. Ali Choudhri* in the 333rd District Court of Harris County, Texas and a related case Cause No. 2012-27197D, *Mokaram-Latif West Loop Ltd. v. Ali Choudhri and Angel Valle v. Ali Mokaram*, in the 333rd District Court of Harris County, Texas. The Turnover Orders are attached as exhibits A and B.

2.      Receiver provides notice to the Court, the Clerk, and all parties of his interest in the cash deposited with the clerk in lieu of bond being held in registry account numbers 88372 and 88971.

Respectfully Submitted,


By:     /s/Travis Vargo
             Travis Vargo
             State Bar No. 24047027
             12012 Wickchester, Suite 670
             Houston, TX 77079
             (713) 524-2441 telephone
             (832) 779-8838 facsimile
             tvargo@vargolawfirm.com

**RECEIVER FOR ALI CHOUDHRI**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 17th day of April, 2026, a true and correct copy of the foregoing was served upon all parties of record.

By:     /s/Travis Vargo
             Travis Vargo

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 113808159
Filing Code Description: No Fee Documents
Filing Description: Notice of Appearance
Status as of 4/17/2026 3:15 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mike O'Brien | | mike@moblaw.com | 4/17/2026 3:04:43 PM | SENT |
| Allan DGoldstein | | allang@mlhs.net | 4/17/2026 3:04:43 PM | SENT |
| James DSalyer | | jsalyer@mlhs.net | 4/17/2026 3:04:43 PM | SENT |
| Mark DGoranson | | goranson@goransonking.com | 4/17/2026 3:04:43 PM | SENT |
| Joe Sibley | | sibley@camarasibley.com | 4/17/2026 3:04:43 PM | SENT |
| Holli VPryor-Baze | | hpryorbaze@akingump.com | 4/17/2026 3:04:43 PM | SENT |
| James RWetwiska | | jwetwiska@akingump.com | 4/17/2026 3:04:43 PM | SENT |
| James Pope | | jamesp@thepopelawfirm.com | 4/17/2026 3:04:43 PM | SENT |
| Michael C. O'Connor | | moconnor@oconnorcraig.com | 4/17/2026 3:04:43 PM | SENT |
| David Medina | 88 | david.medina@nelsonmullins.com | 4/17/2026 3:04:43 PM | SENT |
| James Pierce | 15994500 | jim@jamespierce.com | 4/17/2026 3:04:43 PM | SENT |
| Lee King | 792016 | lee@houstonlegal.services | 4/17/2026 3:04:43 PM | SENT |
| Scott R.Link | | scottrlink@gmail.com | 4/17/2026 3:04:43 PM | SENT |
| Lloyd E.Kelley | | kelley@lloydekelley.com | 4/17/2026 3:04:43 PM | SENT |
| Chris DiFerante | | chris@cdflaw.com | 4/17/2026 3:04:43 PM | SENT |
| Rodney Drinnon | 24047841 | rdrinnon@mccathernlaw.com | 4/17/2026 3:04:43 PM | SENT |
| Keith Gross | | attnykgross@aol.com | 4/17/2026 3:04:43 PM | SENT |
| Brandi RWilliams | | brwilliams@akingump.com | 4/17/2026 3:04:43 PM | SENT |
| Simone Nunez | | snunez@mccathernlaw.com | 4/17/2026 3:04:43 PM | SENT |
| David Clark | | dclark@mccathernlaw.com | 4/17/2026 3:04:43 PM | SENT |
| Danielle Chester | | dchester@mccathernlaw.com | 4/17/2026 3:04:43 PM | SENT |
| Stan Clark | | stan.clark@harriscountytx.gov | 4/17/2026 3:04:43 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Michael Poynter on behalf of Michael Poynter
Bar No. 24092991
eservice@vargolawfirm.com
Envelope ID: 113808159
Filing Code Description: No Fee Documents
Filing Description: Notice of Appearance
Status as of 4/17/2026 3:15 PM CST

Case Contacts

| Stan Clark | | stan.clark@harriscountytx.gov | 4/17/2026 3:04:43 PM | SENT |
|---|---|---|---|---|
| Jennifer LMacGeorge | | jmac@jlm-law.com | 4/17/2026 3:04:43 PM | SENT |
| Anthony Buzbee | | tbuzbee@txattorneys.com | 4/17/2026 3:04:43 PM | SENT |
| MacGeorge Law Firm Admin | | service@jlm-law.com | 4/17/2026 3:04:43 PM | SENT |
| The Buzbee Law Firm - | | efiling@txattorneys.com | 4/17/2026 3:04:43 PM | SENT |
| Travis Vargo | | tvargo@vargolawfirm.com | 4/17/2026 3:04:43 PM | SENT |
| Ali Choudhri | | legal@jetallcompanies.com | 4/17/2026 3:04:43 PM | ERROR |
| Cameron Roth | | croth@akingump.com | 4/17/2026 3:04:43 PM | ERROR |
| Ali Choudhri | | ali@jetallcompanies.com | 4/17/2026 3:04:43 PM | ERROR |
| Michael Poynter | | mpoynter@vargolawfirm.com | 4/17/2026 3:04:43 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk