**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **IN RE:** § | CASE NO. 26-32580 |
| § | |
| **MCITBE, LLC,** § | (Main case pending in the United States |
| § | Bankruptcy Court for the Northern |
| Debtor. § | District of Texas, Dallas Division) |
| § | |
| § | CHAPTER 11 |

| | |
|---|---|
| **OSAMA ABDULLATIF and** § | ADVERSARY PROCEEDING |
| **ABDULLATIF & COMPANY, LLC,** § | |
| Plaintiffs, § | NO. 26-03240 |
| § | |
| v. § | (Removed from Cause No. 2013-41273 |
| § | in the 55th Judicial District Court |
| **ALI CHOUDHRI and HOUSTON** § | of Harris County, Texas) |
| **REAL ESTATE PROPERTIES, LLC,** § | |
| Defendants. § | |

**DEFENDANTS' MOTION TO TRANSFER REMOVED ADVERSARY PROCEEDING
TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN
DISTRICT OF TEXAS, DALLAS DIVISION**

Defendants Ali Choudhri and Houston Real Estate Properties, LLC (the "Removing Defendants"), pursuant to 28 U.S.C. § 1412 and Rule 7087 of the Federal Rules of Bankruptcy Procedure, move to transfer this removed adversary proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, where *In re MCITBE, LLC*, Case No. 26-32580 (the "Bankruptcy Case"), is pending before the Honorable Michelle V. Larson. In support, the Removing Defendants respectfully show the Honorable Court as follows:

**I.  BACKGROUND**

1.    This adversary proceeding was removed from the 55th Judicial District Court of Harris County, Texas, Cause No. 2013-41273 (the "State Court Action"), in which Plaintiffs

Osama Abdullatif and Abdullatif & Company, LLC assert state-law claims against Defendants arising from an affidavit of lien recorded by Ali Choudhri. The Removing Defendants removed the State Court Action to this Court as a proceeding related to the Bankruptcy Case under 28 U.S.C. §§ 1334(b) and 1452(a).

2.  The Bankruptcy Case is pending in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division. Both the state-court receiver who has appeared in the State Court Action and Plaintiff Osama Abdullatif contend that the Debtor, MCITBE, LLC, is the alter ego and de facto property of Ali Choudhri. The questions presented in this adversary proceeding therefore overlap with, and could affect, the property, administration, and creditors of the Debtor's estate.

## II.  AUTHORITY FOR TRANSFER

3.  Title 28, United States Code, Section 1412 provides that a district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties. The standard is disjunctive: transfer is proper if either the interest of justice or the convenience of the parties is served.

4.  Rule 7087 of the Federal Rules of Bankruptcy Procedure authorizes this Court, on motion and after a hearing, to transfer an adversary proceeding or any part thereof to another district under 28 U.S.C. § 1412. To the extent the Court applies 28 U.S.C. § 1404(a) to this related, non-core proceeding, transfer is warranted for the same reasons.

## III.  ARGUMENT

**A.  The interest of justice strongly favors transfer to the home court.**

5.  In evaluating the interest of justice on a motion to transfer a removed adversary proceeding under 28 U.S.C. § 1412, courts weigh, among other factors: (a) the efficiency and economics of estate administration; (b) the presumption in favor of the "home court" where

the bankruptcy case is pending; (c) judicial economy and efficiency; (d) fairness and the ability to receive a fair trial; (e) the State's interest in having local controversies decided within its borders; and (f) the plaintiff's original choice of forum. *Ries v. Ardinger (In re Adkins Supply, Inc.)*, No. 14-01000, 2015 WL 1498856, at *6 (Bankr. N.D. Tex. Mar. 27, 2015). The most important consideration is whether the requested transfer would promote the economic and efficient administration of the estate. *In re Commonwealth Oil Ref. Co.*, 596 F.2d 1239, 1247 (5th Cir. 1979).

6.     The governing factors favor transfer. The Debtor's estate is being administered in the Northern District of Texas, and the court presiding over the Bankruptcy Case is best positioned to resolve disputes that bear on the Debtor, its property, and the claims against and distributions from its estate. Because both the Receiver and Plaintiff place the status, ownership, and control of the Debtor directly at issue, allowing this proceeding to be heard alongside the Bankruptcy Case avoids piecemeal litigation and the risk of inconsistent determinations—for example, concerning whether the Debtor or particular property is property of the estate, the validity and extent of the asserted lien, and whether the automatic stay applies. And because both the 55th Judicial District Court and the transferee court sit in Texas, transfer to the Northern District of Texas preserves any state interest in resolving this controversy within Texas's borders while securing the efficiencies of centralized administration in the home court.

7.     The home-court presumption independently supports transfer. The court overseeing the Bankruptcy Case has familiarity with the Debtor, its assets, and the related disputes, and is the natural and most efficient forum for a proceeding that is related to and could affect that

case. Centralizing the proceeding in the home court conserves judicial resources and promotes the orderly and economical administration of the estate.

**B.  The convenience of the parties also favors transfer.**

8.     The principal stakeholders in the disposition of this dispute—including the Debtor, its estate, and the Receiver—are oriented to the administration of the Bankruptcy Case in the Northern District of Texas. Resolving the related claims in the same forum reduces duplicative proceedings and expense and permits coordinated management of overlapping issues. Both districts lie within the State of Texas, and any incremental inconvenience to the parties is minimal and is outweighed by the efficiencies of adjudicating this related proceeding in the home court.

**C.  Transfer is independently proper under 28 U.S.C. § 1404(a).**

9.     Even if the Court were to conclude that 28 U.S.C. § 1412 does not reach a non-core proceeding related to a case under title 11, transfer is independently proper under 28 U.S.C. § 1404(a), which permits the transfer of any civil action, for the convenience of parties and witnesses and in the interest of justice, to any district or division where it might have been brought. This proceeding might have been brought in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, because venue of a proceeding arising in or related to a case under title 11 lies in the district in which the bankruptcy case is pending. 28 U.S.C. § 1409(a). For the reasons stated above, the convenience of the parties and the interest of justice favor the transferee forum, and transfer under § 1404(a) is therefore warranted.

## IV.  REQUEST FOR HEARING

10.    In accordance with Fed. R. Bankr. P. 7087, the Removing Defendants request that the Court set this Motion for hearing and, after hearing, enter an order transferring this adversary

proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

## PRAYER

WHEREFORE, the Removing Defendants respectfully request that the Court grant this Motion, transfer this removed adversary proceeding to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, for administration in connection with the Bankruptcy Case, and grant such other and further relief to which the Removing Defendants may be entitled.

Respectfully submitted,

By: */s/ Justin Rayome*
JUSTIN RAYOME
State Bar No. 24130709
5882 Sugar Hill Dr.
Houston, Texas 77057
Tel: 214.934.9345
justin.rayome.law@gmail.com

**ATTORNEY FOR DEFENDANTS ALI CHOUDHRI AND
HOUSTON REAL ESTATE PROPERTIES, LLC**

## CERTIFICATE OF SERVICE

I certify that on the 21st day of June, 2026, a true and correct copy of the foregoing was served upon the following via the Court's CM/ECF system and/or by electronic mail and certified mail, return receipt requested:

Rodney L. Drinnon (SBN 24047841)
David L. Clark (SBN 24036367)
McCathern Houston
2000 West Loop S., Suite 1850
Houston, Texas 77027
rdrinnon@mccathernlaw.com; dclark@mccathernlaw.com
Counsel for Plaintiffs

Travis B. Vargo (SBN 24047027)
Michael Poynter (SBN 24092991)
Vargo Law Firm
12012 Wickchester, Suite 670
Houston, Texas 77079
tvargo@vargolawfirm.com; mpoynter@vargolawfirm.com; eservice@vargolawfirm.com
Receiver / Counsel for the Receiver

*/s/ Justin Rayome*
Justin Rayome